STATE OF MISSISSIPPI

LINCOLN COUNTY

    I, Dustin R. Bairfield, Clerk of the Circuit Court in and to the above mentioned county and state, do hereby certify the following attached <u>268</u> pages are a true and correct copy as appears on record in my office in cause

23-CV-646-LT-LS.

    Given under my hand and official seal of office this the 16th day of April, 2024.

Dustin R. Bairfield, Circuit Clerk

By: _Letitia Rice_____, Deputy Clerk

Exhibit A

Case: 43CI1:23-cv-00606    Document #: 1    Filed: 11/20/2023    Page 1 of 6

# COVER SHEET
## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

**Court Identification Docket #**

| Court # Judicial District (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|
| 4 3 1 4 | C I | 2 0 2 3 | 6 0 6 |

County # Judicial District    Court ID (CH, CI, CO)

**Local Docket ID**

| Month | Date | Year |
|---|---|---|
| 1 1 | 2 0 | 2 3 |

This area to be completed by clerk

Mississippi Supreme Court          Form AOC/01
Administrative Office of Courts     (Rev 2020)

Case Number if filed prior to 1/1/94

In the **CIRCUIT** ▼ Court of **LINCOLN** ▼ County — Judicial District

## Origin of Suit (Place an "X" in one box only)
- [ ] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** GIBSON — D'MONTERRIO

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Planintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** 1256 Junior Harper Rd Utica, MS 39175

**Attorney (Name & Address)** Carlos E. Moore, 306 Branscome Dr, P.O box 1487 Grenada MS 38902     **MS Bar No.** 100685

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Carlos E. Moore*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

**Business** FEDEX. TN
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

**Attorney (Name & Address) - If Known**     MS Bar No. _____

*[Stamp: DUSTIN R. FAIRFIELD, CIRCUIT CLERK  NOV 20 2023  By ___ D.C.]*

## Nature of Suit (Place an "X" in one box only)

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other _____

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other _____

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other _____

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other _____

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other _____

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other _____

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other _____

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other _____

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other _____

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [x] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other _____

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                          **PLAINTIFF**

**v.**                                          Civil Action No.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                          **DEFENDANTS**

### COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff D'Monterrio Gibson (hereinafter "Plaintiff"), by counsel, and files this *Complaint* against Federal Express Corporation, Brandon Case, Gregory Case, and Adcamp, Inc., to recover actual and punitive damages (against the individually-named Defendants) for Mississippi common law claims of negligence and intentional torts and would show unto the Honorable Court the following, to wit:

### PARTIES

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Hinds County, Mississippi.

2. Defendant Federal Express Corporation (hereinafter "Defendant FedEx") is a foreign corporation with its principal place of business in Tennessee, qualified to do business in the State of Mississippi, and it may be served with process upon its registered agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. Defendant Brandon Case (hereinafter "Defendant Brandon Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, MS 39601.

*[Circuit Clerk stamp: DUSTIN R. BAIRFIELD, CIRCUIT CLERK — NOV 20 2023 — By ___ D.C.]*

Exhibit A

4. Defendant Gregory Case (hereinafter "Defendant Gregory Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, MS 39601.

5. Defendant Adcamp, Inc., (hereinafter "Defendant Adcamp") is a profit corporation in good standing in the state of Mississippi with a principal office address of 1353 Flowood Drive, Flowood, Mississippi 39232. Adcamp's registered agent, Ralph Barnes, may be served with process at 1353 Flowood Drive, P.O. Box 54246, Jackson, Mississippi 39288 - 4246

## JURISDICTION and VENUE

6. This Court has jurisdiction over this action by Miss. Code Ann. §9-7-81, annotated, as amended, in that this cause of action is not made exclusively cognizable in some other Court by either the Constitution or the laws of this state and by the fact the principal amount in controversy exceeds Two Thousand Five Hundred Dollars ($2,500).

7. Venue in this Court is proper under Miss. Code Ann. §11-11-3, annotated, as amended, in that a substantial event that caused the injury occurred in Lincoln County, Mississippi.

## STATEMENT

8. Plaintiff D'Monterrio Gibson was acting within the scope of his employment with Defendant FedEx on January 24th, 2022, when he was civilly assaulted and battered by Defendants Brandon and Gregory Case. Defendants Brandon and Gregory essentially terrorized, shot at, and chased Mr. Gibson out of the Junior Trial neighborhood of Lincoln County, Mississippi. Following the assault of Mr. Gibson, the Defendant FedEx sent him back to work on the same dangerous route the

*DUSTIN R. BAIRFIELD, CIRCUIT CLERK*
*NOV 20 2023*
*By ____ D.C.*

Exhibit A

following day, intentionally inflicting emotional distress on the Plaintiff. Defendant Adcamp negligently entrusted a company vehicle to Gregory case, which was used to chase and hunt down Plaintiff. Justice for these acts is sought by this lawsuit.

### FACTS

9. This is a claim for State law negligence and intentional torts filed by Plaintiff. These violations caused severe pain and suffering to D'Monterrio Gibson on January 24th, 2022.

10. At all times material hereto, Defendant FedEx was the employer of Plaintiff D'Monterrio Gibson, an African-American male.

11. On January 24, 2022, Plaintiff was delivering packages as an employee of FedEx, in the Junior Trial neighborhood of Brookhaven, Mississippi (Lincoln County). Plaintiff arrived at the residential destination, delivered the package, and returned to his work truck.

12. When Plaintiff returned to his work truck, he noticed a white truck, driven by Defendant G. Case, and owned by Defendant Adcamp, speeding towards him from behind. Defendant G. Case began honking his horn.

13. Defendant G. Case recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work truck around them and continued driving.

14. At this point, Defendant B. Case is waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the vehicle. Plaintiff refused and drove around Defendant B. Case.

15. Defendant B. Case began to fire shots at Plaintiff as he was trying to get to safety.



Exhibit A

16. Defendants Brandon and Gregory Case proceeded to chase Plaintiff throughout the Junior Trial neighborhood and nearby to the main interstate/highway using the truck supplied by Defendant Adcamp.

17. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested that he call the police.

18. The supervisor wanted to wait until the following day to report the incident to the police, so Plaintiff had to call the police on his own.

19. Plaintiff went to the Brookhaven Police Department ("BPD") to make a report about the incident. An officer at the BPD took down notes and told Plaintiff that he would give it to his supervisor, Chief Collins, the following morning. The officer also asked that Plaintiff return to BPD the next morning with his supervisor.

20. Plaintiff returned to Defendant FedEx Richland, MS location when he left the Brookhaven Police Department.

21. Upon his arrival, Cressa (another employee of FedEx) began inspecting the van and taking photos. She observed many bullet holes inside the back of the van and the packages from Defendant B. Case's firearm. A bullet fragment was also found in the back of the van.

22. On January 25th, 2022, Plaintiff returned to work for Defendant FedEx. Plaintiff was provided an official "FedEx" vehicle this time, and he was asked not to speak with any News outlets. Additionally, Plaintiff was assigned to the same route as the day before, which included the Junior Trial neighborhood of Brookhaven, Mississippi.

Exhibit A

23. Plaintiff attempted to complete his work route, but due to experiencing severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working.

24. The same date, Plaintiff and a supervisor went to BPD for Plaintiff's statement. While at BPD, Plaintiff was taken back to the scene of the subject incident and waited in the police vehicle as police officials with individuals in the area about the incident.

25. Once Plaintiff and the supervisor were done at the Brookhaven Police Department, they returned to Defendant FedEx's Richland, Mississippi location. Plaintiff was asked to start his route, but he again informed the supervisor that he felt uncomfortable performing the route.

26. The following day, January 26th, 2022, Plaintiff began the medical leave process because of severe anxiety. He was told that he should see a therapist, and Defendant FedEx would cover eight (8) free sessions and two-weeks off without pay. Plaintiff began therapy sessions in February 2022.

27. Defendant FedEx was aware and fully recognized the amount of emotional distress Plaintiff was experiencing, Further, Defendant FedEx intentionally inflicted emotional distress by forcing Plaintiff to continue to work the same route that he was hunted and chased down just weeks prior.

**FIRST CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress against FedEx)**

28. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 27, inclusive, as if fully set forth herein.

Exhibit A

29. Defendant FedEx intentionally inflicted emotional distress by attempting to force Plaintiff to work the same route where the traumatic incident of January 24th, 2022, took place, and by demanding more than once that Plaintiff return to work following the January 24th, 2022 incident.

30. As a direct and proximate result of Defendant FedEx's intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to, depression, stress, anxiety, loss of sleep, and emotional pain and suffering.

31. Defendant FedEx's intentional infliction of emotional distress was outrageous, malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's mental and emotional health, entitling Plaintiff to an award of damages for the amount he continues to suffer.

## SECOND CAUSE OF ACTION
### (Civil Assault & Battery against Brandon & Gregory Case)

32. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. As a result of the individually-named Defendants Brandon Case, Gregory Case, and Chief Collins' actions, including the shooting at Mr. Gibson without justification, the Plaintiff was wrongfully assaulted without just or probable cause or provocation. These actions also resulted in the intentional inflectional of emotional distress. Chief Collins assaulted Plaintiff at a peaceful rally after the shooting.

34. As a result of the foregoing, the Plaintiff suffered serious mental issues, including severe anxiety, loss of sleep, depression, and emotional distress.

## THIRD CAUSE OF ACTION

Exhibit A

**(Negligent/Intentional Infliction of Emotional Distress against Brandon Case, Gregory Case)**

35. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. Plaintiff claims that he suffered serious emotional distress as a result of Defendants' actions and misconduct towards him.

37. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the negligent or intentional actions of Defendants.

## FOURTH CAUSE OF ACTION
**(General/Gross Negligence against Defendant Brandon & Gregory Case)**

38. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. Defendants Brandon and Gregory Case physically harassed, chased down, and fired shots at Plaintiff Gibson on January 24th, 2022, therein creating a significant fear and terror on the part of Mr. Gibson to date.

40. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. Plaintiff is also suffering from post-traumatic stress disorder as a result of the negligent actions of Defendants Case.

Exhibit A

### FIFTH CAUSE OF ACTION
**(Negligent Entrustment of a Motor Vehicle and Vicarious Liability against Adcamp)**

41. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. As a result of Defendant Adcamp's careless and negligent entrustment of a Company Motor Vehicle to employee Defendant Gregory Case, as well as the negligent hiring, supervision, training, and retention of Defendant Gregory Case, Plaintiff was hunted down in an Adcamp company vehicle driven by Defendant Gregory Case.

43. Defendant Adcamp is vicariously liable for the negligent or otherwise wrongful actions on the part of Defendant Gregory because of their Negligent Entrustment of a Motor Vehicle to Defendant Gregory.


**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, as well as Defendant FedEx, any and all damages allowed by State law including attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court and no less than $5,000,000.00.

This, the 16th day of November, 2023.

D'MONTERRIO GIBSON, Plaintiff

By: /s/ Carlos E. Moore

Carlos E. Moore, MSB# 100685

OF COUNSEL:
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487

DUSTIN R. BAIRFIELD, CIRCUIT CLERK
NOV 20 2023
By SW D.C.

Exhibit A

Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com



Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                **PLAINTIFF**

v.                                CAUSE NO.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                **DEFENDANTS**


### SUMMONS

STATE OF MISSISSIPPI
~~COUNTY OF BOLIVAR~~



TO:    Federal Express Corporation
       Registered Agent: CT Corporation System
       645 Lakeland East Drive, Suite 101
       Flowood, MS 39232

### NOTICE TO DEFENDANT(S)

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O. Box 1487, Grenada, Mississippi 38902. Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint,

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 20 day of November, 2023.

Dustin R. Bairfield

CLERK OF Lincoln Circuit

301 South First Street, Room 205
**ADDRESS**

Brookhaven   MS   39601
**CITY**          **STATE**   **ZIP CODE**

Sarah Walker, DC
**DEPUTY CLERK**



Exhibit A

## PROOF OF SERVICE-RETURN

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner, Federal Express Corporation, set forth below (process server must check proper space and provide additional information that is requested and pertinent to the mode of service used):

\_\_\_\_    First class mail and acknowledgements service. By mailing (by class mail, postage prepaid) on the date stated in the NOTICE, copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

\_\_\_\_    Personal Service. I personally delivered copies to _____ on the \_\_\_\_\_ day of _____, 2023, where I found said person in _____ County of the State of _____.

\_\_\_\_    Residence Service. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2023, at the usual place of abode of said person by leaving a true copy of the summons and complaint, with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be) a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the \_\_\_\_\_day of _____ 2023. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_    Certified Mail Service. By mailing to an address within or outside Mississippi (by first mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

STATE OF MISSISSIPPI
COUNTY OF _____
PERSONALLY appeared before me, the undersigned authority in and for the County and State aforesaid, the undersigned, who, being by me first duly sworn according to law, states that he/she completed the service in the manner herein above stated: that he/she is at least eighteen (18) years of age at the time service was made; and that he/she is not a party to the action.

_____     _____
Signature of Process Server                              Street, P.O. or Route Address

_____     _____
Telephone Number                                          City, State and Zip Code

SWORN TO AND SUBSCRIBED before me on this, the \_\_\_\_\_ day of _____, 2023.

_____
Signature of Notary Public

My Commission Expires: _____

[Seal: DUSTIN R. FAIRFIELD, CIRCUIT CLERK  NOV 20 2023  By SW D.C.]

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                             **PLAINTIFF**

v.                                          CAUSE NO.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                              **DEFENDANTS**



### SUMMONS

**STATE OF MISSISSIPPI**
~~COUNTY OF BOLIVAR~~

TO:    Brandon Case
       417 Junior Trail
       Brookhaven, MS 39601

### NOTICE TO DEFENDANT(S)

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O. Box 1487, Grenada, Mississippi 38902. Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint,

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 20 day of November, 2022. sw



Dustin R. Bairfield
CLERK OF Lincoln Circuit
301 South First Street, Room 205
**ADDRESS**
Brookhaven MS 39601
**CITY        STATE        ZIP CODE**
Sarah Walker, DC
**DEPUTY CLERK**

Exhibit A

## PROOF OF SERVICE-RETURN

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner, Brandon Case, set forth below (process server must check proper space and provide additional information that is requested and pertinent to the mode of service used):

\_\_\_\_\_ First class mail and acknowledgements service. By mailing (by class mail, postage prepaid) on the date stated in the NOTICE, copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

\_\_\_\_\_ Personal Service. I personally delivered copies to _____ on the _____ day of _____, 2022, where I found said person in _____ County of the State of _____.

\_\_\_\_\_ Residence Service. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint, with _____ who is the _____ (here insert wife, husband, son, daughter  or other person as the case may be) a member of the family of the person served above   the age of sixteen years and willing to receive the summons and complaint, and thereafter on the \_\_\_\_\_day of _____ 2022. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_\_ Certified Mail Service. By mailing to an address within or outside Mississippi (by first mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

STATE OF MISSISSIPPI
COUNTY OF _____

PERSONALLY appeared before me, the undersigned authority in and for the County and State aforesaid, the undersigned, who, being by me first duly sworn according to law, states that he/she completed the service in the manner herein above stated: that he/she is at least eighteen (18) years of age at the time service was made; and that he/she is not a party to the action.

_____        _____
Signature of Process Server        Street, P.O. or Route Address

_____        _____
Telephone Number        City, State and Zip Code

SWORN TO AND SUBSCRIBED before me on this, the \_\_\_\_\_ day of _____ 2022.

_____
Signature of Notary Public

My Commission Expires: _____

FAIRFIELD, CIRCUIT CLERK
DUSTIN R.
NOV 20 2023
By \_\_\_\_\_ D.C.

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**　　　　　　　　　　　　　　　　**PLAINTIFF**

v.　　　　　　　　　　　　　　　CAUSE NO.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**　　　　　　　　　　　　　　**DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
~~COUNTY OF BOLIVAR~~

TO:　　Gregory Case
　　　417 Junior Trail
　　　Brookhaven, MS 39601

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

　　　You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O. Box 1487, Grenada, Mississippi 38902. Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint,

　　　You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

　　　Issued under my hand and seal of said Court, this the ___20___ day of ___November___, 2023.

　　　　　Dustin R. Bairfield

　　　　　　　　　　　　　　CLERK OF Lincoln Circuit

　　　301 South First Street, Room 205
　　　　　　　　　　ADDRESS

　　　Brookhaven, MS 39601
　　　　　　　　　　CITY　　　　STATE　　　ZIP CODE

　　　　Sarah Walker, DC
　　　　　　　　DEPUTY CLERK

Exhibit A

### PROOF OF SERVICE-RETURN

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner, Gregory Case, set forth below (process server must check proper space and provide additional information that is requested and pertinent to the mode of service used):

_____ First class mail and acknowledgements service. By mailing (by class mail, postage prepaid) on the date stated in the NOTICE, copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____ Personal Service. I personally delivered copies to _____ on the _____ day of _____, 2023, where I found said person in _____ County of the State of _____.

_____ Residence Service. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2023, at the usual place of abode of said person by leaving a true copy of the summons and complaint, with _____ who is the _____ (here           insert wife, husband, son, daughter       or other person as the case may be) a member of the family of the person served above         the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____ 2023. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ Certified Mail Service. By mailing to an address within or outside Mississippi (by first mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

STATE OF MISSISSIPPI
COUNTY OF _____

PERSONALLY appeared before me, the undersigned authority in and for the County and State aforesaid, the undersigned, who, being by me first duly sworn according to law, states that he/she completed the service in the manner herein above stated: that he/she is at least eighteen (18) years of age at the time service was made; and that he/she is not a party to the action.

_____          _____
Signature of Process Server              Street, P.O. or Route Address

_____          _____
Telephone Number                        City, State and Zip Code

SWORN TO AND SUBSCRIBED before me on this, the _____ day of _____, 2023.

_____
Signature of Notary Public

My Commission Expires: _____

[Seal: DUSTIN R. FAIRFIELD, CIRCUIT CLERK    NOV 20 2023    By _____ D.C.]

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                          **PLAINTIFF**

**v.**                                   CAUSE NO.: 23-cv-646-LT

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                  **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
~~COUNTY OF BOLIVAR~~

TO:    Adcamp, Inc.
     Registered Agent:  Ralph Barnes
     1353 Flowood Drive, P. O. Box 54246
     Jackson, MS 39288-4246l
     Brookhaven, MS 39601



Issued
NOV 20 2023
By SW D.C.

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O. Box 1487, Grenada, Mississippi 38902. Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint,

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the ___22___ day of ___November___, 2023.

Dustin R. Bairfield

CLERK OF Lincoln Circuit

301 South First Street, Room 205
**ADDRESS**

Brookhaven MS 39601
**CITY            STATE        ZIP CODE**

Sarah Walker, DC
**DEPUTY CLERK**



Exhibit A

## PROOF OF SERVICE-RETURN

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner, ADCAMP, Inc, set forth below (process server must check proper space and provide additional information that is requested and pertinent to the mode of service used):

_____ First class mail and acknowledgements service. By mailing (by class mail, postage prepaid) on the date stated in the NOTICE, copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____ Personal Service. I personally delivered copies to _____ on the _____ day of _____, 2023, where I found said person in _____ County of the State of _____.

_____ Residence Service. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2023, at the usual place of abode of said person by leaving a true copy of the summons and complaint, with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be) a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____day of _____ 2023. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ Certified Mail Service. By mailing to an address within or outside Mississippi (by first mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

STATE OF MISSISSIPPI
COUNTY OF _____

PERSONALLY appeared before me, the undersigned authority in and for the County and State aforesaid, the undersigned, who, being by me first duly sworn according to law, states that he/she completed the service in the manner herein above stated: that he/she is at least eighteen (18) years of age at the time service was made; and that he/she is not a party to the action.

_____          _____
Signature of Process Server          Street, P.O. or Route Address

_____          _____
Telephone Number                          City, State and Zip Code

SWORN TO AND SUBSCRIBED before me on this, the _____ day of _____, 2023.

_____
Signature of Notary Public

My Commission Expires: _____

DUSTIN R. BAIRFIELD, CIRCUIT CLERK
NOV 20 2023
By _____ SW _____ D.C.

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'Monterrio Gibson,

    Plaintiff

vs.                                                            Cause No. 23-cv-646-LT

Federal Express Corporation,
Brandon Case, Gregory Case,
And Adcamp, Inc.

    Defendants.

**NOTICE OF APPEARANCE OF COUNSEL**

**TO: ALL COUNSEL OF RECORD**

    Now into Court comes the undersigned and enters his appearance as counsel for Defendant,

Gregory Case, and requests that all pleadings and notices directed to said Defendant be sent to the

undersigned at his usual mailing address of 1675 Highway 80 E, Flowood, MS 39232 or

kannan@stubbsms.com.

                        RESPECTFULLY SUBMITTED,

                        s/Kannan Stubbs
                        Counsel for Defendant, Gregory Case

Kannan Stubbs (MSB# 103492)
John Scarborough (MSB# 106515)
1675 Highway 80 E
Flowood, MS 39232
P. 601-203-1653
F. 601-203-3165
kannan@stubbsms.com

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

> Carlos E Moore, Esquire
> cmoore@cochranfirm.com
>
> *Attorney for Plaintiff*

Further, I hereby certify that I have this day delivered by U.S. Mail the foregoing document to the following non-MEC participants:

> None

This the 11th day of December, 2023.

> s/Kannan Stubbs
> KANNAN STUBBS (MSB#103492)

Exhibit A

# IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                    PLAINTIFF

v.                                                          CAUSE NO.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                        **DEFENDANTS**

## SUMMONS

STATE OF MISSISSIPPI
~~COUNTY OF BOLIVAR~~

TO:     Adcamp, Inc.
        Registered Agent: Ralph Barnes
        1353 Flowood Drive, ~~P.O. Box 54246~~
        ~~Jackson, MS 39288-42461~~   Flowood, MS 39232
        ~~Brookhaven, MS 39601~~

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of a written response to the Complaint
to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O.
Box 1487, Grenada, Mississippi 38902. Your response must be mailed or hand-delivered within
thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by
default will be entered against you for the money or other things demanded in the Complaint,

        You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

        Issued under my hand and seal of said Court, this the ___20___ day of ___November___,
2023.

                                        _Dustin R. Bairfield_

                                        CLERK OF _Lincoln Circuit_

                                        _301 South First Street, Room 205_
                                        ADDRESS

                                        _Brookhaven   MS   39601_
                                        CITY          STATE      ZIP CODE

                                        _Sarah Walker, DC_
                                        DEPUTY CLERK

(SEAL) CIRCUIT COURT LINCOLN COUNTY

RECEIVED
DEC 05 2023
RANKIN CO. SHERIFF DEPT.

Exhibit A

*12/6 Debbie Johnson*

**STATE OF MISSISSIPPI**
**COUNTY OF RANKIN**
I have this day executed the within writ by personally
delivering true copies of the summons and complaint

to ___Debbie Johnson for Ralph Banner___

_____

This the _16th_ day of ___December___, 20 _23_

        **BRYAN BAILEY, SHERIFF**

BY_____ _M. Sarmgunsh Reo_ D.S.

Exhibit A

231646

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**

**PLAINTIFF**

v.

CAUSE NO.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.**

**DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI
~~COUNTY OF BOLIVAR~~

TO:    Gregory Case
        417 Junior Trail
        Brookhaven, MS 39601

#### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Carlos
E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O. Box 1487, Grenada,
Mississippi 38902. Your response must be mailed or hand-delivered within thirty (30) days from the date
of delivery of this Summons and Complaint or a judgment by default will be entered against you for the
money or other things demanded in the Complaint,

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and seal of said Court, this the ___20___ day of ___November___,
2023.

Dustin R. Bairfield

CLERK OF _Lincoln Circuit_

(SEAL)    301 South First Street, Room 205
                                ADDRESS

Brookhaven MS 39601
CITY            STATE        ZIP CODE

Sarah Walker, DC
DEPUTY CLERK

Exhibit A

PROOF OF SERVICE-RETURN

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner, Gregory Case, set forth below (process server must check proper space and provide additional information that is requested and pertinent to the mode of service used):

_____ First class mail and acknowledgements service. By mailing (by class mail, postage prepaid) on the date stated in the NOTICE, copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

__✓__ Personal Service. I personally delivered copies to _Gregory Case_ on the _10_ day of _Dec_, 2023, where I found said person in _____ County of the State of _Lincoln_.

_____ Residence Service. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2023, at the usual place of abode of said person by leaving a true copy of the summons and complaint, with _____ who is the _____

(here                  insert wife, husband, son, daughter    or other person as the case may be) a member of the family of the person served above      the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____ 2023. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ Certified Mail Service. By mailing to an address within or outside Mississippi (by first mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

STATE OF MISSISSIPPI
COUNTY OF _Lincoln_____

PERSONALLY appeared before me, the undersigned authority in and for the County and State aforesaid, the undersigned, who, being by me first duly sworn according to law, states that he/she completed the service in the manner herein above stated: that he/she is at least eighteen (18) years of age at the time service was made; and that he/she is not a party to the action.

_Charles R Smith Ltel_____                    _____
Signature of Process Server                        Street, P.O. or Route Address

_601-833-5231_____                              _____
Telephone Number                                  City, State and Zip Code

SWORN TO AND SUBSCRIBED before me on this, the _11th_ day of _December_, 2023.

_Amanda Warren_____
Signature of Notary Public

My Commission Expires: _Oct 12, 2027_

Exhibit A

*Return - 230646*

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**

**v.**

**PLAINTIFF**

CAUSE NO.: 23-CV-646-LT

**FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.**

**DEFENDANTS**

## SUMMONS

STATE OF MISSISSIPPI
~~COUNTY OF BOLIVAR~~

TO:    Brandon Case
       417 Junior Trail
       Brookhaven, MS 39601

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint
to Carlos E. Moore, the attorney for the Plaintiff, whose address is 306 Branscome Drive, P.O.
Box 1487, Grenada, Mississippi 38902. Your response must be mailed or hand-delivered within
thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by
default will be entered against you for the money or other things demanded in the Complaint,

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and seal of said Court, this the __20__ day of __November__,
2022. SW

_Dustin R. Bairfield_

CLERK OF _Lincoln Circuit_

_301 South First Street, Room 205_
ADDRESS

_Brookhaven MS 39601_
CITY          STATE          ZIP CODE

_Sarah Walker, DC_
DEPUTY CLERK

(SEAL)

RECEIVED

---

Exhibit A

DEC 04 2023

## PROOF OF SERVICE-RETURN

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner, Brandon Case, set forth below (process server must check proper space and provide additional information that is requested and pertinent to the mode of service used):

_____ First class mail and acknowledgements service. By mailing (by class mail, postage prepaid) on the date stated in the NOTICE, copies of the form of notice and acknowledgement and return envelope, postage prepaid, addresses to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___✓___ Personal Service. I personally delivered copies to _Brandon Ca___ on the __6__ day of _Dec___, 2022, where I found said person in _Linc___ County of the State of _Mississippi_.

_____ Residence Service. After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint, with _____ who is the _____ (here insert wife, husband, son, daughter  or other person as the case may be) a member of the family of the person served above   the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____day of _____ 2022. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ Certified Mail Service. By mailing to an address within or outside Mississippi (by first mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served.)

STATE OF MISSISSIPPI
COUNTY OF _Mississippi_

PERSONALLY appeared before me, the undersigned authority in and for the County and State aforesaid, the undersigned, who, being by me first duly sworn according to law, states that he/she completed the service in the manner herein above stated: that he/she is at least eighteen (18) years of age at the time service was made; and that he/she is not a party to the action.

_____          _215 Justice Street_
Signature of Process Server          Street, P.O. or Route Address

_601-833-7782_          _Brookhaven, MS 39601_
Telephone Number          City, State and Zip Code

SWORN TO AND SUBSCRIBED before me on this, the _6th_ day of _December_, 2023.

_Amanda Warren_
Signature of Notary Public

My Commission Expires: _____

STATE OF MISSISSIPPI
AMANDA WARREN
NOTARY PUBLIC
Lincoln County
Commission Expires
October 12, 2027
COMMISSION NUMBER

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

|  |  |  |
|---|---|---|
| D'MONTERRIO GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:23-cv-646-LT |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| BRANDON CASE, GREGORY CASE, | ) | |
| and ADCAMP, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT FEDERAL EXPRESS CORPORATIONS'S ANSWER
### TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant Federal Express Corporation ("FedEx"), pursuant to Rule 12

of the Mississippi Rules of Civil Procedure, and submits its Answer and Affirmative Defenses to

Plaintiff D'Monterrio Gibson's ("Plaintiff") Complaint as follows:

### PARTIES

1.    Upon information and belief, FedEx admits the allegations contained in Paragraph

1 of the Complaint.

2.    FedEx admits it is a foreign corporation, incorporated in the State of Delaware and

its principal place of business is located in Memphis, Tennessee. FedEx admits that it may be

served through CT Corporation System.

3.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 3

of the Complaint.

4.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 4

of the Complaint.

Exhibit A

5.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION and VENUE

6.    FedEx admits that this court has jurisdiction over this action.

7.    FedEx admits that venue is proper in this court.

## STATEMENT

8.    FedEx admits that Plaintiff was working within the scope of his employment at FedEx on January 24, 2022 when he encountered Defendants Brandon and Gregory Case.  FedEx denies that it intentionally inflicted emotional distress on Plaintiff by sending him back to the same route.  FedEx has no knowledge to admit or deny the remaining allegations in Paragraph 8 of the Complaint.

## FACTS

9.    Paragraph 9 of the Complaint contains legal conclusions, which do not require a response from FedEx.

10.    FedEx admits the allegations contained in Paragraph 10 of the Complaint.

11.    Upon information and belief, FedEx admits the allegations contained in Paragraph 11 of the Complaint.

12.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

Exhibit A

15.    Upon information and belief, FedEx admits that shots were fired at the vehicle Plaintiff was driving to deliver FedEx packages. FedEx has no knowledge to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.    FedEx has no knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.    FedEx admits that Plaintiff contacted a FedEx supervisor to report the incident. FedEx has no knowledge to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint.

18.    FedEx denies the allegations contained in Paragraph 18 of the Complaint.

19.    FedEx admits that a FedEx supervisor accompanied Plaintiff to the police department after the incident. FedEx has no knowledge to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.    FedEx admits that Plaintiff returned to the FedEx station after the incident. FedEx has no knowledge to admit or deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.    FedEx has no knowledge to admit or deny that the bullets were from Defendant Brandon Case's firearm. FedEx admits the remaining allegations contained in Paragraph 21 of the Complaint, but avers that the employee referred to as "Cressa" is Crecca Williams.

22.    FedEx admits that Plaintiff returned to work on January 25, 2022 and was assigned a FedEx vehicle. FedEx denies Plaintiff was assigned the same route and further denies the route included the Junior Trail neighborhood.

Exhibit A

23.    FedEx admits that Plaintiff informed FedEx that he felt uncomfortable performing his normal courier route.  FedEx denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.    FedEx admits a FedEx supervisor accompanied Plaintiff to the police department. The remaining allegations contained in Paragraph 24 of the Complaint are unintelligible.

25.    FedEx admits that Plaintiff informed his supervisor that he did not want to perform his normal courier route.  FedEx denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.    FedEx admits that it granted medical leave to Plaintiff and assisted him with the medical leave process, but denies this occurred on January 26, 2022.  FedEx further admits that it paid for Plaintiff's therapy sessions.  FedEx denies the remaining allegations contained in Paragraph 26 of the Complaint and affirmatively avers that FedEx paid Plaintiff his guaranteed minimum compensation for weeks while Plaintiff was on leave.

27.    FedEx denies the allegations contained in Paragraph 27 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress against FedEx)**

28.    FedEx adopts and incorporates its answers to all preceding Paragraphs above as though fully set forth herein.

29.    FedEx denies the allegations contained in Paragraph 29 of the Complaint.

30.    FedEx denies the allegations contained in Paragraph 30 of the Complaint.

31.    FedEx denies the allegations contained in Paragraph 31 of the Complaint.

Exhibit A

## SECOND CAUSE OF ACTION
### (Civil Assault & Battery against Brandon & Gregory Case)

32.     FedEx adopts and incorporates its responses to all preceding Paragraphs above as though fully set forth herein.

33.     FedEx has no knowledge to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.     FedEx has no knowledge to admit or deny the allegations contained in Paragraph 34 of the Complaint.

## THIRD CAUSE OF ACTION
### (Negligent/Intentional Infliction of Emotional Distress against Brandon Case, Gregory Case)

35.     FedEx adopts and incorporates its responses to all preceding Paragraphs above as though fully set forth herein.

36.     Paragraph 36 of the Complaint does not require an answer from FedEx.

37.     FedEx has no knowledge to admit or deny the allegations contained in Paragraph 37 of the Complaint.

## FOURTH CAUSE OF ACTION
### (General/Gross Negligence against Defendant Brandon & Gregory Case)

38.     FedEx adopts and incorporates its responses to all preceding Paragraphs above as though fully set forth herein.

39.     FedEx has no knowledge to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40.     FedEx has no knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint.

Exhibit A

## FIFTH CAUSE OF ACTION
### (Negligent Entrustment of a Motor Vehicle and Vicarious Liability against Adcamp)

41.     FedEx adopts and incorporates its responses to all preceding Paragraphs above as though fully set forth herein.

42.     FedEx has no knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint calls for a legal conclusion.

## PLAINTIFF'S PRAYER FOR RELIEF

FedEx Express denies liability on all of Plaintiff's claims against it and further denies Plaintiff is entitled to relief from FedEx in any amount under any theory of liability.

## AFFIRMATIVE DEFENSES

Having answered Plaintiff's Complaint in its entirety, FedEx asserts the following affirmative defenses:

1.     Plaintiff's damages sought from FedEx are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. See Miss. Code Ann. § 71-3-9; Bailey v. Lockheed Martin Corp., 432 F. Supp. 2d 665, 668 (S.D. Miss. 2005) (dismissing IIED claim because of workers' compensation exclusivity).

2.     Plaintiff's Complaint fails to state a claim for relief against FedEx that is facially plausible upon which relief may be granted.

3.     Plaintiff's claim against FedEx is barred by the doctrine of accord and satisfaction. See the Mississippi Workers' Compensation Commission's Order Approving Compromise Settlement and Dismissal With Prejudice, attached as Exhibit A.

4.     FedEx's alleged conduct was lawful and consistent with community standards.

Exhibit A

5.    FedEx's alleged conduct of which Plaintiff complains is part of the normal risk of the employment relationship.

6.    Plaintiff's alleged emotional distress arising from FedEx's alleged employment action was not reasonably foreseeable.  See Wilson v. Gen. Motors Acceptance Corp., 883 So. 2d 56, 64 (Miss. 2004) ("[T]he emotional distress must be proved to be a reasonably foreseeable result of the defendant's conduct.")

7.    FedEx's alleged conduct does not rise to the threshold level of outrageous and extreme conduct that goes beyond all possible bounds of decency and utterly intolerable in a civilized community to sustain an intentional infliction of emotional distress claim.  See Clark v. Luvel Dairy Products, Inc., 821 So. 2d 827 (Miss. Ct. App. 2001).

8.    Plaintiff's IIED claim is not recoverable in this alleged employment dispute.  See Clark v. Luvel Dairy Products, Inc., 821 So. 2d 827, 831 (Miss. Ct. App. 2001); Prunty v. Arkansas Freightways, Inc., 16 F.3d 649, 654 (5th Cir. 1994) ("Only in the most unusual cases does the conduct move out of the realm of an ordinary employment dispute, into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress.")

9.    Plaintiff's claim against FedEx is misjoined with the other defendants and claims against them in this lawsuit.

10.    Plaintiff's claims are barred by the applicable statute of limitations and/or barred by the contractual limitations provision in Plaintiff's employment agreement.

11.    To the extent Plaintiff alleges that any actions or omissions attributed to FedEx were intentional and warrant punitive damages, such damages violate FedEx's right to procedural due process under the Fourteenth Amendment to the U.S. Constitution and under the Constitution of the State of Mississippi.  It further violates FedEx's right to protection from excessive fines as

Exhibit A

provided in the Eighth Amendment to the U.S. Constitution as well as Defendant's right to

substantive due process as provided in the Fifth and Fourteenth Amendments to the U.S.

Constitution and all pertinent provisions of the Constitution of the State of Mississippi.

    12.    FedEx reserves the right to assert further affirmative defenses as they become

evident through discovery or investigation.

    **WHEREFORE,** having fully answered, Defendant FedEx prays that this Court enter

judgment in its favor and that Defendant FedEx recover against Plaintiff all costs, expenses and

reasonable attorneys' fees incurred by Defendant, and such other and further relief as the Court

deems just and proper.

                                    Respectfully submitted,

                                    *s/ Michael Williams*
                                    Michael Williams (MS Bar #104537)
                                    **BRADLEY ARANT BOULT CUMMINGS LLP**
                                    One Jackson Place
                                    188 E. Capitol Street, Suite 1000
                                    Jackson, MS 39201
                                    Phone: 601-592-9918
                                    Email: mcwilliams@bradley.com

                                    *Counsel for Defendant Federal Express Corporation*

8

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, a copy of the foregoing was served on the parties listed below via the Court's CM/ECF system:

Carlos E. Moore, Esq.
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cochranfirm.com

*Counsel for Plaintiff*

*s/ Michael Williams*

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-1    Filed 04/17/24    Page 37 of 135

Proposed Settlement Package- Gibson1106132108.pdf
Page 19 of 22

Submitted By GAUTIER, VIRGINIA S
Filed On. Mon Nov 6 13 21 08 2023

Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 1 of 4

## BEFORE THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION
### MWCC NO. 2201473-R-5770-C

**D'MONTERRIO GIBSON**                                      **CLAIMANT**

**V.**

**FEDEX EXPRESS**                              **EMPLOYER/SELF-INSURED**

### ORDER APPROVING COMPROMISE SETTLEMENT
### AND DISMISSAL WITH PREJUDICE

This cause came on this day for hearing before the Mississippi Workers' Compensation Commission at its offices in Jackson, Mississippi, on the sworn Petition of Claimant, D'Monterrio Gibson, seeking authority for and approval of a compromise settlement as set out in the Petition for Approval of Compromise Settlement. The Petition was joined by the Employer/Self-Insured, as proper under the Mississippi Workers' Compensation Law.

The Commission has examined the Petition for Approval of Compromise Settlement ("Petition") and the lump sum compromise settlement proposed therein and has received evidence concerning same. The Commission finds that Claimant is fully aware of the medical opinions of each of his treating physicians/counselors as well as the consequences of his actions in compromising and settling his claim on the bases set forth in the Petition. The Commission finds that Claimant is represented by competent counsel; is fully advised in the premises and is of the opinion that the lump sum compromise settlement is just, fair, and proper; and that the prayer of the Petition should be granted.

The Commission finds that Claimant has represented to the Employer/Self-Insured and to this Commission that he is not a recipient of Social Security benefits of any kind, Medicare benefits or Medicaid benefits, and that Claimant has further represented that he has no reasonable expectation of Medicare enrollment within 30 months of the settlement date. The Commission

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-1    Filed 04/17/24    Page 38 of 135

Proposed Settlement Package- Gibson1106132108 pdf
Page 20 of 22

Submitted By. GAUTIER, VIRGINIA S.
Filed On: Mon, Nov 6 13 21 08 2023

Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 2 of 4

further finds that any Medicaid or Medicare benefits which may have been paid on Claimant's behalf did not relate to the physical condition in issue in this case.

The Commission finds that Claimant, and the Employer/Self-Insured, have a bona fide dispute and disagreement as to the extent of loss of wage earning capacity, loss of use and/or permanent disability, if any, suffered by Claimant as a result of the alleged accidental injuries set out in the Petition, and finds that the extent of loss of wage earning capacity, loss of use and/or permanent disability, if any, is not susceptible of proof as to the exact extent thereof, and that the case is a proper one for disposition under the provisions of the Mississippi Workers' Compensation Law.

This Commission further finds and orders that the Employer/Self-Insured has agreed to pay all unpaid medical bills incurred by Claimant with Healing Minds of Clinton, Mississippi through the date of the Petition for Approval of Compromise Settlement for treatment rendered to Claimant that is reasonably related to Claimant's January 24, 2022 work accident and that is medically necessary in accordance with the Fee Schedule of the Mississippi Workers' Compensation Commission and the Mississippi Workers' Compensation Law. The Commission further finds that the parties have agreed that the Employer/Self-Insured and/or its third party administrator has the sole right to negotiate any subrogation/reimbursement claim with the Mississippi Victim Compensation Program/Fund or other agency or medical provider seeking reimbursement or otherwise subrogating for medical bills, counseling, or treatment/expenses of any kind paid to Healing Minds and/or any other medical bills paid to or on behalf of Claimant related to Claimant's January 24, 2022 work accident.

IT IS, THEREFORE, ORDERED, that said compromise settlement proposed in the Petition should be, and the same is hereby approved as being for the best interest of Claimant.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-1    Filed 04/17/24    Page 39 of 135    Submitted By CROTIER, VIRGINIA S.
Proposed Settlement Package- Gibson1106132108.pdf
Page 21 of 22

Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 3 of 4
Filed On: Mon Nov 6 13 21 08 2023

IT IS FURTHER ORDERED that upon payment of the sum of One Hundred and Fifty Nine Thousand and Nine Hundred Dollars ($159,900.00), to Claimant, the Employer/Self-Insured shall stand discharged of any other or further liability to Claimant or his providers of medical care, including, but not limited to, liability for any and all accidental injuries or occupational injuries or diseases, whether mental or physical, heretofore sustained by Claimant while in the employ of the Employer/Self-Insured and of the effects thereof and any and all medical or other expenses associated therewith, and Claimant is hereby authorized and empowered to execute such release as the Employer/Self-Insured require to evidence the complete release, acquittance and discharge herein of any liability of the Employer/Self-Insured under the Mississippi Workers' Compensation Law. Claimant is authorized to pay Carlos E. Moore, Esq./The Moore Law Group, being his attorneys, an amount equal to $39,975.00 out of the proceeds of said settlement.

IT IS FURTHER ORDERED that this claim is hereby dismissed with prejudice.

SO ORDERED on _____ NOV 13 2023 _____.

MISSISSIPPI WORKERS' COMPENSATION COMMISSION

By: _____
MARK FORMBY

_____
BETH HARKINS ALDRIDGE

_____
MARK HENRY

MWCC No. 2201473-R-5770-C

ATTEST:

_____
JOYCE WELLS, SECRETARY

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-1    Filed 04/17/24    Page 40 of 135

Proposed Settlement Package- Gibson1106132108.pdf
Page 22 of 22

Submitted By: GAUTIER, VIRGINIA S.
Filed On: Mon Nov  6 13 21 08 2023

Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 4 of 4

READ AND APPROVED:


*/s/ Virginia S. Gautier*
VIRGINIA S. GAUTIER (MSB #10334)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, MS 39205-0651
Tel:      (601) 968-5500
Fax:      (601) 968-5593
E-Mail: vsg@wisecarter.com
Attorney for Employer and Carrier



READ AND APPROVED:

Carlos E. Moore, Esq. (MSB #100685)
THE COCHRAN FIRM/ MOORE LAW GROUP
P.O. Box 1487
Grenada, MS 38902
Tel: (662) 227-9940
Fax: (662) 227-9941
Email:  cmoore@cochranfirm.com
*Attorney for Claimant*

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

|  |  |  |
|---|---|---|
| D'MONTERRIO GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:23-cv-646-LT |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| BRANDON CASE, GREGORY CASE, | ) | |
| and ADCAMP, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO SEVER

Pursuant to Mississippi Rules of Civil Procedure ("M.R.C.P.") 20, 21, and 42(b), Defendant Federal Express Corporation ("FedEx") moves the Court to sever FedEx and Plaintiff's intentional infliction of emotional distress claim against FedEx from this lawsuit because Plaintiff misjoined FedEx. Plaintiff failed to meet the requirements of M.R.C.P. 20(a) to properly join FedEx in this lawsuit, and M.R.C.P. 21 and 42(b) grant the Court authority to sever a misjoined case.

Respectfully submitted,

_s/ Michael Williams_____
Michael Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Phone: 601-592-9918
Email: mcwilliams@bradley.com

_Counsel for Defendant Federal Express Corporation_

1

Exhibit A

### CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, a copy of the foregoing was served on the parties listed below via the Court's CM/ECF system:

Carlos E. Moore, Esq.
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cochranfirm.com

*Counsel for Plaintiff*

*s/ Michael Williams* _____

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| D'MONTERRIO GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:23-cv-646-LT |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| BRANDON CASE, GREGORY CASE, | ) | |
| and ADCAMP, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT FEDERAL EXPRESS CORPORATION'S
### MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER

Pursuant to Mississippi Rules of Civil Procedure 20, 21, and 42(b), Defendant Federal Express Corporation ("FedEx") moves the Court to sever FedEx and Plaintiff's claims against FedEx from this lawsuit. Generally, if a trial court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions. See Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000).[1]

For strategic purposes and his own convenience, Plaintiff impermissibly lumped three separate and divergent lawsuits into one, yet made no substantive allegations of any commonality among this diverse group of defendants or the claims against them. Mississippi Rule of Civil Procedure 21 grants the Court authority to sever a misjoined case. Rule 21 reads, in pertinent part, - "Parties may be dropped . . . by order of the court on motion of any party or of its own initiative

---

[1] The language of Federal Rule of Civil Procedure 20(a) is identical to M.R.C.P. 20. Therefore, in addition to citing Mississippi case law, FedEx cites to federal case law in this memorandum as persuasive authority.

## Exhibit A

at any stage of the action and on such terms as are just." M.R.C.P. 21. And, the Advisory

Committee Notes advise that "Rule 21 applies, for example, when the joined parties do not meet

the requisites of Rule 20. . . ." M.R.C.P. 21, Advisory Committee Notes.

**A.    Summary Of Plaintiff's Allegations And Claims Against The Respective Defendants**

Plaintiff's indiscriminate and scattered lawsuit should be severed because his Complaint

alleges that (1) Co-Defendant Adcamp negligently hired Defendant Gregory Case and entrusted

him with a company vehicle; (2) Co-Defendants Brandon and Gregory Case assaulted and battered

Plaintiff; and (3) Co-Defendant FedEx intentionally inflicted emotional distress on Plaintiff by

requesting he perform his regular job duties.

To be clear, FedEx is not objecting to multiple claims being filed against a single defendant

in this lawsuit. Pursuant to Mississippi Rule of Civil Procedure 18(a), multiple claims against a

single party are allowed, but "Claim A against Defendant 1 should not be joined with unrelated

Claim B against Defendant 2. Unrelated claims against different defendants belong in different

suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Brooks-Albrechtsen v. city of

Indianapolis, No. 1:15-cv-00786, 2015 U.S. Dist. LEXIS 156902, *2 (S.D. Ind. Nov. 19, 2015)

("Rule 18 allows joinder of multiple parties only when the allegations against them involve the

same conduct or transaction and common questions of fact and law as to all defendants."); see also

M.R.C.P 18(a).

1.  Plaintiff's Allegations and Claims Against Individual Defendants Brandon and
    Gregory Case ("the Case Defendants")

Plaintiff alleges that, on January 24, 2022, the Case Defendants shot at and chased him out

of the Junior Trail neighborhood in Brookhaven, Mississippi in a vehicle, while he was performing

his FedEx courier route (the "shooting incident"). See Complaint, ¶ 8, 11 - 16. Based on these

allegations, Plaintiff asserts claims against the Case Defendants of statutory civil assault and

**Exhibit A**

battery, common law negligent and intentional infliction of emotional distress, and common law gross negligence. See Complaint, ¶ 32 – 40.

  2. Plaintiff's Allegations and Claims Against Corporate Defendant Adcamp

  Plaintiff alleges that, at some unspecified date and time, Defendant Adcamp hired Defendant Gregory Case and provided him with a company vehicle used during the shooting incident. See Complaint, ¶ 16, 42. Based on this allegation, Plaintiff asserts a common law negligent hiring claim and alleges an ill-defined vicarious liability theory against Defendant Adcamp. See Complaint, ¶ 42- 43.

  3. Plaintiff's Claims Against Corporate Defendant FedEx

  Plaintiff alleges, the day following the shooting incident, FedEx asked him to perform his normal route and he declined because he felt "uncomfortable."[2] See Complaint, ¶ 22 – 23, 25 – 26. Subsequently, FedEx granted Plaintiff's request to take a medical leave of absence. Based on these allegations, Plaintiff asserts a common law intentional infliction of emotional distress ("IIED") claim against FedEx. See Complaint, ¶ 28 – 29.

**B. Plaintiff's Complaint Does Not Comply With Mississippi Rule of Civil Procedure 20(a).[3]**

  Plaintiff's Complaint violates the misjoinder of parties limitation in Mississippi Rule of Civil Procedure 20(a), which reads, in pertinent part –

   All persons may be joined in one action as defendants if [1] there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the

---

[2] FedEx denies Plaintiff's allegation that FedEx asked him to perform his normal courier route the day after the shooting incident, but the Court can grant FedEx's motion to sever even assuming Plaintiff's allegations in the Complaint are true.

[3] Cases involving the propriety of Rule 20(a) should be reviewed on a case-by-case basis. See Miss. Farm Bureau Fed'n v. Roberts, 927 So. 2d 739, 741 (Miss. 2006).

Exhibit A

same transaction, occurrence, or series of transactions or occurrences, and [2] if any question of law or fact common to all defendants will arise in the action.

M.R.C.P. 20(a). Both prongs of Rule 20(a) must be established before joinder is proper. See Advisory Committee Notes to Miss. R. Civ. P. 20; see also Miss. Farm Bureau Fed'n, 927 So. 2d at 741 (citing Wyeth-Ayerst Laboratories v. Caldwell, 905 So.2d 1205, 1207 (Miss. 2005) ("Both of these prongs of Rule 20(a) must be met in order to deny a motion for severance."))

Plaintiff does not establish the first prong of Rule 20(a). Under Rule 20, a right to relief arising out of the same transaction or occurrence "requires that there be a distinct litigable event linking the parties." See Advisory Committee Notes to Miss. R. Civ. P. 20; see also Wyeth-Ayerst laboratories, 905 So. 2d at 1208 (Before an alleged "transaction or occurrence" will pass muster under Rule 20(a), a court must find a "distinct litigable event linking the parties.") The determination of whether such an event exists includes, among other things,

(1) whether a finding of liability against one defendant essentially establishes a finding for all defendants, indicating that proof common to all defendants is significant;
(2) whether the claims against the defendants arise out of separate allegations of wrongdoing;
(3) whether different witnesses and documentary proof are required for separate claims;
(3) whether the alleged wrongdoing occurred at separate times;
(4) whether the claims against the defendants involve different factual issues;
(5) whether the claims against the defendants involve different legal issues; and
(6) whether Plaintiff's claims for damages are highly individualized.

See Miss. Farm Bureau Fed'n, 927 So. 2d at 741; Miss. Crime Lab. v. Douglas, 70 S. 3d 196, 201 (Miss. 2011) (severing defendants from same lawsuit, in part, because "a finding of liability against one defendant does not impute liability to all defendants . . . ."); Hegwood v. Williamson, 949 So. 2d 728, 730 (Miss. 2007); Thompson v. Ingalls Shipbuilding, No. 1:01CV111-LG-RHW, 2006 U.S. Dist. LEXIS 58117, *8 (S.D. Miss. Aug. 17, 2006).

Under the Mississippi Supreme Court's clarification of "distinct litigable event," there is no litigable event linking all defendants in this case. First, assuming Plaintiff establishes liability

Exhibit A

against the other three co-defendants, those findings will have no bearing on establishing liability against FedEx.  Indeed, none of the claims Plaintiff asserts invoke joint and several liability.  See Complaint.  See Southwest Fair Hous. Council v. WG Chandler Villas SH LLC, No. CV-18-00210-TUC-Rm, 2019 U.S. Dist. LEXIS 51738, *8 (D. Ariz. Mar. 27, 2019) (granting a motion to sever pursuant to Federal Rule of Civil Procedure 20(a), in part, because "Plaintiff's ability to establish liability against any one Defendant will have no bearing on its ability to establish liability against any other Defendant.")  Furthermore, Plaintiff does not (and cannot in good faith) allege a concert of action among the various defendants to unite in an adverse employment action, assault, battery, negligence, or any other tort.  See Wynn v. NBC, 234 F. Supp. 2d 1067, 1080 (C.D. Cal. 2002) (severing defendants from lawsuit upon finding "there are no allegations of an actual concert of action among all of the Defendants to unite in a discriminatory hiring scheme.")

Second, Plaintiff alleges a different set of facts for each defendant and propounds a potpourri of alleged wrongdoing, which also negates joinder.  See Complaint.  The Mississippi Supreme Court explained that –

> The appropriateness of joinder decreases as the need for additional proof increases.  If plaintiffs allege a single, primary wrongful act, the proof will be common to all [defendants]; however separate proof will be required where there are several wrongful acts by several different actors.  The need for separate proof is lessened **only** where the different wrongful acts are similar in type and character . . . .

Miss. Farm Bureau Fed'n v. Roberts, 927 So. 2d 739, 741 - 42 (2006) (emphasis added); see also Jones v. Rebel Rags, LLC, 270 So. 3d 903, 904 (Miss. 2018).  Other courts interpreting the identical Federal Rule of Civil Procedure 20 come to the same conclusion under similar fact patterns. See, e.g., Wynn, 234 F. Supp. 2d at 1080 ("Despite the plaintiffs' allegations of identical wrongdoing by each defendant, the court found no right to relief arising from the same transaction or series of transactions because the defendants' actions were separate and unrelated" where

Exhibit A

allegations of misconduct "occur[ed] at different times for different reasons" with regard to different agents and decision-makers.)

All of the actions complained of were performed by different actors, either in their individual capacities or, conversely, as agents of the corporate defendants, and at different times. Therefore, the documentary evidence and witness testimony (1) that Plaintiff needs to establish his various claims and (2) that each defendant needs to establish its respective defenses would differ. This is best evidenced by Plaintiff's IIED claim against FedEx based upon his allegation that FedEx asked him to perform his normal courier route the day after the shooting incident. Albeit false, this allegation is unique to FedEx because it only involves members of FedEx management and other FedEx employees. Clearly, none of Plaintiff's other claims of alleged wrongdoing against the other defendants involve FedEx employees or FedEx's operations. Indeed, FedEx's alleged 'employment action' is completely distinct from the other defendants' alleged non-employment-related misconduct. Thus, no distinct litigable event links the defendants or Plaintiff's claims. See Miss. Crime Lab., 70 S. 3d at 201 (finding that the plaintiff failed to meet the first prong of R. 20(a) where "the claims involve different actors, different witnesses, different evidence, and different areas of the law").

Plaintiff also asserts different claims against the various defendants pursuant to different laws, resulting in potential highly individualized damages and different defenses. Indeed, the relief Plaintiff seeks from FedEx is unique to his particularized allegations and claims against FedEx and unique to FedEx's factual and legal defenses. See Thompson, 2006 U.S. Dist. LEXIS 58117 at *8 (severing claims, in part, because "each Plaintiff's claims for damages will be highly individualized . . . .") For instance, Plaintiff asserts a tort claim against FedEx seeking damages for emotional distress that is barred by the Mississippi Workers' Compensation Act and for which

Exhibit A

he has already been compensated. See Miss. Code Ann. § 71-3-9; see, e.g., Bailey v. Lockheed Martin Corp., 432 F. Supp. 2d 665, 668 (S.D. Miss. 2005) (dismissing IIED claim because of workers' compensation exclusivity). The evidence and legal theories pertaining to FedEx do not overlap with those pertaining to other defendants, and different legal issues will arise with respect to each defendant, which militates against joinder. See Southwest Fair Hous. Council v. WG Chandler Villas SH LLC, No. CV-18-00210-TUC-Rm, 2019 U.S. Dist. LEXIS 51738, *5-6 (D. Ariz. Mar. 27, 2019).

Plaintiff's Complaint likewise does not satisfy the second prong of Rule 20(a) because no common question of law or fact exists. Although the shooting incident sparked Plaintiff's claims,[4] as discussed above, this lawsuit involves four separate defendants, invoking different actors and decision-makers; different allegations of wrongdoing against each defendant; different claims that require different witnesses and documentary evidence; and different areas of the law. Under similar circumstances, the Mississippi Supreme Court found no common question of fact or law existed. See Miss. Crime Lab., 70 S. 3d at 201 – 202.

**C.    Even If Plaintiff Established The Conditions of R. 20(a), The Court Should Still Sever FedEx From This Lawsuit.**

The requirements of Rule 20(a) must be satisfied in order *to allow* joinder. However, even if the requirements are satisfied, there is no requirement that parties *must* be joined. "Rule 20(a) is *permissive* in character; joinder in situations falling within the rule's standard is not required . . ." Wynn, 234 F. Supp. 2d at 1078 (citing 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652, at 395-96) (emphasis added). The Advisory Committee Notes to M.R.C.P. 20 highlight that –

---

[4] FedEx does not deny that the shooting incident occurred, which does not affect the outcome of this motion.

Exhibit A

> If the criteria of Rule 20 are otherwise met, the court should consider whether different injuries, different damages, different defensive postures and other individualized factors will be so dissimilar as to make management of cases consolidated under Rule 20 impractical.

M.R.C.P. 20 Advisory Committee Notes (citing <u>Demboski v. CSX Transp., Inc.</u>, 157 F.R.D. 28

(S.D. Miss. 1994) cited with approval in <u>Illinois Cen. R.R. Co. v. Travis</u>, 808 So. 2d 928, 934

(Miss. 2002)). Even when the requirements of Rule 20 are satisfied, "a . . . court must examine

whether permissive joinder would 'comport with the principles of fundamental fairness' or would

result in prejudice to either side." <u>Southwest Fair Hous. Council</u>, 2019 U.S. Dist. LEXIS at *7.

"If a likelihood of prejudice and jury confusion outweigh any likely gains in judicial efficiency,

severance is appropriate." <u>Id.</u>

 If Plaintiff could somehow meet the minimum legal requirements for joinder, this Court

should still exercise its discretion under Rule 20(b), Rule 21, and Rule 42(b)[5] to sever for at least

three reasons: (1) to prevent jury confusion, (2) to prevent unfair prejudice to FedEx, and (3) to

prevent judicial inefficiency. <u>See</u> <u>Wynn v. NBC</u>, 234 F. Supp. 2d at 1081 (citing <u>Coleman v.</u>

<u>Quaker Oats Co.</u>, 232 F.3d 1271, 1296 (9th Cir. 2000)); <u>King v. General Elec. Co.</u>, 960 F.2d 617,

626 (7th Cir. 1992) (finding abuse of discretion where trial judge consolidated claims pursuant to

Rule 42(a) that involved different time periods and different allegations).

 1. Severance Would Avoid Jury Confusion.

 Instead of simplifying this lawsuit, joinder would confuse the jury and complicate the

issues because of the multitude of alleged misconduct, different degrees of culpability (i.e. intent,

negligence, etc.), different decision-makers, individualized defenses, and the intermingling of

---

[5] M.R.C.P. 42(b) reads, in pertinent part, - "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue or of any number of claims . . . ."

Exhibit A

individuals and corporate entities. See Miss. Crime Lab, 70 S. 3d at 201 ("[W]hen determining if

joinder is appropriate, it is important to consider whether the proof presented to the jury would be

confusing due to the multiplicity of facts.") (citing Hegwood, 949 So. 2d at 731). In addition, the

Mississippi Supreme Court acknowledged that when "a finding of liability against one defendant

does not impute liability to all defendants, [this would] cause[] more confusion to the jury." Id.;

see also Miss. Farm Bureau Fed'n, 927 So. 2d at 742 (finding that the circuit court erred in denying

defendants' motion to sever when the "claims . . . would require intricate factual narratives and

multiple witnesses, [and] the amount of evidence that would have to be introduced to prove all the

claims in one trial would certainly overwhelm a jury").

    2.  Severance Would Avoid Prejudice To FedEx.

Severance is also appropriate for the equally compelling reason of preventing unfair

prejudice to FedEx that would inevitably result if all of Plaintiff's claims were litigated in one

lawsuit. As the case is currently configured, there is a substantial risk that FedEx's alleged

employment decision will be tainted by the alleged misconduct of a co-defendant, unfairly

resulting in guilt by association. See, e.g., Wynn, 234 F. Supp. 2d at 1089. If this case is allowed

to proceed as structured by Plaintiff, it would result in a panoply of accusations against each

defendant that would be imputed on the other defendants and their respective decision-makers.

    3.  Severance Would Increase Judicial Efficiency.

Severance is also appropriate based on considerations of judicial economy. Continued

joinder would make scheduling and case management needlessly difficult and cumbersome,

thereby undermining judicial efficiency. Absent severance, Defendants' litigation costs would be

exponentially increased, as each Defendant's attorneys would – in compliance with their ethical

duties of representation – be forced to sift through reams of unrelated filings and discovery and sit

Exhibit A

through hours of unrelated witness depositions and trial proceedings. Furthermore, absent

severance, the eventual trial in this case would include mini-trials focused on each Defendant,

leaving the jurors with the unenviable task of sorting through which evidence relates to which

defendant. The potential for prejudice and jury confusion in such a scenario is extremely high.

See, e.g., Southwest Fair Hous. Council, 2019 U.S. Dist. LEXIS at *9-10.

**D.    Conclusion**

For the foregoing reasons, FedEx's motion should be granted, and FedEx and the sole IIED

claim against it should be severed from this lawsuit.

Respectfully submitted,

*s/ Michael Williams*
Michael Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Phone: 601-592-9918
Email: mcwilliams@bradley.com

*Counsel for Defendant Federal Express Corporation*

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, a copy of the foregoing was served on the

parties listed below via the Court's CM/ECF system:

Carlos E. Moore, Esq.
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cochranfirm.com

*Counsel for Plaintiff*

*s/ Michael Williams*

Doc #1984438

## Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**vs.**                                                    Civil Action No.: **23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                        **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES OF ADCAMP, INC.

Defendant Adcamp, Inc. ("Adcamp") files its *Answer and Affirmative Defenses* to the *Complaint* filed by Plaintiff D'Monterrio Gibson ("Gibson") herein, showing the Court as follows:

### FIRST DEFENSE

Adcamp hereby includes, alleges, and incorporates each and every defense available to it as set forth in Mississippi Rules of Civil Procedure 12(b)(1-7), and on account thereof demands that the action herein against it be dismissed.

### SECOND DEFENSE: ANSWER

Without waiving the defenses set forth above or below, Adcamp denies each and every allegation of the *Complaint* except those which are specifically admitted below. Further, responding to the *Complaint*, paragraph by paragraph, Adcamp states as follows:

### PARTIES

1.   Admitted, on information and belief.

2.   Admitted, on information and belief.

3.   Admitted, on information and belief.

4.   Admitted, on information and belief.

5.   Admitted.

Exhibit A

## JURISDICTION AND VENUE

6.    Admitted that jurisdiction is proper in this Court. All other averments in this paragraph not specifically admitted are denied.

7.    Admitted that venue is proper in this Court. All other averments in this paragraph not specifically admitted are denied.

## STATEMENT

8.    Admitted that Adcamp owned the company vehicle referenced in Gibson's *Complaint* on January 24, 2022. All other averments in this paragraph not specifically admitted are denied.

## FACTS

9.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

10.    Admitted, on information and belief.

11.    Admitted, on information and belief.

12.    Admitted that Adcamp owned the company vehicle referenced in Gibson's *Complaint* on January 24, 2022. All other averments in this paragraph not specifically admitted are denied.

13.    Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

14.    Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

15.    Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

2

Exhibit A

16.     Admitted that Adcamp owned the company vehicle referenced in Gibson's *Complaint* on January 24, 2022. All other averments in this paragraph not specifically admitted are denied.

17.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

18.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

19.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

20.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

21.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

22.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

23.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

24.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

25.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

26.     Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

Exhibit A

27.    Adcamp is without knowledge sufficient to admit or deny the averments in this paragraph, which are therefore denied.

## CAUSES OF ACTION

### COUNT I — Intentional Infliction of Emotional Distress (vs. FedEx)

28.    Adcamp incorporates the foregoing responses as if fully set herein.

29.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

30.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

31.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

### COUNT II — Civil Assault & Battery (vs. Brandon Case & Gregory Case)

32.    Adcamp incorporates the foregoing responses as if fully set herein.

33.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

34.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

### COUNT III — Negligent/Intentional Infliction of Emotional Distress (vs. Brandon Case & Gregory Case)

35.    Adcamp incorporates the foregoing responses as if fully set herein.

36.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

37.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

Exhibit A

## COUNT IV — General/Gross Negligence (vs. Brandon Case & Gregory Case)

38.    Adcamp incorporates the foregoing responses as if fully set herein.

39.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

40.    The averments in this paragraph are not directed at Adcamp. To the extent they seek to impose any liability against Adcamp, the same are denied.

## COUNT V — Negligent Entrustment of a Motor Vehicle & Vicarious Liability (vs. Adcamp)

41.    Adcamp incorporates the foregoing responses as if fully set herein.

42.    Denied.

43.    Denied.

In response to the final, unnumbered paragraph of the *Complaint*, which begins, "WHEREFORE, THE ABOVE BEING CONSIDERED," Adcamp denies that Plaintiff is entitled to any relief whatsoever, including, but not limited to, the specific relief requested by this Paragraph.

## AFFIRMATIVE DEFENSES

AND NOW, having fully answered Plaintiff's *Complaint*, Adcamp asserts the following affirmative defenses:

1.    Gibson's claims are barred under Restatement (Second) of Torts (§ 390), as adopted by the Mississippi Supreme Court in *Sligh v. First Nat. Bank of Holmes Cty*, 735 So. 2d 963 (Miss. 1999).

2.    Adcamp cannot be liable for personal acts committed by Defendant Gregory Case outside the course and scope of his employment with Adcamp. *See Lovett Motor Co., et al. v. Walley*, 217 Miss. 384, 390 (Miss. 1953).

5

Exhibit A

3.      Adcamp had no right to control the vehicle at the time of the acts complained of by Gibson in this case. *See Guardianship of Garvin v. Tupelo Furniture Mkt., Inc.*, 127 So. 3d 197, 200 (Miss. 2013).

4.      Adcamp did not know, or could not reasonably have known, that allowing Defendant Gregory Case to use its vehicle would involve an unreasonable risk of harm. *See Davis v. Seymour*, 868 So. 2d 1061, 1064 (Miss. Ct. App. 2004).

5.      Gibson fails to assert any damages caused by the use of a motor vehicle as required under Restatement (Second) of Torts (§ 390), as adopted by the Mississippi Supreme Court in *Sligh v. First Nat. Bank of Holmes Cty*, 735 So. 2d 963 (Miss. 1999).

6.      Adcamp cannot be held vicariously liable in this case because Defendant Gregory Case was engaged in some purpose of his own in which Adcamp had no interest or involvement, and/or for an unauthorized purpose. *See Broadway v. Kelley Brothers*, 803 So. 2d 1155, 1156 (Miss. 2000).

7.      Adcamp asserts and affirmatively invokes incorporates and alleges all affirmative defenses available to it as set forth in Miss. R. Civ. P. 8(c).

8.      Adcamp pleads the provisions of Miss. Code Ann. § 85-5-7, and avers that the jury in this matter should apportion fault according to the provisions of that statute.

9.      Adcamp affirmatively pleads assumption of risk, contributory negligence, estoppel, failure of consideration, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense.

THIS the 4ᵀᴴ day of January, 2024.

                                                        Adcamp, Inc.

                                        By:    _____
                                                        Don A. McGraw, Jr., its attorney

6

Exhibit A

OF COUNSEL:

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
jmartin@johnpmartinlaw.com
***Attorneys for Defendant Adcamp, Inc.***

Exhibit A

## CERTIFICATE OF SERVICE

I, Don A. McGraw, Jr., do hereby certify that I have this day served a true and correct copy of the above and foregoing **ANSWER AND AFFIRMATIVE DEFENSES** in accordance with the Mississippi Rules of Civil Procedure upon the following:

Carlos E. Moore
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
cmoore@cochranfirm.com
*Attorney for Plaintiff D'Monterrio Gibson*

Michael Williams
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
mcwilliams@bradley.com
*Attorney for Defendant Federal Express Corporation*

Kannan Stubbs
THE STUBBS LAW FIRM
1675 Highway 80 E
Flowood, MS 39232
kannan@stubbsms.com
*Attorney for Defendants Gregory Case and Brandon Case*

SO CERTIFIED, this the 4th day of January, 2024.

Don A. McGraw, Jr.

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                            PLAINTIFF

vs.                                               Civil Action No.: **23-cv-646-LT**

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.                                             DEFENDANTS

## NOTICE OF APPEARANCE

John P. Martin hereby enters his appearance in this matter as one of the attorneys of record

for Defendant Adcamp, Inc.

                                        **Adcamp, Inc.**

                        By:   */s John P. Martin*_____
                              John P. Martin, one of its attorneys

OF COUNSEL:

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
jmartin@johnpmartinlaw.com
***Attorneys for Defendant Adcamp, Inc.***

Exhibit A

## CERTIFICATE OF SERVICE

I, John P. Martin, do hereby certify that I have this day served a true and correct copy of the above and foregoing **NOTICE OF APPEARANCE** in accordance with the Mississippi Rules of Civil Procedure upon the following:

Carlos E. Moore
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
cmoore@cochranfirm.com
*Attorney for Plaintiff D'Monterrio Gibson*

Michael Williams
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
mcwilliams@bradley.com
*Attorney for Defendant Federal Express Corporation*

Kannan Stubbs
THE STUBBS LAW FIRM
1675 Highway 80 E
Flowood, MS 39232
kannan@stubbsms.com
*Attorney for Defendants Gregory Case and Brandon Case*

SO CERTIFIED, this the 4th day of January, 2024.

/s John P. Martin
John P. Martin

2

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY

**D'MONTERRIO GIBSON**                                    **PLAINTIFF**

**v.**                                                          **CASE NO: 1:23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**                **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**

### PLAINTIFF'S RESPONSE TO DEFENDANT FEDERAL EXPRESS CORPORATION'S
### MOTION TO SEVER

### INTRODUCTION

This matter arises out of a single and distinct incident that occurred on January 24, 2022, in which D'Monterrio Gibson, Plaintiff, was hunted and chased by Brandon and Gregory Case, in their official Adcamp vehicle, while Plaintiff was working within the scope of his employment as a Fed-Ex delivery driver. Defendant, Federal Express Corporation, filed a Motion to Sever on December 21, 2023, and alleged that Plaintiff's complaint does not comply with rule 20(a) of the Mississippi Rules of Civil Procedure. Plaintiff responds to this motion, and in support thereof, shows this Honorable Court to-wit:

### DISCUSSION

Mississippi Rule of Civil Procedure 20(a) provides that "all persons may be joined in one action as Defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, and if any question of law or fact common to all Defendants will arise in the action." Both prongs

Exhibit A

of Rule 20(a) must be met in order to deny a motion for severance. ***Wyeth-Ayerst Labs. v.***

***Caldwell***, 905 So.2d 1205, 1207 (Miss. 2005).

Plaintiff's Complaint does not violate the misjoinder of parties limitation in the

Mississippi Rules of Civil Procedure 20(a). This matter arises out of a single transaction and

occurrence from the event on January 24, 2022. The right to relief that is sought in this

Complaint is additionally arising it of the same transaction and occurrence. Furthermore, a

question of law or fact common to all defendants will arise in the action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that the

court DENY Defendant Federal Express Corporation's Motion to Sever.

Respectfully submitted, this, the 4th day of January, 2024.

_/s/ Carlos E. Moore_
Carlos E. Moore MSB #100685

**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
carlosmoorelaw@gmail.com

Exhibit A

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to **all counsel of record** in this case:

> Michael Williams (MS BAR # 104537)
> BRADLEY ARANT BOULT CUMMINGS LLP
> One Jackson Place
> 188 E. Capitol Street, Suite 1000
> Jackson, MS 39201
> Phone: 601-595-9918
> Mcwilliams@bradley.com
> *Counsel for Defendant Fed Ex*

*/s/ Carlos E. Moore*

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY

**D'MONTERRIO GIBSON**                                              **PLAINTIFF**

**v.**                                                          **CASE NO: 1:23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**                    **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT
### FEDERAL EXPRESS CORPORATION'S MOTION TO SEVER

#### INTRODUCTION

This matter arises out of a single and distinct incident that occurred on January 24, 2022, in which D'Monterrio Gibson, Plaintiff, was hunted and chased by Brandon and Gregory Case, in their official Adcamp vehicle,  while Plaintiff was working within the scope of his employment as a Fed-Ex delivery driver. Defendant, Federal Express Corporation, filed a Motion to Sever on December 21, 2023, and alleged that Plaintiff's complaint does not comply with rule 20(a) of the Mississippi Rules of Civil Procedure. Plaintiff responds to this motion, and in support thereof, shows this Honorable Court to-wit:

#### DISCUSSION

The Mississippi Rules of Civil Procedure 20 (a) imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by or against each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and, (2) some question of law or fact

Exhibit A

common to all the parties will arise in the action. Both of these requirements must be satisfied in

order to sustain party joinder under Rule 20(a).

**A. Plaintiff's Complaint satisfies first prong Rule 20(a) of the Mississippi Rules of**

**Civil Procedure**

Mississippi Rule of Civil Procedure 20(a) provides that "all persons may be joined in one

action as Defendants if there is asserted against them jointly, severally, or in the alternative, any

right to relief in respect of or arising out of the same transaction or occurrence, and if any

question of law or fact common to all Defendants will arise in the action." Both prongs

of Rule 20(a) must be met in order to deny a motion for severance. *Wyeth-Ayerst Labs. v.*

*Caldwell*, 905 So.2d 1205, 1207 (Miss. 2005).

Recent developments in Mississippi law relating to joinder of plaintiffs, and specifically

the Mississippi Supreme Court's interpretation of Mississippi Rule of Civil Procedure 20(a) in a

way that more closely parallels Federal Rule 20(a), have lessened, if not eliminated, tension so

that the difference between applying federal and state standards for joinder could fairly be said,

at least for purposes of this case, to be more theoretical than practical. *See Janssen*

*Pharmaceutica, Inc. v. Armond*, 2004 WL 307449 (Miss. Feb. 24, 2004). The question thus

becomes whether "there is a reasonable possibility that [a Mississippi] court would find that

plaintiffs' claims . . . are all logically related." *Conk v. Richards & O'Neil*, LLP, 77 F. Supp. 2d

956, 972 (S.D. Ind. 1999).

Language requiring that joined plaintiffs demonstrate the existence of a "distinct litigable

event" semantically distinguishes *Miss. R. Civ. P. 20(a)* from the requirement under *Fed. R. Civ.*

*P. 20(a)* that the claims between the different plaintiffs be "logically related." *MS Life Ins. Co. v. Baker*, 905 So. 2d 1179, 2005 Miss. LEXIS 19 (Miss. 2005).

Cases involving a question of the propriety of Rule 20(a) joinder are reviewed on a case by case basis. *Hegwood v. Williamson*, 949 So. 2d 728, 730-31 (Miss. 2007). Before an alleged "occurrence" will be sufficient to meet Rule 20(a)'s two factors, there must be a "distinct litigable event linking the parties." Id. at 730. To determine if a distinct litigable event linking the parties exists, courts should consider:

whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Also, when determining if joinder is appropriate, it is important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts. *Caldwell*, 905 So.2d at 1209.

The Plaintiff's cause of action emanates from a singular and discrete incident, namely, the pursuit of the Plaintiff during the course of his employment-related itinerary. The genesis of the right to relief arise out of the incident that occurred on January 24, 2022. The injuries suffered all stem from the incident that occurred on January 24, 2022. Therefore, Plaintiff meets the first prong of Mississippi Rules of Civil Procedure 20(a).

Exhibit A

However, even if the transaction requirement cannot be satisfied, there always is a possibility that, under the proper circumstances, separate actions can be instituted and then consolidated for trial under Rule 42(a) if there is a question of law or fact common to all the parties. *See, Stoner v. Colvin*, 236 Miss. 736, 748, 110 So. 2d 920, 924 (1959).

**B. Plaintiff's Complaint Satisfies the Second Prong of Mississippi Rules of Civil Procedure 20(a)**

In addition to meeting the first prong of Rule 20(a), there must be a common question of law or fact for joinder to be proper. Miss. R. Civ. P. 20.

In *Mercer v. Moody*, 918 So. 2d 664, 2005 Miss. LEXIS 365 (Miss. 2005), Same transaction or occurrence requirement of Miss. R. Civ. P. 20(a) was satisfied as any potential claims the driver had against either the employee or insurer arose out of one distinct event, the accident of March 14, 2001; however, the driver improperly joined the insurer as a defendant where the driver could not rely on Miss. R. Civ. P. 57 as the basis for bringing suit against the insurer where Rule 57 only allowed the driver to seek a declaratory judgment against an insurer when coverage was in doubt, and coverage was not in doubt; there would therefore be no common question of law or fact litigated between all parties, making joinder of the insurer and employee as defendants improper.

Most importantly, here, allegations against Defendant Federal Express Corporation are in doubt, as they note their denial of all allegations. *See Footnote 2* [Doc. 15]. Further, a common question of fact will be answered in the trial of the matter among all defendants. Although there are separate legal claims for each Defendant, the common question of fact will unquestionability

revolve around determining the truth or accuracy of the specific event and circumstances related to the incident in question.

### 1. The amount of evidence will not be overwhelming to a jury

In *Miss. Farm Bureau Fed'n v. Roberts*, 927 So. 2d 739, 2006 Miss. LEXIS 98 (Miss. 2006), the court found that the amount of evidence that would have to be introduced to prove all of the claims by the agents against the insurers in one trial would certainly overwhelm a jury; no agent had claims against every defendant.

The amount of evidence that would be presented would be not overwhelm a jury. In fact, the amount of evidence that would be presented would be the exact same.

### 2. Joinder will not prejudice Defendant Federal Express Corporation

An important consideration is whether joinder would result in undue prejudice to the parties. *Culbert v. Johnson & Johnson*, 883 So. 2d 550 (Miss. 2004). In the context of whether permissive joinder is appropriate, the two prongs of Miss. R. Civ. P. 20 must always be met. While it does not rise to the level of a distinct factor in the joinder analysis, an important consideration is if the joinder will result in undue prejudice to the parties. *Id.*

Joinder will not result in undue prejudice to Defendant Federal Express Corporation. Other Defendants will be prejudiced if Defendant Fed Ex's is allowed to elude and avoid accountability for their willfull, wanton, and overall reckless disregard for Plaintiff and Plaintiff's safety.

Exhibit A

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully provides this

memorandum in support of their response and  requests that the court DENY Defendant Federal

Express Corporation's Motion to Sever.


Respectfully submitted, this, the 4th day of January, 2024.



/s/ Carlos E. Moore
Carlos E. Moore MSB #100685


**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
carlosmoorelaw@gmail.com

Exhibit A

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case:

> Michael Williams (MS BAR # 104537)
> BRADLEY ARANT BOULT CUMMINGS LLP
> One Jackson Place
> 188 E. Capitol Street, Suite 1000
> Jackson, MS 39201
> Phone: 601-595-9918
> Mcwilliams@bradley.com
> *Counsel for Defendant Fed Ex*

*/s/ Carlos E. Moore*

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                      PLAINTIFF

VS.                                          CAUSE NO. 23-CV-646-LT

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.                                       DEFENDANTS

## ENTRY OF APPEARANCE

COMES NOW Dan Kitchens of Kitchens Law Firm, P.A. and enters an appearance as

counsel of record for Defendant Brandon Case.

This the 5th day of January, 2024.

Respectfully submitted,

_/s/ Dan Kitchens_____

BY:    Dan Kitchens, MSB#101239

Dan Kitchens
Miss. Bar No. 101239
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059
Telephone: 601-892-3067
Facsimile: 601-892-3057
Email: dkitchens@kitchenslaw.net

*Counsel for Defendant Brandon Case*

Exhibit A

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day served a true and correct copy of the foregoing document electronically via MEC on all counsel of record.

This the 5th day of January, 2024.

/s/ Dan Kitchens

Dan Kitchens, MSB# 101239

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                    PLAINTIFF

VS.                                                    CAUSE NO. 23-CV-646-LT

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.                                                    DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT BRANDON CASE

COMES NOW Defendant Brandon Case, by and through counsel, and in support of this, his

Answer and Affirmative Defenses to the Complaint filed by D'Monterrio Gibson on November 20,

2023, would respectfully show the following, to-wit:

### FIRST DEFENSE

The claims asserted in the Complaint against Brandon Case (hereinafter also referred to as

"Defendant") are barred by the one-year statute of limitations codified in Section 15-1-35 of the

Mississippi Code of 1972, as amended.

### SECOND DEFENSE

The Complaint fails to state a claim or cause of action for damages against Defendant upon

which relief may be granted and should, therefore, be dismissed with prejudice.

### THIRD DEFENSE

Defendant invokes all rights and privileges under the provisions of the Fifth Amendment to

the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

### FOURTH DEFENSE
### ANSWER

Without waiving any defenses available to him, including the affirmative defenses asserted

herein and those found in Rule 12 of the Mississippi Rules of Civil Procedure, Defendant responds

Exhibit A

to the Complaint, paragraph by paragraph.  All allegations not expressly admitted are denied.

## PARTIES

1.      Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

2.      Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

3.      Defendant admits that he is an adult resident citizen of the State of Mississippi, but denies the remaining allegations in this paragraph.

4.      Defendant admits the allegations in this paragraph of the Complaint.

5.      Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

## JURISDICTION AND VENUE

6.      The allegations contained in this paragraph of the Complaint state a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the same and demands strict proof thereof.

7.      The allegations contained in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the same and demands strict proof thereof.

## STATEMENT

8.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Exhibit A

## FACTS

9.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

10.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

11.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

12.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

13.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

14.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

15.      On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Exhibit A

16.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

17.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

18.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

19.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

20.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

21.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

22.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Exhibit A

23.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

24.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

25.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

26.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

27.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

### FIRST CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against FedEx)

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

28.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Exhibit A

29.    The allegations contained in this paragraph are not directed to Defendant and therefore no response is required.  To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

30.    The allegations contained in this paragraph are not directed to Defendant and therefore no response is required.  To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

31.    The allegations contained in this paragraph are not directed to Defendant and therefore no response is required.  To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## SECOND CAUSE OF ACTION

### (Civil Assault & Battery against Brandon & Gregory Case)

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

32.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Exhibit A

33.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

34.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## THIRD CAUSE OF ACTION

### (Negligent/Intentional Infliction of Emotional Distress against Brandon Case, Gregory Case)

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

35.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

36.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

37.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## FOURTH CAUSE OF ACTION

### (General/Gross Negligence against Defendant Brandon & Gregory Case)

Exhibit A

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

38.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

39.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

40.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## FIFTH CAUSE OF ACTION

**(Negligent Entrustment of a Motor Vehicle and Vicarious Liability against Adcamp)**

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

41.    On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

42.    The allegations contained in this paragraph are not directed to Defendant and therefore no response is required.  To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the U. S. Constitution and Article 3, Section 26 of the Mississippi Constitution.

Exhibit A

43.    The allegations contained in this paragraph are not directed to Defendant and therefore no response is required. To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Defendant denies the last unnumbered paragraph of the Complaint, which begins "WHEREFORE," as well as all other allegations in the Complaint not previously addressed.

### FIFTH DEFENSE

Defendant gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and thus, reserves the right to amend his answer to assert any such defenses.

### SIXTH DEFENSE

The facts not having been fully developed, Defendant invokes all rights and remedies of Section 97-3-15(3) & (5) of the Mississippi Code.

### SEVENTH DEFENSE

Defendant invokes all rights and remedies of Section 85-5-7 of the Mississippi Code.

### EIGHTH DEFENSE

The facts having not been fully developed, Defendant pleads the following affirmative defenses as may be applicable to this action: Plaintiff's failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care; election of remedies; accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant;

Exhibit A

laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; and, any other matter constituting an avoidance or affirmative defense, including any defense or motions available to Defendant pursuant to Rule 12(b) of the State Rules of Civil Procedure such as lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted. Defendant further reserves the right to assert any additional affirmative defenses that may be deemed applicable as discovery progress.

### NINTH DEFENSE

Defendant asserts and pleads the applicable provisions of Section 11-1-65 of the Mississippi Code which pertain to the imposition of punitive damages.

### TENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United State of American including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there is no consistent application by the trial court or appellate review to constitutionally confirm or limit any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

### ELEVENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution. If consideration of punitive damages is to be allowed, then the standard of

Exhibit A

proving the same, as provided in Section 11-1-65 of the Mississippi Code must be clear and convincing evidence.

## TWELFTH DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Section 11-1-65 of the Mississippi Code must be by clear and convincing evidence.

## THIRTEENTH DEFENSE

The procedure or standards governing imposition of punitive damages are impermissible, vague, arbitrary, and improper or violate the Due Process Clause both of the Constitution of the United States of America and the Constitution of the State of Mississippi. Further, the procedures and standards governing the imposition of punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendant.

## FOURTEENTH DEFENSE

Defendant pleads all of the procedural safeguards for which he is entitled to as pronounced and provided by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), including but not limited to the following: (1) the right to have the court (as finder of law), and not the finder of fact, determine whether punitive damages should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have any award of punitive damages which may be made against him, if any at all, be subject to *de novo*

Exhibit A

review by either the trial court or an applicable appeals court, including the United States Supreme Court.

## FIFTEENTH DEFENSE

Defendant specifically invokes the provisions of Section 11-1-69 of the Mississippi Code, and asserts all defenses, rights, privileges and immunities to which he is entitled thereunder.

## SIXTEENTH DEFENSE

Defendant avers and gives notice that he will raise, as an affirmative defense herein, that Plaintiff's request for punitive damages is in violation of the Eighth Amendment to the United States Constitution. Furthermore, Defendant would state that the facts herein do not give rise to such damages, and as a consequence, Plaintiff's claim for punitive damages is without justification.

## SEVENTEENTH DEFENSE

Plaintiff is barred from recovery to the extent the alleged injuries and damages were caused by the intervening and superseding actions of third persons or other parties or entities.

## EIGHTEENTH DEFENSE

To the extent that the negligence of Plaintiff or others was a proximate cause, either in whole or in part, of Plaintiff's alleged damages, Defendant would affirmatively plead that Plaintiff's recovery should be apportioned to the degree to which the negligence of Plaintiff and others contributed to Plaintiff's damages, if any, pursuant to the Mississippi law of comparative negligence and Section 11-7-15 of the Mississippi Code.

## NINETEENTH DEFENSE

Defendant reserves the right to place a non-party (or non-parties) on the verdict form at trial as a joint tortfeasor and affirmatively alleges that the judgment should entered by this Court on the

Exhibit A

basis of comparative negligence of the non-party's (or non-parties') own negligence.

### TWENTIETH DEFENSE

The claims against Defendant may be barred or any verdict must be reduced to the extent Plaintiff or anyone acting on his behalf failed to mitigate damages pursuant to the doctrine of avoidable consequences.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for non-economic damages are subject to the maximum limit provided in Section 11-1-60 of the Mississippi Code and/or any other Tort Reform Legislation or caps on damages as provided by Mississippi law. Defendant hereby requests this Court to take such measures as may be necessary to appropriately reduce any recovery for non-economic damages in excess of the statutory limit, in accordance with such statute or other laws.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to rely on any affirmative defenses asserted by any co-defendant herein, and reserves the right to amend his answer to assert additional defenses as discovery and investigation continue.

### TWENTY-THIRD DEFENSE

Unless expressly admitted or the subject of a privilege, Defendant denies each and every allegation of Plaintiff's Complaint and demands strict proof thereof. In addition, Defendant denies each and every request for damages and/or request for relief contained in Plaintiff's Complaint.

### TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails to join necessary and indispensable parties, in whose absence complete relief cannot be afforded among those already parties.

Exhibit A

### TWENTY-FIFTH DEFENSE

Plaintiff's alleged claims for damages and injuries are barred to the extent they may have been incurred prior to or pre-existed the alleged incident.

### TWENTY-SIXTH DEFENSE

All or some of Plaintiff's claims may be expressly or impliedly preempted by state or federal statutes, regulations and/or agency action.

WHEREFORE, PREMISES CONSIDERED, Defendant moves this Court for an order dismissing him from this action with prejudice and for cost in relation to said action and for other relief to which he may be entitled.

RESPECTFULLY SUBMITTED, this the 5th day of January, 2024.

BRANDON CASE, Defendant

BY:    /s/ Dan Kitchens
Attorney for Brandon Case

Dan Kitchens
Miss. Bar No. 101239
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS  39059
Telephone:  601-892-3067
Facsimile:  601-892-3057
Email:  dkitchens@kitchenslaw.net

*Counsel for Defendant Brandon Case*

Exhibit A

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day served a true and correct copy of the

foregoing document electronically via MEC on all counsel of record.

This the 5th day of January, 2024.

/s/ Dan Kitchens
Dan Kitchens, MSB# 101239

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'Monterrio Gibson,

    Plaintiff

vs.                                                                Cause No. 23-cv-646-LT

Federal Express Corporation,
Brandon Case,
Gregory Case, and
Adcamp, Inc.,

    Defendants.

### DEFENDANT GREGORY CASE'S ANSWER TO COMPLAINT

COMES NOW, Defendant, Gregory Case, by and through counsel and files his answer and affirmative defenses to the Complaint filed by Plaintiff, D'Monterrio Gibson on November 20, 2023, and would respectfully show as follows:

### FIRST DEFENSE

The claims asserted in the Complaint against Defendant Gregory Case (hereinafter also referred to as "Defendant") are barred by the one-year statute of limitations codified in Section 15-1-35 of the Mississippi Code of 1972 as amended.

### SECOND DEFENSE

The Complaint fails to state a claim or cause of action for damages against this Defendant upon which relief may be granted and same should therefore be dismissed with prejudice.

### THIRD DEFENSE

Defendant invokes all rights and privileges under the provisions of the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution against self-incrimination.

**Exhibit A**

## FOURTH DEFENSE

## ANSWER TO SPECIFIC ALLEGATIONS IN THE COMPLAINT

COMES NOW, Defendant, Gregory Case and without waiving his right to first be heard on any of his defenses or affirmative defenses and expressly reserving and preserving all jurisdictional and procedural defenses, which may be available to him or in his favor, pursuant to Miss. R. Civ. P. Rule 12, and responds to the allegations of the Complaint, paragraph by paragraph. All allegations not expressly admitted in this answer are denied. This Defendant's admissions are confined to the exact language in his answer and to the extent that any response varies from the wording of the allegations of the Complaint, those allegations are denied.

## PARTIES

1.    Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and, as such, denies the allegations for lack of information.

2.    Defendant is without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint and, as such, denies the allegations for lack of information.

3.    Upon information and belief, Defendant admits the allegations of paragraph 3 of the Complaint.

4.    Defendant admits the allegations of paragraph 4 of the Complaint.

5.    Defendant is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint and, as such, denies the allegations for lack of information

## JURISDICTION AND VENUE

6.    The allegations contained in paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the same.

7.    The allegations contained in paragraph 7 of the Complaint state a legal conclusion

Exhibit A

to which no response is required.  To the extent a response may be required, Defendant denies the same.

## STATEMENT

8.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 8 of the Complaint.

## FACTS

9.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 9 of the Complaint.

10.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 10 of the Complaint.

11.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 11 of the Complaint.

12.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 12 of the Complaint.

Exhibit A

13.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 13 of the Complaint.

14.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 14 of the Complaint.

15.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 15 of the Complaint.

16.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 16 of the Complaint.

17.     Defendant is without sufficient information to admit or deny the allegations in paragraph 17 and, as such, denies the allegations for lack of information.

18.     Defendant is without sufficient information to admit or deny the allegations in paragraph 18 and, as such, denies the allegations for lack of information.

19.     Defendant is without sufficient information to admit or deny the allegations in paragraph 19 and, as such, denies the allegations for lack of information.

20.     Defendant is without sufficient information to admit or deny the allegations in paragraph 20 and, as such, denies the allegations for lack of information.

Exhibit A

21.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 21 of the Complaint.

22.     Defendant is without sufficient information to admit or deny the allegations in paragraph 22 and, as such, denies the allegations for lack of information.

23.     Defendant is without sufficient information to admit or deny the allegations in paragraph 23 and, as such, denies the allegations for lack of information.

24.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 24 of the Complaint.

25.     Defendant is without sufficient information to admit or deny the allegations in paragraph 25 and, as such, denies the allegations for lack of information.

26.     Defendant is without sufficient information to admit or deny the allegations in paragraph 26 and, as such, denies the allegations for lack of information.

27.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 27 of the Complaint.

### FIRST CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against FedEx)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

Exhibit A

28.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 28 of the Complaint.

29.    The allegations contained in paragraph 29 of the Complaint are not directed to Defendant Gregory Case and therefore no response is required.  However, to the extent the allegations of paragraph 29 of the Complaint attempt to impose or imply liability on the part of the Defendant Gregory Case same are denied.

30.    The allegations contained in paragraph 30 of the Complaint are not directed to Defendant Gregory Case and therefore no response is required.  However, to the extent the allegations of paragraph 30 of the Complaint attempt to impose or imply liability on the part of the Defendant Gregory Case same are denied.

31.    The allegations contained in paragraph 31 of the Complaint are not directed to Defendant Gregory Case and therefore no response is required.  However, to the extent the allegations of paragraph 31 of the Complaint attempt to impose or imply liability on the part of the Defendant Gregory Case same are denied.

## SECOND CAUSE OF ACTION

### (Civil Assault & Battery against Brandon & Gregory Case)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

32.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general

Exhibit A

denial of the allegations in paragraph 32 of the Complaint.

33.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 33 of the Complaint.

34.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 34 of the Complaint.

### <u>THIRD CAUSE OF ACTION</u>
**(Negligent/Intentional Infliction of Emotional Distress against all Brandon Case, Gregory Case)**

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

35.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 35 of the Complaint.

36.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 36 of the Complaint.

37.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general

Exhibit A

denial of the allegations in paragraph 37 of the Complaint.

## FOURTH CAUSE OF ACTION
### (General/Gross Negligence against Defendant Brandon & Gregory Case)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

38.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 38 of the Complaint.

39.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 39 of the Complaint.

40.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 40 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Negligent Entrustment of a Motor Vehicle and Vicarious Liability against Adcamp)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

41.     To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 41 of the Complaint.

Exhibit A

42.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 42 of the Complaint.

43.    To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 43 of the Complaint.

Defendant denies the last unnumbered paragraph of the Complaint, which begins, **"WHEREFORE"**. This Defendant specifically denies any and all other allegations of the Complaint not previously addressed.

**AND NOW,** having fully answered the individual allegations of Plaintiff's Complaint, paragraph by paragraph, including unnumbered paragraphs, and at this early stage in these proceedings, in order to fully preserve defenses available to this Defendant, and without waiving other defenses, this Defendant pleads, as follows:

### FIFTH DEFENSE

This Defendant gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and thus, this Defendant reserves the right to amend his answer to assert any such defenses.

### SIXTH DEFENSE

The facts not having been fully developed, Defendant invokes all rights and remedies of §97-3-15(3) & (5) of the Mississippi Code.

### SEVENTH DEFENSE

The Defendant invokes all rights and remedies of §85-5-7 of the Mississippi Code.

Exhibit A

### EIGHTH DEFENSE

The facts having not been fully developed, Defendant, Gregory Case, pleads the following affirmative defenses as may be applicable to this action: Plaintiff's failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care; election of remedies; accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; and any other matter constituting an avoidance or affirmative defense, including any defense or motions available to Defendant, Gregory Case, pursuant to Miss. R. Civ. P. 12(b) such as lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Defendant, Gregory Case, further reserves the right to assert any additional affirmative defenses that may be deemed applicable as discovery progress.

### NINETH DEFENSE

Defendant asserts and pleads the applicable provisions of Miss. Code Ann. § 11-1-65, which pertain to the imposition of punitive damages.

### TENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United State of American including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there is no consistent application by the trial court or appellate review to constitutionally confirm or limit any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

Exhibit A

### ELEVENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Miss. Code Ann. § 11-1-65 must be clear and convincing evidence.

### TWELFTH DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Miss. Code Ann. § 11-1-65 must be by clear and convincing evidence.

### THIRTEENTH DEFENSE

The procedure or standards governing imposition of punitive damages are impermissible, vague, arbitrary, and improper or violate the Due Process Clause both of the Constitution of the United States of America and the Constitution of the State of Mississippi. Further, the procedures and standards governing the imposition of punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendant.

### FOURTEENTH DEFENSE

Defendant pleads all of the procedural safeguards for which he is entitled to as pronounced and provided by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 121 S. Ct. 1678 (2001), including but not limited to the following: (1) the right to have the court (as finder of law), and not the finder of fact, determine whether punitive damages

Exhibit A

should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have

any award of punitive damages which may be made against him, if any at all, be subject to *de novo*

review by either the trial court or an applicable appeals court, including the United States Supreme

Court.

### FIFTEENTH DEFENSE

Defendant specifically invokes the provisions of Miss. Code Ann. § 11-1-69, and asserts

all defenses, rights, privileges and immunities to which he is entitled thereunder.

### SIXTEENTH DEFENSE

Defendant avers and gives notice that he will raise, as an affirmative defense herein, that

Plaintiff's request for punitive damages is in violation of the Eighth Amendment to the United

States Constitution.  Furthermore, Defendant would state that the facts herein do not give rise to

such damages, and as a consequence, Plaintiff's claim for punitive damages is without

justification.  Consequently, Defendant hereby requests that Plaintiff voluntarily dismiss this

claim.  If the punitive damage claim is not voluntarily dismissed within a reasonable time,

Defendants will seek sanctions pursuant to the Mississippi Litigation Accountability Act of 1998

and Miss. R. Civ. P. 11.

### SEVENTEENTH DEFENSE

Plaintiff is barred from recovery to the extent the alleged injuries and damages were caused

by the intervening and superseding actions of third persons or other parties or entities.

### EIGHTEENTH DEFENSE

To the extent that the negligence of Plaintiff was a proximate cause, either in whole or in

part, of Plaintiff's alleged damages, Defendant would affirmatively plead that Plaintiff's recovery

should be apportioned to the degree to which the negligence of Plaintiff contributed to Plaintiff's

damages, if any, pursuant to the Mississippi law of comparative negligence and Miss. Code Ann.

Exhibit A

§11-7-15.

### NINETEENTH DEFENSE

Defendant reserves the right to place a non-party (or non-parties) on the verdict form at trial as a joint tortfeasor and affirmatively alleges that the judgment should entered by this Court on the basis of comparative negligence of the non-party's (or non-parties') own negligence.

### TWENTIETH DEFENSE

The claims against the Defendant may be barred or any verdict must be reduced to the extent Plaintiff or anyone acting on his behalf failed to mitigate damages pursuant to the doctrine of avoidable consequences.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for non-economic damages are subject to the maximum limit provided in Miss. Code Ann. §11-1-60 and/or any other Tort Reform Legislation or caps on damages as provided by Mississippi law. Defendant hereby requests this Court to take such measures as may be necessary to appropriately reduce any recovery for non-economic damages in excess of the statutory limit, in accordance with such statute or other laws.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to rely on any affirmative defenses asserted by any co-defendant herein, and reserves the right to amend his answer to assert additional defenses as discovery and investigation continue.

### TWENTY-THIRD DEFENSE

Unless expressly admitted, Defendant denies each and every allegation of Plaintiff's Complaint and demands strict proof thereof. In addition, Defendant denies each and every request for damages and/or request for relief contained in Plaintiff's Complaint.

Exhibit A

### TWENTY-FORUTH DEFENSE

The Plaintiff's Complaint fails to join necessary and indispensable parties, in whose absence complete relief cannot be afforded among those already parties.

### TWENTY-FIFTH DEFENSE

Plaintiff's alleged claims for damages and injuries are barred to the extent they may have been incurred prior to or pre-existed the alleged incident.

### TWENTY-SIXTH DEFENSE

All or some of the Plaintiff's claims may be expressly or impliedly preempted by federal statutes, regulations and/or federal agency action.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Gregory Case, moves this Court for an order dismissing him from this action with prejudice and for cost in relation to said action and for other relief to which he may be entitled.

RESPECTFULLY SUBMITTED, this the 8th day of January, 2024.

Gregory Case, Defendant

By: The Stubbs Law Firm, PLLC

By:  s/Kannan Stubbs
Counsel for Defendant

Kannan Stubbs (MSB# 103492)
John Scarborough (MSB# 106515)
1675 Highway 80 E
Flowood, MS 39232
P. 601-203-1653
F. 601-203-3165
kannan@stubbsms.com



Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

Further, I hereby certify that I have this day delivered by hand-delivery, U.S. Mail and/or electronic transmission the foregoing document to the following non-MEC participants:

None

So certified on January 8, 2024.

s/ Kannan Stubbs
KANNAN STUBBS (MSB#103492)

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| D'MONTERRIO GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:23-cv-646-LT |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| BRANDON CASE, GREGORY CASE, | ) | |
| and ADCAMP, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT FEDERAL EXPRESS CORPORATION'S
## REBUTTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER

Pursuant to the Mississippi Uniform Civil Rule of Circuit and County Court Practice 4.02 (2), Defendant Federal Express Corporation ("FedEx") files its Rebuttal memorandum in support of its motion to sever FedEx from this lawsuit.

Basically, Plaintiff argues that the January 24, 2022 shooting incident is the necessary "distinct litigable event" that justifies FedEx being joined as a defendant in this lawsuit. This is patently wrong. FedEx had no involvement in the shooting incident, and there are no such allegations in Plaintiff's Complaint. Consequently, the claim against FedEx does not require FedEx to litigate the shooting incident. In fact, FedEx "admits that shots were fired at the vehicle Plaintiff was driving to deliver FedEx packages." See Answer, ¶ 15. While FedEx vehemently denies Plaintiff's allegation that FedEx engaged in outrageous conduct in response to the shooting incident, it does not deny that the incident occurred. Therefore, a fact-finder's determination regarding the shooting incident is of no consequence to FedEx's liability, and for this reason and numerous others, it is not a "distinct litigable event" preventing severance.

Exhibit A

On page 4 of Plaintiff's Response, he cites Mercer v. Moody, 918 S. 2d 664 (Miss 2005) as an example of a court finding a single incident that met Mississippi Rule of Civil Procedure 20(a)'s joinder requirement that claims against defendants arise from the same transaction or occurrence. However, Mercer offers no persuasive authority. While the Mercer court ultimately severed the moving defendant from the lawsuit, it failed to explain its initial cursory finding that the defendant was potentially liable under the same transaction or occurrence. Nonetheless, the facts in Mercer are vastly distinguishable from the facts in this case. In Mercer, the plaintiff attempted to join as defendants the individual defendant who he alleged caused the vehicle accident with the insurance company that was potentially liable for paying medical and indemnity benefits for that same accident. The facts surrounding the accident were clearly relevant to both defendants' potential liability. In contrast, Plaintiff in the present case does not allege that FedEx is liable for the shooting incident or caused it. Therefore, the facts surrounding the shooting incident, which Plaintiff relies on as the "distinct litigable event, are inconsequential to FedEx in this lawsuit.

This case is more analogous to Mississippi Crime Lab v. Douglas, 70 S. 3d 196 (Miss. 2011), in which the Mississippi Supreme Court found that joinder was improper and the trial court erred in not severing the claims. In Mississippi Crime Lab, the first group of defendants were sued for medical malpractice and negligent hiring which allegedly caused the death of the plaintiffs' relative, and the second group of defendants were sued for negligently performing an autopsy and other post-mortem tests on the decedent which caused the incarceration of the decedent's mother. See id. at 199 – 200. Pursuant to Plaintiff's logic in this case, the decedent's death would be the "distinct litigable event" justifying joinder of the two groups of defendants because all defendants' liability flowed from that tragic event. However, the court flatly rejected that argument. See id. at 201 (severing defendants from the case where "the claims involve different actors, different

2

Exhibit A

witnesses, different evidence, and different areas of the law"). Mississippi Crime Lab supports

the proposition that – simply because the various defendants' liability flows from a common event

alone (i.e. the decedent's death in Mississippi Crime Lab or the shooting incident in the present

case) does not transform the event into a "distinct litigable event" justifying joinder in one lawsuit.

Moreover, on page 5 of Plaintiff's Response, he argues that "[o]ther Defendants will be

prejudiced if Defendant FedEx is allowed to" be severed from this lawsuit. First, the other

defendants can adequately speak for themselves, and none have opposed Fedex's Motion. Second,

the only way the other defendants would be prejudiced is if FedEx was jointly and severally liable

with them, which it is not. See Miss. Code § 85-5-7. Section 85-5-7 limits joint and several

liability for damages caused by two or more actors, and expressly excludes joint and several

liability for "any tort which results from an act or omission committed with a specific wrongful

*intent.*" See Miss. Code § 85-5-7 (1) (emphasis added). Plaintiff's claim against FedEx is for

*intentional* infliction of emotional distress (IIED), which falls within this exclusion.

Furthermore, even if FedEx was considered a joint tortfeasor, its severance from this lawsuit

would not prejudice other defendants because it would not impact their potential liability or an

amount of damages for which they might be liable. Section 85-5-7 reads, in pertinent part –

> [I]n any civil action based on fault, the liability for damages caused by two (2) or
> more persons shall be several only, and not joint and several and a joint tortfeasor
> shall be liable only for the amount of damages allocated to him in direct proportion
> to his percentage of fault.

Miss. Code § 85-5-7 (2).

Also, on page 5 of Plaintiff's Response, he argues that joinder is appropriate because "the

amount of evidence that would be presented would be the exact same." This statement is

admittedly confusing, but FedEx interprets it to mean that the evidence Plaintiff would proffer to

prove liability against each defendant would be the same. If this is what Plaintiff means by that

Exhibit A

conclusory statement, it is plainly false. As explained in FedEx's memorandum in support of its motion to sever, the different allegations against different actors at different relevant times under different causes of action culminate to require individualized evidence to prove Plaintiff's claims and to prove each defendant's respective defenses. A potent example of this is Plaintiff's IIED claim against FedEx, which will require evidence of the supposed "outrageousness" of FedEx's employment action of allegedly expecting Plaintiff to perform is courier route after the shooting incident. Such evidence will be completely irrelevant to the other defendants in this case.

For the foregoing reasons and the reasons set forth in FedEx's memorandum in support of its motion to sever, the Court should grant the motion and sever FedEx from this action.

Dated: January 11, 2024

Respectfully submitted,

s/ Michael Williams
Michael Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Phone: 601-592-9918
Email: mcwilliams@bradley.com

Terrence O. Reed (*pro hac forthcoming*)
Brandon D. Pettes (*pro hac forthcoming*)
Daniel T. French (*pro hac forthcoming*)
**FEDERAL EXPRESS CORPORATION**
3620 Hacks Cross Road
Building B, Second Floor
Memphis, TN 38125
Phone: (901) 434-8603
Email: terrence.reed@fedex.com
Email: brandon.pettes@fedex.com
Email: danielfrench@fedex.com

**Counsel for Defendant Federal Express Corporation**

4

**Exhibit A**

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, a copy of the foregoing was served on the parties

listed below via the Court's CM/ECF system:

Carlos E. Moore, Esq.
The Cochran Firm – Ms Delta
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Email: cmoore@cochranfirm.com

**Counsel for Plaintiff**

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
Email: dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
Email: jmartin@johnpmartinlaw.com

**Counsel for Defendant Adcamp, Inc.**

Kannan Stubbs
The Stubbs Law Firm
1675 Highway 80 E
Flowood, MS 39232
Email: kannan@stubbsms.com

**Counsel for Defendants Gregory Case and Brandon Case**

s/ Michael Williams
Michael Williams, Esq

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                        PLAINTIFF

v.                                        CIVIL ACTION NO. 23-cv-00646

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.                                        DEFENDANTS

**VERIFIED APPLICATION AND AFFIDAVIT OF
TERRENCE O. REED FOR ADMISSION *PRO HAC VICE***

I, Terrence O. Reed, after having been first duly sworn, submit the following information

and affidavit in accordance with Rule 46(b) of the Mississippi Rules of Appellate Procedure:

1.    I desire to appear as counsel *pro hac vice* for Federal Express Corporation in the

civil action styled and numbered Cause No. 43CI1:23-CV-00646 pending in the Circuit Court of

Lincoln County, Mississippi.

2.    My name is Terrence O. Reed.  I practice law and am employed with Federal

Express Corporation, with offices in Memphis, Tennessee.  My mailing address for purposes of

this case is 3620 Hacks Cross Road, Building B, 2nd Floor, Memphis, TN 38125; Telephone No.

901-434-8603; Fax No. 901-457-6522; E-mail address terrence.reed@fedex.com.  My residential

address is 11299 Ole Bob Dr., Collierville, TN 38017.

3.    I do not maintain an office within Mississippi and have not engaged in the general

practice of law in Mississippi without being properly admitted and licensed to practice law in this

state.

1

Doc #1984649

**Exhibit A**

4.      The jurisdictions to which I am admitted to practice and the dates of admittance are

as follows:

| Court | Admitted to Practice |
|-------|----------------------|
| USDC- TN Middle | 10/28/2002 |
| 3rd Circuit Court of Appeals | 2005 |
| USDC- TN Western | 01/12/2006 |
| 6th Circuit Court of Appeals | 2006 |
| 2nd Circuit Court of Appeals | 2009 |
| USDC - Maine | 2010 |
| Supreme Court of the U.S. | 02/22/2011 |
| 10th Circuit Court of Appeals | 03/16/2011 |
| USDC – South Carolina, Florence Division | 2011 |
| USDC – Connecticut | 2011 |
| USDC – Kentucky | 2011 |
| 4th Circuit Court of Appeals | 10/07/2012 |
| USDC – Florida | 2014 |
| USDC - Michigan | 2015 |

5.      I am currently admitted in good standing to practice law in each jurisdiction in

which I have been admitted referenced above, am not currently suspended or disbarred by any

jurisdiction in which I have been admitted, and have never been the subject of any disciplinary

action by the bar or courts of any jurisdiction.

6.      I am of good moral character and am familiar with the ethics, principles, practices,

customs, and legal usages of the legal profession in Mississippi.

7.      Unless permitted to withdraw by order of the court, I will continue to represent my

client in this cause until its final determination.  With reference to all matters incident to such

cause, I consent to the jurisdiction of the courts of Mississippi, of the disciplinary tribunals of the

Mississippi Bar, and of the Mississippi Board of Bar Admissions in all respects as if I were a

regularly admitted and licensed member of the Mississippi Bar.

8.      The name and office address of the member in good standing of the Mississippi Bar

with whom I am associated in this cause is Michael C. Williams (MS Bar No. 104537) of the law

2

Exhibit A

firm Bradley Arant Boult Cummings, LLP, One Jackson Place, Suite 1000, 188 E. Capitol Street,

Jackson, Mississippi, 39201.

9.    The local attorney certifies below that he agrees to be associated with me in this

action.

10.    Simultaneously with the filing of this affidavit, I am forwarding a fee of Three

Hundred Dollars ($300.00) to the Mississippi Bar as required by Rule 46(b)(5) of the Mississippi

Rules of Appellate Procedure.

11.    Simultaneously with the filing of this affidavit, I am forwarding the customary

miscellaneous docket fee of Fifty Dollars ($50.00) to the Clerk of the Mississippi Supreme Court

as required by Rule 46(B)(5) of the Mississippi Rules of Appellate Procedure.

12.    The matters stated in the foregoing Verified Application and Affidavit of Terrence

O. Reed for Admission pro hac vice are true and correct as therein stated.

AND FURTHER AFFIANT SAYS NOT.

*Terrence O. Reed*
Terrence O. Reed

SWORN TO AND SUBSCRIBED BEFORE ME this the 10th day of January, 2024.

*Donna K. Moore*
NOTARY PUBLIC

_____
My Commission Expires

Doc #1984649

Exhibit A

## LOCAL COUNSEL CERTIFICATION

I, Michael C. Williams, agree to be associated with Terrence O. Reed, Esq. in the above-captioned action.

RESPECTFULLY SUBMITTED, this the 17th day of January, 2024.


By:    */s/ Michael C. William*         
        Michael C. Williams (MBN 104537)

        *Attorney for Defendant*
        *Federal Express Corporation*


OF COUNSEL
Michael C. Williams (MBN 104537)
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS  39215
mcwilliams@bradley.com
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

4

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2024, a true and correct copy of the foregoing was electronically filed using the Court's MEC Filing System which will send notice of such filing to all counsel of record.

<i>/s/ Michael C. Williams</i>
Michael C. Williams

Doc #1984649

Exhibit A

# *Supreme Court of Tennessee*

# *Certificate of Good Standing*

I, James M. Hivner, Clerk of the Supreme Court of the State of Tennessee. do hereby certify that

## **Terrence O'Neal Reed**

is a licensed and practicing attorney of the Courts of this State, having been admitted to practice on November 4, 2002, and is presently in good standing. The Supreme Court is the Court of last resort in Tennessee.

In testimony whereof, I have set my hand and affixed the seal of the Court on this the 3rd Day of January, 2024.



James M. Hivner
Clerk of the Supreme Court of Tennessee

By *Donna Gilmore*
Donna Gilmore, D.C.

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                                    **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 23-cv-00646**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                         **DEFENDANTS**

**VERIFIED APPLICATION AND AFFIDAVIT OF**
**DANIEL T. FRENCH FOR ADMISSION *PRO HAC VICE***

I, Daniel T. French, after having been first duly sworn, submit the following information

and affidavit in accordance with Rule 46(b) of the Mississippi Rules of Appellate Procedure:

1.      I desire to appear as counsel *pro hac vice* for Federal Express Corporation in the

civil action styled and numbered Cause No. 43CI1:23-CV-00646 pending in the Circuit Court of

Lincoln County, Mississippi.

2.      My name is Daniel T. French.  I practice law and am employed with Federal

Express Corporation, with offices in Memphis, Tennessee.  My mailing address for purposes of

this case is 3620 Hacks Cross Road, Building B, 3rd  Floor, Memphis, TN 38125; Telephone No.

901-434-8353; Fax No. 901-434-9235; E-mail address danielfrench@fedex.com.  My residential

address is 2556 Windy Oaks Drive, Germantown, TN 38139.

3.      I do not maintain an office within the State of Mississippi and have not engaged in

the general practice of law in Mississippi without being properly admitted and licensed to practice

law in this state.

1

Exhibit A

4.      The jurisdictions to which I am admitted to practice and the dates of admittance are

as follows:

| Court | Admitted to Practice |
|---|---|
| State of Georgia | November 21, 2006 |
| State of Tennessee | April 13, 2007 |
| District of Columbia | May 1, 2017 |
| USDC Western District of Tennessee | September 12, 2007 |
| USDC Eastern District of Michigan | March 7, 2019 |
| USDC Northern District of Texas | October 7, 2022 |
| US Court of Appeals for the Sixth Circuit | April 3, 2019 |
| US Court of Appeals for the Fifth Circuit | June 30, 2022 |
| Supreme Court of the United States | January 13, 2014 |

5.      I am currently admitted in good standing to practice law in each jurisdiction in

which I have been admitted referenced above, am not currently suspended or disbarred by any

jurisdiction in which I have been admitted, and have never been the subject of any disciplinary

action by the bar or courts of any jurisdiction.

6.      I am of good moral character and am familiar with the ethics, principles, practices,

customs, and legal usages of the legal profession in Mississippi.

7.      Unless permitted to withdraw by order of the court, I will continue to represent my

client in this cause until its final determination.  With reference to all matters incident to such

cause, I consent to the jurisdiction of the courts of Mississippi, of the disciplinary tribunals of the

Mississippi Bar, and of the Mississippi Board of Bar Admissions in all respects as if I were a

regularly admitted and licensed member of the Mississippi Bar.

8.      The name and office address of the member in good standing of the Mississippi Bar

with whom I am associated in this cause is Michael C. Williams (MS Bar No. 104537) of the law

firm Bradley Arant Boult Cummings, LLP, One Jackson Place, Suite 1000, 188 E. Capitol Street,

Jackson, Mississippi, 39201.

Doc #1984650

Exhibit A

9.     The local attorney certifies below that he agrees to be associated with me in this action.

10.     Simultaneously with the filing of this affidavit, I am forwarding a fee of Three Hundred Dollars ($300.00) to the Mississippi Bar as required by Rule 46(b)(5) of the Mississippi Rules of Appellate Procedure.

11.     Simultaneously with the filing of this affidavit, I am forwarding the customary miscellaneous docket fee of Fifty Dollars ($50.00) to the Clerk of the Mississippi Supreme Court as required by Rule 46(B)(5) of the Mississippi Rules of Appellate Procedure.

12.     The matters stated in the foregoing Verified Application and Affidavit of Daniel T. French for Admission pro hac vice are true and correct as therein stated.

AND FURTHER AFFIANT SAYS NOT.

*Daniel T. French*
Daniel T. French

SWORN TO AND SUBSCRIBED BEFORE ME this the 10th day of January, 2024.

NOTARY PUBLIC

_____
My Commission Expires

Doc #1984650

Exhibit A

### LOCAL COUNSEL CERTIFICATION

I, Michael C. Williams, agree to be associated with Daniel T. French, Esq. in the above-caption action.

RESPECTFULLY SUBMITTED, this the 17th day of January, 2024.

By: */s/ Michael C. William*
Michael C. Williams (MBN 104537)

*Attorney for Defendant*
*Federal Express Corporation*

OF COUNSEL
Michael C. Williams (MBN 104537)
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS  39215
mcwilliams@bradley.com
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

4

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, a true and correct copy of the foregoing was electronically filed using the Court's MEC Filing System which will send notice of such filing to all counsel of record.

/s/ Michael C. Williams
Michael C. Williams

Doc #1984650

Exhibit A

# *Supreme Court of Tennessee*

# *Certificate of Good Standing*

I, James M. Hivner, Clerk of the Supreme Court of the State of Tennessee, do hereby certify that

## *Daniel Thompson French*

is a licensed and practicing attorney of the Courts of this State, having been admitted to practice on April 30, 2007, and is presently in good standing.  The Supreme Court is the Court of last resort in Tennessee.

In testimony whereof, I have set my hand and affixed the seal of the Court on this the 21st day of December, 2023.

James M. Hivner
Clerk of the Supreme Court of Tennessee

By: Donna Gilmore, D.C.

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 23-cv-00646

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.                                                  DEFENDANTS

**VERIFIED APPLICATION AND AFFIDAVIT OF
BRANDON D. PETTES FOR ADMISSION *PRO HAC VICE***

I, Brandon D. Pettes, after having been first duly sworn, submit the following information and affidavit in accordance with Rule 46(b) of the Mississippi Rules of Appellate Procedure:

1.      I desire to appear as counsel *pro hac vice* for Federal Express Corporation in the civil action styled and numbered Cause No. 43CI1:23-CV-00646 pending in the Circuit Court of Lincoln County, Mississippi.

2.      My name is Brandon D. Pettes.  I practice law with Federal Express Corporation, with offices in Memphis, Tennessee.  My mailing address for purposes of this case is 3620 Hacks Cross Road, Building B, 2nd Floor, Memphis, TN 38125; Telephone No. 901-434-8537; Fax No. 901-457-6522; E-mail address brandon.pettes@fedex.com.  My residence address is 1324 Winoka Road,  Collierville, TN 38017.

3.      I do not maintain an office within the State of Mississippi and have not engaged in the general practice of law in the State of Mississippi without being properly admitted and licensed to practice law in this state.

4.      The jurisdictions to which I am admitted to practice and the dates of admittance are as follows:

1

Doc #1984648

Exhibit A

| Court | Admitted to Practice |
|---|---|
| Supreme Court of Tennessee (Bar No. 031264) | 11/08/2012 |
| State Bar of Texas (Bar No. 24120527) | 10/15/2020 |
| U.S. District Court, Western District of Tennessee | 1/14/2013 |
| U.S. District Court, Eastern District of Michigan | 11/23/2021 |
| U.S. Court of Appeals, Third Circuit | 1/27/2021 |
| U.S. Supreme Court (Bar No. 318046) | 3/6/2023 |

5.    I am currently admitted in good standing to practice law in each jurisdiction in which I have been admitted referenced above, am not currently suspended or disbarred by any jurisdiction in which I have been admitted, and have never been the subject of any disciplinary action by the bar or courts of any jurisdiction.

6.    I am of good moral character and am familiar with the ethics, principles, practices, customs, and legal usages of the legal profession in the State of Mississippi.

7.    Unless permitted to withdraw by order of the court, I will continue to represent my client in this cause until its final determination.  With reference to all matters incident to such cause, I consent to the jurisdiction of the courts of the State of Mississippi, of the disciplinary tribunals of the Mississippi Bar, and of the Mississippi Board of Bar Admissions in all respects as if I were a regularly admitted and licensed member of the Mississippi Bar.

8.    The name and office address of the member in good standing of the Mississippi Bar with whom I am associated in this cause is Michael C. Williams (MS Bar No. 104537) of the law firm Bradley Arant Boult Cummings, LLP, One Jackson Place, Suite 1000, 188 E. Capitol Street, Jackson, Mississippi, 39201.

9.    The local attorney certifies below that he agrees to be associated with me in this action.

Doc #1984648

Exhibit A

10.    Simultaneously with the filing of this affidavit, I am forwarding a fee of Three Hundred Dollars ($300.00) to the Mississippi Bar as required by Rule 46(b)(5) of the Mississippi Rules of Appellate Procedure.

11.    Simultaneously with the filing of this affidavit, I am forwarding the customary miscellaneous docket fee of Fifty Dollars ($50.00) to the Clerk of the Mississippi Supreme Court as required by Rule 46(B)(5) of the Mississippi Rules of Appellate Procedure.

12.    The matters stated in the foregoing Verified Application and Affidavit of Brandon D. Pettes for Admission *pro hac vice* are true and correct as therein stated.

AND FURTHER AFFIANT SAYS NOT.

*Brandon D. Pettes*
Brandon D. Pettes

SWORN TO AND SUBSCRIBED BEFORE ME this the 10th day of January, 2024.

Donna K. Moore
NOTARY PUBLIC

_____
My Commission Expires

3

Doc #1984648

Exhibit A

## LOCAL COUNSEL CERTIFICATION

I, Michael C. Williams, agree to be associated with Brandon D. Pettes, Esq. in the above-captioned action.

RESPECTFULLY SUBMITTED, this the 17th day of January, 2024.

By:    */s/ Michael C. William*
Michael C. Williams (MBN 104537)

*Attorney for Defendant*
*Federal Express Corporation*

OF COUNSEL
Michael C. Williams (MBN 104537)
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS  39215
mcwilliams@bradley.com
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

4

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2024, a true and correct copy of the foregoing was electronically filed using the Court's MEC Filing System which will send notice of such filing to all counsel of record.

*/s/ Michael C. Williams*
Michael C. Williams

Doc #1984648

Exhibit A

## *Supreme Court of Tennessee*

## *Certificate of Good Standing*

I, James M. Hivner, Clerk of the Supreme Court of the State of Tennessee, do hereby certify that

## *Brandon D. Pettes*

is a licensed and practicing attorney of the Courts of this State, having been admitted to practice on November 8, 2012, and is presently in good standing. The Supreme Court is the Court of last resort in Tennessee.

In testimony whereof, I have set my hand and affixed the seal of the Court on this the 27th day of November, 2023.



James M. Hivner
Clerk of the Supreme Court of Tennessee

Donna Gilmore, D.C.

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                                                 **PLAINTIFF**

v.                                                                              **CIVIL ACTION NO. 23-cv-00646**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                                                   **DEFENDANTS**

**NOTICE OF FILING OF MISSISSIPPI SUPREME**
**COURT CLERK'S *PRO HAC VICE* STATEMENT AND REPORT**

COMES NOW Defendant, Federal Express Corporation, pursuant to Rule 46(b)(5) of the

Mississippi Rules of Appellate Procedure, and files this Notice of Filing of the *Pro Hac Vice*

Statement and Report from the Clerk of the Mississippi Supreme Court.  The Supreme Court

Clerk's Statement and Report of Terrence O. Reed, attached hereto as Exhibit "A," indicates all

causes or other matters in which Terrence O. Reed has previously requested leave to appear as

counsel *pro hac vice*, including the date and Court to allow the non-resident attorney to be admitted

*pro hac vice by* comity, but with personal participation of resident licensed attorney Michael C.

Williams.

RESPECTFULLY SUBMITTED, this the 18th day of January, 2024.

/s/ *Michael C. Williams*
Michael C. Williams (MBN 104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, Mississippi 39201
mcwilliams@bradley.com
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorney for Defendant Federal Express*
*Corporation*

Exhibit A

## CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on January 18, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

/s/ *Michael C. Williams*
MICHAEL C. WILLIAMS

Electronic Document    Case: 5:24-cv-00040-DCB-LGI    Document 1-1    Filed 04/17/24    Page 131 of 135
Jan 17 2024 15:48:30    2024-AC-00058    Pages: 2

Case: 43CI1:23-cv-00646    Document #: 27-1    Filed: 01/18/2024    Page 1 of 2

## Supreme Court of Mississippi
## Court of Appeals of the State of Mississippi
### *Office of the Clerk*

D. Jeremy Whitmire                                   *(Street Address)*
Post Office Box 249                                  450 High Street
Jackson, Mississippi 39205-0249                      Jackson, Mississippi 39201-1082
Telephone: (601) 359-3694
Facsimile:  (601) 359-2407                           e-mail:sctclerk@courts.ms.gov

                        January 17, 2024

**RE:    Terrence O'Neal Reed**
**        D'Monterrio Gibson v. Federal Express Corporation**
**        SC #: 2024-AC-00058;  Trial Court #: 43CI1:23-cv-00646**
**        Lincoln County Circuit Court District 1**

### CLERK'S PRO HAC VICE STATEMENT

Attached hereto is a record indicating all causes or other matters which have been
reported to the Office of the Clerk of the Supreme Court in which the specified foreign
attorney previously requested to appear as counsel pro hac vice and the date and
disposition of each request.

Pursuant to Mississippi Rules of Appellate Procedure, Rule 46 (b) (7) ***provides that upon
entry of an order by the trial court judge it is the responsibility of the foreign attorney
to provide this office with a copy of the order***.

Effective May 27, 2004, by order of the Court, M.R.A.P. 46 (b)(5) was amended to place the
responsibility of obtaining, filing and serving the statement of the Clerk of the Supreme Court
upon the foreign attorney seeking leave to appear pro hac vice.  **The foreign attorney shall file a
copy of the Statement and Pro Hac Vice Report on the trial court clerk, the trial court
judge, local counsel and attorneys of record**.  The Clerk of the Supreme Court will provide
one copy to the foreign attorney.

                                            _____
                                            **CLERK**

Exhibit A

## Pro Hac Vice Report

Date Run:01/17/2024

Tracking # 996097          Name:  Terrence O'Neal Reed
Cases Attached To:

2024-AC-00058          Lincoln County Circuit Court District 1                    Michael M. Taylor

D'Monterrio Gibson v. Federal Express Corporation              Local Atty: Michael Casey Williams
Application Filed: 01/17/2024      Clerk's Notice Issued:01/17/2024      Delinquency Issued:
Trial Court Order Recvd:

                                                                                    Total: 1

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 23-cv-00646**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                                    **DEFENDANTS**

**NOTICE OF FILING OF MISSISSIPPI SUPREME**
**COURT CLERK'S *PRO HAC VICE* STATEMENT AND REPORT**

COMES NOW Defendant, Federal Express Corporation, pursuant to Rule 46(b)(5) of the

Mississippi Rules of Appellate Procedure, and files this Notice of Filing of the *Pro Hac Vice*

Statement and Report from the Clerk of the Mississippi Supreme Court.  The Supreme Court

Clerk's Statement and Report of Daniel T. French, attached hereto as Exhibit "A," indicates all

causes or other matters in which Daniel T. French has previously requested leave to appear as

counsel *pro hac vice*, including the date and Court to allow the non-resident attorney to be admitted

*pro hac vice by* comity, but with personal participation of resident licensed attorney Michael C.

Williams.

RESPECTFULLY SUBMITTED, this the 18th day of January, 2024.

/s/ *Michael C. Williams*
Michael C. Williams (MBN 104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, Mississippi 39201
mcwilliams@bradley.com
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorney for Defendant Federal Express*
*Corporation*

Exhibit A

**CERTIFICATE OF SERVICE**

I, Michael C. Williams, do hereby certify that on January 18, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

/s/ *Michael C. Williams*
MICHAEL C. WILLIAMS

Exhibit A

# Supreme Court of Mississippi
## Court of Appeals of the State of Mississippi
### *Office of the Clerk*

D. Jeremy Whitmire
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail: sctclerk@courts.ms.gov

January 17, 2024

**RE:   Daniel Thompson French**
**D'Monterrio Gibson v. Federal Express Corporation**
**SC #: 2024-AC-00058;  Trial Court #: 43CI1:23-cv-00646**
**Lincoln County Circuit Court District 1**

### CLERK'S PRO HAC VICE STATEMENT

Attached hereto is a record indicating all causes or other matters which have been reported to the Office of the Clerk of the Supreme Court in which the specified foreign attorney previously requested to appear as counsel pro hac vice and the date and disposition of each request.

Pursuant to Mississippi Rules of Appellate Procedure, Rule 46 (b) (7) ***provides that upon entry of an order by the trial court judge it is the responsibility of the foreign attorney to provide this office with a copy of the order***.

Effective May 27, 2004, by order of the Court, M.R.A.P. 46 (b)(5) was amended to place the responsibility of obtaining, filing and serving the statement of the Clerk of the Supreme Court upon the foreign attorney seeking leave to appear pro hac vice.  **The foreign attorney shall file a copy of the Statement and Pro Hac Vice Report on the trial court clerk, the trial court judge, local counsel and attorneys of record**.  The Clerk of the Supreme Court will provide one copy to the foreign attorney.

**CLERK**

Exhibit A