## Pro Hac Vice Report

Date Run:01/17/2024

---

Tracking # 996096                Name:  Daniel Thompson French
Cases Attached To:

---

2024-AC-00058        Lincoln County Circuit Court District 1                    Michael M. Taylor

D'Monterrio Gibson v. Federal Express Corporation              Local Atty: Michael Casey Williams
Application Filed: 01/17/2024    Clerk's Notice Issued:01/17/2024    Delinquency Issued:

Trial Court Order Recvd:

---

                                                        Total: 1

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 23-cv-00646

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.                                                          DEFENDANTS

### NOTICE OF FILING OF MISSISSIPPI SUPREME
### COURT CLERK'S *PRO HAC VICE* STATEMENT AND REPORT

COMES NOW Defendant, Federal Express Corporation, pursuant to Rule 46(b)(5) of the

Mississippi Rules of Appellate Procedure, and files this Notice of Filing of the *Pro Hac Vice*

Statement and Report from the Clerk of the Mississippi Supreme Court.  The Supreme Court

Clerk's Statement and Report of Brandon D. Pettes, attached hereto as Exhibit "A," indicates all

causes or other matters in which Brandon D. Pettes has previously requested leave to appear as

counsel *pro hac vice*, including the date and Court to allow the non-resident attorney to be admitted

*pro hac vice by* comity, but with personal participation of resident licensed attorney Michael C.

Williams.

RESPECTFULLY SUBMITTED, this the 18th day of January, 2024.

/s/ *Michael C. Williams*
Michael C. Williams (MBN 104537)
Bᴙᴀᴅʟᴇʏ Aᴙᴀɴᴛ Bᴏᴜʟᴛ Cᴜᴍᴍɪɴɢs, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, Mississippi 39201
mcwilliams@bradley.com
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorney for Defendant Federal Express*
*Corporation*

Exhibit A

## CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on January 18, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

/s/ *Michael C. Williams*
MICHAEL C. WILLIAMS

Exhibit A

Case 5:24-cv-00040-DCB-LGI   Document 1-2   Filed 04/17/24   Page 4 of 134
Electronic Document        Jan 17 2024 13:44:02        2024-AC-00058        Pages: 2
        Case: 43CI1:23-cv-00646   Document #: 29-1   Filed: 01/18/2024   Page 1 of 2

# Supreme Court of Mississippi
## Court of Appeals of the State of Mississippi
### *Office of the Clerk*

D. Jeremy Whitmire                                  *(Street Address)*
Post Office Box 249                                 450 High Street
Jackson, Mississippi 39205-0249                     Jackson, Mississippi 39201-1082
Telephone: (601) 359-3694
Facsimile:  (601) 359-2407                          e-mail:sctclerk@courts.ms.gov

                              January 17, 2024

**RE:   Brandon D. Pettes**
**      D'Monterrio Gibson v. Federal Express Corporation**
**      SC #: 2024-AC-00058;  Trial Court #: 43CI1:23-cv-00646**
**      Lincoln County Circuit Court District 1**

### CLERK'S PRO HAC VICE STATEMENT

Attached hereto is a record indicating all causes or other matters which have been
reported to the Office of the Clerk of the Supreme Court in which the specified foreign
attorney previously requested to appear as counsel pro hac vice and the date and
disposition of each request.

Pursuant to Mississippi Rules of Appellate Procedure, Rule 46 (b) (7) ***provides that upon
entry of an order by the trial court judge it is the responsibility of the foreign attorney
to provide this office with a copy of the order***.

Effective May 27, 2004, by order of the Court, M.R.A.P. 46 (b)(5) was amended to place the
responsibility of obtaining, filing and serving the statement of the Clerk of the Supreme Court
upon the foreign attorney seeking leave to appear pro hac vice.  **The foreign attorney shall file a
copy of the Statement and Pro Hac Vice Report on the trial court clerk, the trial court
judge, local counsel and attorneys of record**.  The Clerk of the Supreme Court will provide
one copy to the foreign attorney.

                              _____
                                        **CLERK**

                              Exhibit A

## Pro Hac Vice Report

Date Run:01/17/2024

---

Tracking # 106729          Name:  Brandon D. Pettes
Cases Attached To:

---

2024-AC-00058        Lincoln County Circuit Court District 1                    Michael M. Taylor

D'Monterrio Gibson v. Federal Express Corporation                Local Atty: Michael Casey Williams
Application Filed: 01/17/2024     Clerk's Notice Issued:01/17/2024   Delinquency Issued:
Trial Court Order Recvd:

---

Total: 1

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                                      **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 23-cv-00646**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                        **DEFENDANTS**

---

### NOTICE OF HEARING

---

Defendant, Federal Express Corporation, by and through counsel, will bring on for hearing its Motion to Sever before the Honorable Michael M. Taylor at the Lincoln County Circuit Courthouse, located at 301 S 1st Street, Brookhaven, Mississippi 39601, on March 25, 2024, at 3:30 p.m. or as soon as counsel may be heard.

RESPECTFULLY SUBMITTED, this the 29th day of January, 2024.

/s/ *Michael C. Williams*
Michael C. Williams (MBN 104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, Mississippi 39201
mcwilliams@bradley.com
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorney for Defendant Federal Express Corporation*

1

Exhibit A

## CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on January 29, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

/s/ *Michael C. Williams*
MICHAEL C. WILLIAMS

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                              PLAINTIFF

VS.                                              CIVIL CAUSE NO. 23-646--LT

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE                                     DEFENDANT
AND ADCAMP, INC.

## ORDER OF RECUSAL AND TRANSFER OF CASE

This cause coming on this day to be heard on Motion of Michael M. Taylor, Circuit Judge for the Fourteenth Circuit Court District, for the reason that he has determined, pursuant to the Code of Judicial Conduct, that he is unable to act as Judge in the above styled and numbered cause and with Judge David H. Strong, Jr., the other Circuit Judge in the District, being willing to accept the case, the undersigned does hereby transfer the above styled and numbered cause to Judge Strong. All matters pertaining to the above-styled case will hereinafter be heard by Judge Strong and this case shall henceforth be numbered as cause number CI2023646-LT-LS.

SO ORDERED AND ADJUDGED this, the 2ND day of February, 2024.

_____
CIRCUIT JUDGE MICHAEL M. TAYLOR

CIRCUIT JUDGE MICHAEL M. TAYLOR
14TH JUDICIAL COURT DISTRICT
P. O. DRAWER 1350
BROOKHAVEN, MS 39602
601/835-1576
BAR NO. 8632

FEB 05 2024

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                              PLAINTIFF

v.                                                      CIVIL ACTION NO. 23-cv-00646

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.                                                             DEFENDANTS

---

## AMENDED NOTICE OF HEARING

---

Defendant, Federal Express Corporation, by and through counsel, will bring on for hearing its Motion to Sever before the Honorable David H. Strong at the Lincoln County Circuit Courthouse, located at 301 S 1st Street, Brookhaven, Mississippi 39601, on Monday, March 25, 2024, at 11:00 a.m. or as soon as counsel may be heard.

RESPECTFULLY SUBMITTED, this the 7th day of February, 2024.

<div style="margin-left:40%">

/s/ *Michael C. Williams*
Michael C. Williams (MBN 104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, Mississippi 39201
mcwilliams@bradley.com
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorney for Defendant Federal Express Corporation*

</div>

1

Exhibit A

### CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on February 7, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

/s/ *Michael C. Williams*
MICHAEL C. WILLIAMS

2

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                           **PLAINTIFF**

v.                                                              CIVIL ACTION NO. 23-cv-00646—LT.LS

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                                      **DEFENDANTS**

## ORDER FOR ADMISSION *PRO HAC VICE*

This matter is before the Court on the Verified Application of Attorney Brandon D. Pettes

for permission to appear *pro hac vice* filed by Defendant Federal Express Corporation.  The Court,

having considered same and having determined that all requirements of M.R.A.P. 46(b)(5) have

been fully complied with, including the filing of the verified application, payments of the required

fees, and filing of the Mississippi Supreme Court Clerk's Pro Hac Vice Statement and Report with

the Court, finds that the relief sought should be granted and an Order entered on the terms set forth

herein.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Brandon D. Pettes of the Federal

Express Corporation, is hereby admitted *pro hac vice* in the above-entitled action as additional

counsel for Defendant Federal Express Corporation.

SO ORDERED, this the _____ day of _____ 2/7 _____, 2024.

_____
Circuit Court Judge

*[Seal: DUSTIN R. BAIRFIELD, CIRCUIT CLERK / FEB 09 2024 / By SW D.C.]*

Exhibit A

Submitted by:

*/s/ Michael C. Williams*
Michael C. Williams (MSN 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

*Attorney for Federal Express Corporation*



Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

**D'MONTERRIO GIBSON**                                                        **PLAINTIFF**

**v.**                                                          CIVIL ACTION NO. 23-cv-00646-*LT-LS*

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                              **DEFENDANTS**

## ORDER FOR ADMISSION *PRO HAC VICE*

This matter is before the Court on the Verified Application of Attorney Terrence O. Reed

for permission to appear *pro hac vice* filed by Defendant Federal Express Corporation. The Court,

having considered same and having determined that all requirements of M.R.A.P. 46(b)(5) have

been fully complied with, including the filing of the verified application, payments of the required

fees, and filing of the Mississippi Supreme Court Clerk's Pro Hac Vice Statement and Report with

the Court, finds that the relief sought should be granted and an Order entered on the terms set forth

herein.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Terrence O. Reed of the Federal

Express Corporation, is hereby admitted *pro hac vice* in the above-entitled action as additional

counsel for Defendant Federal Express Corporation.

SO ORDERED, this the _____ day of _____*2/7*_____, 2024.

_____
Circuit Court Judge

DUSTIN R. BARFIELD, CIRCUIT CLERK
FEB 09 2024
BY _____ D.C.

Exhibit A

Submitted by:

*/s/ Michael C. Williams*

Michael C. Williams (MSN 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

*Attorney for Federal Express Corporation*



Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

v.                                                    CIVIL ACTION NO. 23-cv-00646 - *LT-LS*

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                                    **DEFENDANTS**

## ORDER FOR ADMISSION *PRO HAC VICE*

This matter is before the Court on the Verified Application of Attorney Daniel T. French

for permission to appear *pro hac vice* filed by Defendant Federal Express Corporation. The Court,

having considered same and having determined that all requirements of M.R.A.P. 46(b)(5) have

been fully complied with, including the filing of the verified application, payments of the required

fees, and filing of the Mississippi Supreme Court Clerk's Pro Hac Vice Statement and Report with

the Court, finds that the relief sought should be granted and an Order entered on the terms set forth

herein.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Daniel T. French of the Federal

Express Corporation, is hereby admitted *pro hac vice* in the above-entitled action as additional

counsel for Defendant Federal Express Corporation.

SO ORDERED, this the _____ day of _____ 2/7 _____, 2024.

_____
Circuit Court Judge

Exhibit A

Submitted by:

*/s/ Michael C. Williams*
Michael C. Williams (MSN 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

*Attorney for Federal Express Corporation*



Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

**D'MONTERRIO GIBSON**                                                     **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 23-cv-00646**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                                    **DEFENDANTS**

**CERTIFICATION BY TERRENCE O. REED**
**OF *PRO HAC VICE* ADMISSION**

I, Terrence O. Reed, do hereby certify pursuant to Miss. R. App. 46(b)(7) that I have

provided a copy of this Court's order granting me permission to appear *pro hac vice* in this case

to the Clerk of the Supreme Court of the State of Mississippi. A copy of the order e-filed with the

Supreme Court Clerk is attached hereto as Exhibit "A".

RESPECTFULLY SUBMITTED, this the 13th day of February, 2024.

> */s/ Terrence O. Reed*
> TERRENCE O. REED (PHV Tracking No. 996097)
> Federal Express Corporation
> 3620 Hacks Cross Road
> Building B, 2nd Floor
> Memphis, TN 38125
> brandon.pettes@fedex.com
> Phone: (901) 434-8603
> Fax: (901) 457-6522
>
> *Attorney for Federal Express Corporation*

OF COUNSEL:

Michael C. Williams (MBN 104537)
Bradley Arant Boult Cummings, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
Jackson, Mississippi 39201
Phone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

Exhibit A

## CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on February 13, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

*/s/ Michael C. Williams*
MICHAEL C. WILLIAMS

Exhibit A

E-Filed Document    Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 19 of 134
                    Feb 13 2024 16:06:36                        2024-AC-00058    Pages: 2
Case: 43CI1:23-cv-00646    Document #: 3751    Filed: 02/09/2024    Page 1 of 2

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 23-cv-00646-** *LT-LS*

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                              **DEFENDANTS**

### ORDER FOR ADMISSION *PRO HAC VICE*

    This matter is before the Court on the Verified Application of Attorney Terrence O. Reed

for permission to appear *pro hac vice* filed by Defendant Federal Express Corporation. The Court,

having considered same and having determined that all requirements of M.R.A.P. 46(b)(5) have

been fully complied with, including the filing of the verified application, payments of the required

fees, and filing of the Mississippi Supreme Court Clerk's Pro Hac Vice Statement and Report with

the Court, finds that the relief sought should be granted and an Order entered on the terms set forth

herein.

    IT IS, THEREFORE, ORDERED AND ADJUDGED that Terrence O. Reed of the Federal

Express Corporation, is hereby admitted *pro hac vice* in the above-entitled action as additional

counsel for Defendant Federal Express Corporation.

    SO ORDERED, this the _____ day of _____ 2/7 _____, 2024.

_____
Circuit Court Judge

*[Seal: DUSTIN R. BAIRFIELD, CIRCUIT CLERK — FEB 09 2024 — By SAN D.C.]*

Exhibit A

Submitted by:

*/s/ Michael C. Williams*
Michael C. Williams (MSN 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

*Attorney for Federal Express Corporation*



Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                                          PLAINTIFF

v.                                                             CIVIL ACTION NO. 23-cv-00646

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.                                                        DEFENDANTS

## CERTIFICATION BY BRANDON D. PETTES
## OF *PRO HAC VICE* ADMISSION

I, Brandon D. Pettes, do hereby certify pursuant to Miss. R. App. 46(b)(7) that I have

provided a copy of this Court's order granting me permission to appear *pro hac vice* in this case

to the Clerk of the Supreme Court of the State of Mississippi.  A copy of the order e-filed with the

Supreme Court Clerk is attached hereto as Exhibit "A".

RESPECTFULLY SUBMITTED, this the 13th day of February, 2024.

/s/ Brandon D. Pettes
BRANDON D. PETTES (PHV Tracking No. 106729)
Federal Express Corporation
3620 Hacks Cross Road
Building B, 2nd Floor
Memphis, TN  38125
brandon.pettes@fedex.com
Phone: (901) 434-8537
Fax: (901) 457-6522

*Attorney for Federal Express Corporation*

OF COUNSEL:
Michael C. Williams (MBN 104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
Jackson, Mississippi 39201
Phone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

1

Exhibit A

## CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on February 13, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

*/s/ Michael C. Williams*
MICHAEL C. WILLIAMS

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                   **PLAINTIFF**

**v.**                                          CIVIL ACTION NO. 23-cv-00646 *LT.LS*

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**And ADCAMP, INC.**                                            **DEFENDANTS**

### ORDER FOR ADMISSION *PRO HAC VICE*

This matter is before the Court on the Verified Application of Attorney Brandon D. Pettes

for permission to appear *pro hac vice* filed by Defendant Federal Express Corporation. The Court,

having considered same and having determined that all requirements of M.R.A.P. 46(b)(5) have

been fully complied with, including the filing of the verified application, payments of the required

fees, and filing of the Mississippi Supreme Court Clerk's Pro Hac Vice Statement and Report with

the Court, finds that the relief sought should be granted and an Order entered on the terms set forth

herein.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Brandon D. Pettes of the Federal

Express Corporation, is hereby admitted *pro hac vice* in the above-entitled action as additional

counsel for Defendant Federal Express Corporation.

SO ORDERED, this the _____ day of _____2/7_____, 2024.

_____
Circuit Court Judge

*[Clerk's seal: DUSTIN R. BAIRFIELD, CIRCUIT CLERK — FEB 09 2024 — By SW, D.C.]*

Exhibit A

Submitted by:

*/s/ Michael C. Williams*
Michael C. Williams (MSN 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

*Attorney for Federal Express Corporation*



IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                    **PLAINTIFF**

v.                                                    **CIVIL ACTION NO. 23-cv-00646**

**FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.**                                                   **DEFENDANTS**

### CERTIFICATION BY DANIEL T. FRENCH
### OF *PRO HAC VICE* ADMISSION

I, Daniel T. French, do hereby certify pursuant to Miss. R. App. 46(b)(7) that I have

provided a copy of this Court's order granting me permission to appear *pro hac vice* in this case

to the Clerk of the Supreme Court of the State of Mississippi. A copy of the order e-filed with the

Supreme Court Clerk is attached hereto as Exhibit "A".

RESPECTFULLY SUBMITTED, this the 13th day of February, 2024.

/s/ *Daniel T. French*
DANIEL T. FRENCH (PHV Tracking No. 996096)
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, TN 38125
danielfrench@fedex.com
Phone: (901) 434-8353
Fax: (901) 434-9235

*Attorney for Federal Express Corporation*

OF COUNSEL:

Michael C. Williams (MBN 104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
Jackson, Mississippi 39201
Phone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

1

Exhibit A

## CERTIFICATE OF SERVICE

I, Michael C. Williams, do hereby certify that on February 13, 2024, I electronically filed the above and foregoing document via the Court's MEC system, which will deliver copies to all counsel of record.

*/s/ Michael C. Williams*
MICHAEL C. WILLIAMS

Exhibit A

E-Filed Document            Feb 13 2024 10:01:38            2024-AC-00058            Pages: 2

Case 4:23-cv-00646    Document # 361    Filed 02/09/2024    Page 1 of 2

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                    **PLAINTIFF**

v.                                              CIVIL ACTION NO. 23-cv-00646 - *LT-LS*

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
And ADCAMP, INC.                                                     **DEFENDANTS**

## ORDER FOR ADMISSION *PRO HAC VICE*

This matter is before the Court on the Verified Application of Attorney Daniel T. French

for permission to appear *pro hac vice* filed by Defendant Federal Express Corporation. The Court,

having considered same and having determined that all requirements of M.R.A.P. 46(b)(5) have

been fully complied with, including the filing of the verified application, payments of the required

fees, and filing of the Mississippi Supreme Court Clerk's Pro Hac Vice Statement and Report with

the Court, finds that the relief sought should be granted and an Order entered on the terms set forth

herein.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Daniel T. French of the Federal

Express Corporation, is hereby admitted *pro hac vice* in the above-entitled action as additional

counsel for Defendant Federal Express Corporation.

SO ORDERED, this the _____ day of _____2/7_____, 2024.

_____
Circuit Court Judge

*[Circular clerk stamp: DUSTIN R. BAIRFIELD, CIRCUIT CLERK — FEB 09 2024 — BY D.C.]*

Exhibit A

Submitted by:

*/s/ Michael C. Williams*
Michael C. Williams (MSN 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 E. Capitol Street
P.O. Box 1789
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mcwilliams@bradley.com

*Attorney for Federal Express Corporation*



**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                             **PLAINTIFF**

vs.                                                  **Civil Action No.: <u>23-cv-646-LT</u>**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                    **DEFENDANTS**

---

## <u>DEFENDANT ADCAMP, INC.'S MOTION FOR SUMMARY JUDGMENT AND</u>
## <u>INCORPORATED MEMORANDUM OF AUTHORITIES IN SUPPORT OF SAME</u>

Defendant Adcamp, Inc. ("<u>Adcamp</u>") files its *Motion for Summary Judgment and Incorporated Memorandum of Authorities in Support of Same* against Plaintiff D'Monterrio Gibson ("<u>Gibson</u>"), showing the Court as follows:

### I.

### <u>INTRODUCTION</u>

1.     Gibson's claims against Adcamp must be dismissed. The legal standard for negligent entrustment of a motor vehicle requires evidence of "**physical harm**" resulting from use of the vehicle. *Sligh v. First Nat. Bank of Holmes Cty*, 735 So. 2d 963, 969 (Miss. 1999) (citing Restatement (Second) of Torts § 390) (emphasis added). It is undisputed that Gibson seeks only damages for emotional distress and other <u>non-physical injuries</u>.[1] To the extent Gibson has plead any other theory for vicarious liability against Adcamp arising out of the use of the truck, the undisputed facts show that Defendant Gregory Case was not engaged in any business purpose of Adcamp's at the time of the incident giving rise to Plaintiff's claims. For these and all the reasons set forth below, the Court should enter summary judgment in Adcamp's favor.

---

[1] *See Complaint* (MEC 2) ¶ 34 ("[a]s a result of the foregoing, the Plaintiff suffered serious **mental issues**"), ¶ 37 ("[t]he conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**"), ¶ 40 ("[t]he conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**") (emphasis added).

**Exhibit A**

## II.

## BACKGROUND AND UNDISPUTED FACTS

2.      This case arises out of an incident that occurred in Brookhaven's Junior Trail neighborhood on January 24, 2022. Gibson alleges that, on January 24, 2022, he was delivering packages as an employee of FedEx. *See* Complaint (MEC 2). Gibson claims that Defendant Gregory Case drove after him in a truck owned by Adcamp and that Defendant Brandon Case fired gunshots at him. *See Complaint* (MEC 2) ¶ 12-15. Gibson seeks damages against Defendants Brandon Case and Gregory Case for non-physical injuries arising out of the January 24, 2022 incident. *See* Complaint (MEC 2) ¶¶ 34, 37, and 40.

**A. Federal judge dismisses Gibson's first lawsuit; Gibson enters MWCC settlement.**

3.      This is at least the third legal action that Gibson has pursued related to the January 24, 2022 incident.

4.      On January 20, 2023, Gibson sued Federal Express Corporation ("FedEx"), Brandon Case, and Gregory Case in a federal lawsuit styled *D'Monterrio Gibson v. Federal Express Corporation et al.*, Civil Action No.: 3:23-cv-54-DPJ-FKB, in the United States District Court for the Southern District of Mississippi—Northern Division. *See* **Exhibit "B"** attached. Gibson sought damages for non-physical injuries.[2]

5.      On August 10, 2023, United States District Court Judge Daniel P. Jordan III entered an Order dismissing Gibson's claims in the federal case in their entirety. *See* Order of Dismissal (ECF 47).

6.      Gibson pursued a worker's compensation claim against FedEx before the

---

[2] Gibson pursued claims against these defendants including intentional racial discrimination under 42 U.S.C. § 1981 and Mississippi common law claims of civil assault and battery, negligent/intentional distress, general/gross negligence. *Id.* at ¶¶ 31-43. Gibson sought damages including "severe mental anguish and emotional distress" and "serious mental issues[.]" *Id.* at ¶¶ 34, 37, 40, & 43.

Exhibit A

Mississippi Workers' Compensation Commission in MWCC No. 2201473-R-5770-C.

7.      On or about November 13, 2023, Gibson entered a compromise settlement for $159,900, discharging FedEx of "any other and further liability to Claimant or his providers of medical care, including … any and all accidental injuries or occupational injuries or diseases, whether mental or physical, hereby sustained by Claimant[.]" *See* Order Approving Compromise Settlement and Dismissal with Prejudice (MEC 13-1), **Exhibit "C"** attached.

**B.  Gibson files new state court action adding Adcamp as a defendant.**

8.      After the dismissal of his first lawsuit and his MWCC settlement, Gibson filed the instant suit on November 20, 2023, adding Adcamp as a party defendant. *See Complaint* (MEC 2).

9.      Gibson contends that "[o]n January 24, 2022, [he] was delivering packages as an employee of FedEx, in the Junior Trial (sic) neighborhood of Brookhaven, Mississippi (Lincoln County). [Gibson] arrived at the residential destination, delivered the package, and returned to this work truck." *See Complaint* (MEC 2) ¶ 11.

10.     Gibson asserts that "[w]hen [he] returned to his work truck, he noticed a white truck, driven by Defendant G. Case, and owned by Defendant Adcamp, speeding towards him from behind. Defendant G. Case began honking his horn. … Defendant G. Case recklessly sped past [Gibson] to cut him off, but [Gibson] was able to maneuver the work truck around them and continued driving." *See Complaint* (MEC 2) ¶ 12-13.

11.     Gibson claims that Defendant Gregory Case drove the Adcamp truck but never struck him or caused him physical injury.

12.     Instead, Gibson asserts that Defendant Brandon Case fired a gun at him:

At this point, Defendant B. Case is waving a firearm in [Gibson's] direction in the middle of the street, motioning for [Gibson] to stop the vehicle. [Gibson] refused

3

**Exhibit A**

and drove around Defendant B. Case.

Defendant B. Case began to fire shots at [Gibson] as he was trying to get to safety.

*See Complaint* (MEC 2) ¶ 14-15.

13.    Gibson alleges that "Defendants Brandon and Gregory Case proceeded to chase [Gibson] throughout the Junior Trial (sic) neighborhood and nearby to the main interstate/highway using the truck supplied by Defendant Adcamp." *See Complaint* (MEC 2) ¶ 16.

14.    Gibson seeks damages against Defendants Brandon and Gregory Case for <u>non-physical injuries</u> as follows:

    a.    *[Civil Assault & Battery vs. Defendants Brandon and Gregory Case]*

      "As a result of the foregoing, the Plaintiff suffered serious **mental issues,** including severe anxiety, loss of sleep, depression, and emotional distress."
      *See* Complaint (MEC 2) ¶ 34 (emphasis added).

    b.    *[Negligent/IIED vs. Defendants Brandon and Gregory Case]*

      "The conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame … Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the negligent or intentional actions of Defendants."
      *See* Complaint (MEC 2) ¶ 37 (emphasis added).

    c.    *[General/Gross Negligence vs. Defendants Brandon and Gregory Case]*

      "The conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame … Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the negligent or intentional actions of Defendants."
      *See* Complaint (MEC 2) ¶ 40 (emphasis added).

**C. Itemization of undisputed material facts for purposes of summary judgment.**

15.    In accordance with MISS. UNIF. R. CIR. & CNTY. CT. 4.02, Adcamp provides the

Exhibit A

following itemization of undisputed material facts in support of summary judgment:

   a. The incident giving rise to Gibson's claims occurred January 24, 2022 in the Junior Trail neighborhood of Brookhaven, Mississippi. *See Complaint* (MEC 2).

   b. Gibson alleges that, on January 24, 2022, he was delivering packages as an employee of FedEx, in the Junior Trail neighborhood of Brookhaven, Mississippi. *See Complaint*, ¶ 11 (MEC 2).

   c. Gibson alleges that he arrived at a residential destination, delivered a package, and returned to his work truck. *See Complaint*, ¶ 11 (MEC 2). Gibson claims that Defendant Gregory Case drove after him in a truck owned by Adcamp and that Defendant Brandon Case fired gunshots at him. *See Complaint* (MEC 2) ¶ 12-15.

   d. The truck did not strike Gibson. *See Complaint* (MEC 2).

   e. Gibson seeks damages against Defendants Brandon Case and Gregory Case for non-physical injuries arising out of the January 24, 2022 incident. *See Complaint* (MEC 2) ¶¶ 34, 37, and 40.

   f. Defendant Gregory Case is an employee of Adcamp and was so employed on January 24, 2022. *See Affidavit of Jason Brewer*, ¶ 5, **Exhibit "A"** attached.

   g. Adcamp owned the truck that Defendant Gregory Case was driving at the material times on January 24, 2022. *See Affidavit of Jason Brewer*, ¶ 6, **Exhibit "A"** attached.

   h. Adcamp's office is located at 1353 Flowood Drive, Flowood, MS 39232. *See Affidavit of Jason Brewer*, ¶ 3, **Exhibit "A"** attached.

   i. Adcamp is engaged in the business of asphalt paving. *See Affidavit of Jason Brewer*, ¶ 4, **Exhibit "A"** attached.

   j. Defendant Gregory Case resides in Brookhaven, Mississippi. *See Complaint*, ¶ 4 (MEC 2).

   k. Defendant Gregory Case had gone home from work at the time of the incident made subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 7, **Exhibit "A"** attached.

   l. Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 8, **Exhibit "A"** attached.

### III.

### SUMMARY JUDGMENT STANDARD

16.   Summary judgment is appropriate when "the pleadings, depositions, answers to

Exhibit A

interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." MISS. R. CIV. P. 56. The evidence must be viewed in a light most favorable to the nonmoving party. *Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 756 (Miss. 2004). Mississippi law "mandates summary judgment when 'there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law.'" *Joe McGee Constr. Co. v. Brown-Bowens*, No. 2021-IA-01405-SCT, at *6 (Miss. Aug. 17, 2023) (citing *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So.2d 1186, 1188 (Miss. 1994)).

## IV.

## ARGUMENT & AUTHORITIES

17.    The Court must dismiss Gibson's claims against Adcamp in this case. Gibson's claims of negligent entrustment of a motor vehicle must be dismissed for lack of proof of "physical harm" caused by the truck. To the extent Gibson has asserted any other theory of vicarious liability for use of the truck, his claims fail because Defendant Gregory Case was not acting in furtherance of any employment objective of Adcamp's at the time of the incident giving rise to Gibson's claims. For these and all the reasons below, the Court should grant summary judgment in Adcamp's favor.

### A. Gibson's claims for negligent entrustment must be dismissed because he cannot meet the element of "physical harm" as required under Mississippi law.

18.    Gibson's claims are barred under Restatement (Second) of Torts § 390, as adopted by the Mississippi Supreme Court in *Sligh*, 735 So. 2d 963 (Miss. 1999). Gibson cannot present any evidence of—and, in fact, does not even allege—physical harm caused by Defendant Gregory Case's operation of the truck. Therefore, Gibson's claims against Adcamp fail as a matter of law and the Court should grant summary judgment in Adcamp's favor.

Exhibit A

19.    Gibson seeks to hold Adcamp variously liable for Defendant Gregory Case's actions under a theory of alleged negligent entrustment of a motor vehicle to him. *See* Complaint (MEC 2) ¶ 43 (Gibson states his theory of recovery as follows: "Defendant Adcamp is vicariously liable for the negligent or otherwise wrongful actions on the part of Defendant Gregory [Case] because of [its] Negligent Entrustment of a Motor Vehicle to Defendant Gregory [Case]"). However, the doctrine of negligent entrustment expressly requires a showing of "physical harm" to be actionable under the standard as adopted in Mississippi:

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of **physical harm** to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for **physical harm** resulting to them.

*Sligh*, 735 So. 2d at 969 (citing Restatement (Second) of Torts § 390) (emphasis added).

20.    Gibson cannot meet the elements of negligent entrustment under Mississippi law because he has no evidence of "physical harm" caused by the use of a motor vehicle:

| ELEMENT | EVIDENTIARY SUPPORT? | DESCRIPTION |
|---|---|---|
| One who supplies a chattel[3] | YES | Adcamp supplied a truck |
| for use of another | YES | for the use of Defendant Gregory Case |
| whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving **unreasonable risk of physical harm** to himself and <u>others whom the supplier should expect to share in or be endangered by its use</u> | NO | Gibson makes no allegations of <u>physical harm</u> arising out of the January 22, 2022 incident, and thus no evidence exists that Adcamp had knowledge that Defendant Gregory Case would use the truck in an unreasonably dangerous manner causing <u>physical harm</u> to himself or others. |
| is subject to **liability for physical harm** resulting to them. | NO | Gibson makes no allegations of <u>physical harm</u> arising out of the January 22, 2022 incident. |

---

[3] "Chattel" is generally defined as an article of "movable or transferable property." *Watercolor Salon LLC v. Hixon*, 353 So. 3d 453, 459 (Miss. 2022) (citing Black's Law Dictionary (11th ed. 2019)).

Exhibit A

21.     The Court must dismiss Gibson's claims against Adcamp for lack of evidence of "physical harm" caused by Defendant Case's use of the truck. Defendant Gregory Case never struck Gibson or caused him physical injury with the Adcamp truck. By his own admission, Gibson seeks damages solely for non-physical damages, including "mental issues" and "emotional distress." *See* Complaint (MEC 2) ¶¶ 34, 37, and 40 (and likewise, Gibson has no evidence that Adcamp "knew or had reason to know" that it would be used in such a manner).

22.     The standard under Mississippi law only makes an employer liable for "physical harm" resulting from an employee's use of a motor vehicle. Therefore, Gibson's claims for negligent entrustment of a vehicle fail as a matter of law.

**B. Gibson's vicarious liability theory against Adcamp fails because Defendant Gregory Case was not acting in furtherance of any employment objective of Adcamp's at the time of the incident giving rise to his claims.**

23.     Gibson does not assert—nor does any evidence exist to show—that Defendant Gregory Case was acting in the course and scope of his employment with Adcamp at the time of the incident giving rise to Gibson's claims. Gibson's *Complaint* vaguely pleads that Adcamp is liable for "negligent hiring, supervision, training, and retention of Defendant Gregory Case[.]" *See* Complaint (MEC 2), ¶ 42. This claim appears to be a derivative of Gibson's negligent entrustment of a motor vehicle claim and should be dismissed on that basis. However, even if the Court were to construe it as asserting another theory of vicarious liability, it fails as a matter of law.

24.     Under Mississippi law, "[a]n "employer is responsible for the torts of its employee only when the torts are 'committed within the scope of the employment.'" *Parmenter v. J & B Enters., Inc.*, 99 So. 3d 207, 215 (Miss. Ct. App. 2012) (citing *Favre v. Wal-Mart Stores*, 820 So. 2d 771, 773 (Miss. Ct. App. 2002)). "The test used in determining whether an employee's

8

Exhibit A

tortious act is within the scope of his employment is whether it was done in the course of and as a means to the accomplishment of the purposes of the employment and therefore in furtherance of the master's business." *Id.* (citing *Favre*, 820 So. 2d at 773-774). If an employee is not acting in furtherance of any employment objective, then the plaintiff's vicarious liability claims against the employer must fail.

25.    The undisputed material facts demonstrate that Defendant Gregory Case was not engaged in any business purpose of Adcamp's at the time of the incident giving rise to Gibson's claims. Adcamp's office is located in Flowood, Mississippi, and Adcamp is engaged in the business of asphalt paving. *See Affidavit of Jason Brewer*, ¶¶ 3-4, **Exhibit "A"** attached. Defendant Gregory Case had driven home to Brookhaven at the time of the incident giving rise to Gibson's claims. *See Affidavit of Jason Brewer*, ¶ 7, **Exhibit "A"** attached. Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 8, **Exhibit "A"** attached.

26.    Therefore, Defendant Gregory Case was engaged in some purpose of his own in which Adcamp had no interest or involvement. *See Broadway v. Kelley Brothers*, 803 So. 2d 1155, 1156 (Miss. 2000). Since Defendant Gregory Case had left work and driven home, Adcamp also had no right to control the vehicle at the time of the acts complained of by Gibson in this case. *See Guardianship of Garvin v. Tupelo Furniture Mkt., Inc.*, 127 So. 3d 197, 200 (Miss. 2013). Adcamp cannot be liable for personal acts committed by Defendant Gregory Case outside the course and scope of his employment with Adcamp. *See Lovett Motor Co., et al. v. Walley*, 217 Miss. 384, 390 (Miss. 1953).

Exhibit A

## V.

## CONCLUSION

27.    For these and all the reasons set forth above, the Court should grant summary

judgment in Adcamp's favor.

THIS the 12th day of March, 2024.

**Adcamp, Inc.**

By:   */s/Don A. McGraw, Jr.*
      Don A. McGraw, Jr.,
      its attorney

OF COUNSEL:

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
jmartin@johnpmartinlaw.com
*Attorneys for Defendant Adcamp, Inc.*

Exhibit A

## CERTIFICATE OF SERVICE

I, Don A. McGraw, Jr., do hereby certify that I have this day served a true and correct copy of the above and foregoing **DEFENDANT ADCAMP, INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF AUTHORITIES IN SUPPORT OF SAME** in accordance with the Mississippi Rules of Civil Procedure upon the following:

Carlos E. Moore
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
cmoore@cochranfirm.com
*Attorney for Plaintiff D'Monterrio Gibson*

Michael Williams
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
mcwilliams@bradley.com
*Attorney for Defendant Federal Express Corporation*

Kannan Stubbs
THE STUBBS LAW FIRM
1675 Highway 80 E
Flowood, MS 39232
kannan@stubbsms.com
*Attorney for Defendants Gregory Case and Brandon Case*

SO CERTIFIED, this the 12th day of March, 2024.

/s/ Don A. McGraw, Jr.
Don A. McGraw, Jr.

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                          **PLAINTIFF**

**vs.**                                                          Civil Action No.: <u>23-cv-646-LT</u>

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                                          **DEFENDANTS**

<u>**AFFIDAVIT OF JASON BREWER**</u>

STATE OF MISSISSIPPI

COUNTY OF RANKIN

PERSONALLY appeared before me, the undersigned authority in and for said county and state, Jason Brewer, who, having been first duly sworn by the undersigned Notary Public, deposes and says:

1.    My name is Jason Brewer, and I am an adult resident citizen of Simpson County, Mississippi. I have personal knowledge of all facts herein and I am competent to testify in all respects.

2.    I am Vice-President of Operations at Adcamp, Inc. ("Adcamp").

3.    Adcamp's office is located at 1353 Flowood Drive, Flowood, MS 39232.

4.    Adcamp is engaged in the business of asphalt paving.

5.    Defendant Gregory Case is an employee of Adcamp and was so employed on January 24, 2022.

6.    Adcamp owned the truck that Defendant Gregory Case was driving at the material times on January 24, 2022.

7.    Defendant Gregory Case had gone home from work at the time of the incident made subject of this lawsuit.

1



EXHIBIT A
Exhibit A

8.   Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit.

FURTHER, AFFIANT SAYETH NOT.

JASON BREWER

SWORN TO AND SUBSCRIBED BEFORE ME, this the _8th_ day of March, 2024.

NOTARY PUBLIC

My commission expires:

March 8, 2027

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 347367
AMBER D. COFFEY
Commission Expires
March 8, 2027
RANKIN COUNTY

2

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 42 of 134
Case: 43CI1:23-cv-00646    Document #: 41-2    Filed: 03/12/2024    Page 1 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 1 of 9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**D'MONTERRIO GIBSON**                                                           **PLAINTIFF**

**v.**                                                    Civil Action No.: <u>3:23-cv-54-DPJ-FKB</u>

**FEDERAL EXPRESS CORPORATION, CITY OF**
**BROOKHAVEN, MISSISSIPPI, CHIEF KENNY**
**COLLINS, IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITY, BRANDON CASE, and GREGORY CASE**                **DEFENDANTS**

### COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff D'Monterrio Gibson (hereinafter "Plaintiff"), by counsel, and

files this his *Complaint* against Federal Express Corporation, City of Brookhaven, Mississippi,

Chief Kenny Collins, in his individual and official capacity, Brandon Case, and Gregory Case,

to recover actual and punitive damages (against the individually-named Defendants) for the

Defendants' acting in concert and conspiracy to violate Mr. Gibson's rights under 42 U.S.C.

§1981, for obstruction of justice, and Mississippi common law claims of negligence and

intentional torts and would show unto the Honorable Court the following, to wit:

### PARTIES

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Hinds

   County, Mississippi.

2. Defendant Federal Express Corporation (hereinafter "Defendant FedEx") is a foreign

   corporation with its principal place of business in Tennessee, qualified to do business

   in the State of Mississippi, and it may be served with process upon its registered

   agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, MS

   39232.

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 43 of 134

Case: 43CI1:23-cv-00646   Document #: 41-2   Filed: 03/12/2024   Page 2 of 9
Case 3:23-cv-00054-DPJ-FKB   Document 1   Filed 01/20/23   Page 2 of 9

3.  Defendant City of Brookhaven, Mississippi (hereinafter "Defendant City") is a city entity that may be served with process on Samantha Melancon, City Clerk, at 301 S 1st Street, #102, Brookhaven, MS 39601.

4.  Defendant Chief Kenny Collins (hereinafter "Defendant Chief Collins" is an adult resident citizen of the Lincoln County, employed by City of Brookhaven, and he may be served with process at his place of employment, Brookhaven Police Department, located at 440 Hwy 51 South, Brookhaven, MS 39602.

5.  Brandon Case (hereinafter "B. Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, MS 39601.

6.  Gregory Case (hereinafter "G. Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, MS 39601.

### JURISDICTION and VENUE

7.  This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under 42 U.S.C. §1981, for obstruction of justice, and Mississippi common law claims of negligence and intentional torts.

8.  Venue is proper in the Southern District of Mississippi, pursuant 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

Exhibit A

## STATEMENT

9. Plaintiff D'Monterrio Gibson was acting within the scope of his employment with Defendant FedEx on January 24th, 2022, when he was civilly assaulted and battered by Defendants Brandon and Gregory Case. Defendants Case essentially terrorized, shot at, and chased Mr. Gibson out of the Junior Trial neighborhood of Lincoln County, Mississippi. Following the assault of Mr. Gibson, the Defendants City and Chief Collins deliberately delayed the proper investigation of the Mr. Gibson's claims against the Defendants Case, delayed the arrest of said Defendants Case, and delayed the presentation of critical evidence and documentation pertinent to the instant matter. Defendant FedEx sent him back to work on the same dangerous route the following day, intentionally discriminating against Plaintiff because of his race and intentionally inflicting emotional distress. This unconscionable conduct violated both Federal and State law. Justice for these acts is sought by this lawsuit.

## FACTS

10. This is a claim for Federal law violations, State law negligence, and intentional torts and racial discrimination filed by Plaintiff. These violations caused severe pain and suffering to D'Monterrio Gibson on January 24th, 2022.

11. At all times material hereto, Defendant FedEx was the employer of Plaintiff D'Monterrio Gibson, an African-American male.

12. On January 24, 2022, Plaintiff was delivering packages as an employee of FedEx, in the Junior Trial neighborhood of Brookhaven, Mississippi (Lincoln County). Plaintiff arrived at the residential destination, delivered the package, and returned to his work truck.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 45 of 134

Case: 43CI1:23-cv-00646-D Document #: 41-3    Filed 03/12/2024    Page 4 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/26/23    Page 4 of 9

13. When Plaintiff returned to his work truck, he noticed a white truck (driven by Defendant G. Case) speeding towards him from behind. Defendant G. Case began honking his horn.

14. Defendant G. Case recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work truck around them and continued driving.

15. At this point, Defendant B. Case is waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the vehicle. Plaintiff refused and drove around Defendant B. Case.

16. Defendant B. Case began to fire shots at Plaintiff as he was trying to get to safety.

17. Defendants Brandon and Gregory Case proceeded to chase Plaintiff throughout the Junior Trial neighborhood and nearby to the main interstate/highway.

18. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested that he call the police.

19. The supervisor wanted to wait until the following day to report the incident to the police, so Plaintiff had to call the police on his own.

20. Plaintiff went to the Brookhaven Police Department ("BPD") to make a report about the incident. An officer at the BPD took down notes and told Plaintiff that he would give it to his supervisor, Chief Collins, the following morning. The officer also asked that Plaintiff return to BPD the next morning with his supervisor.

21. Plaintiff returned to Defendant FedEx Richland, MS location when he left the Brookhaven Police Department.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 46 of 134

Case: 43CI1:23-cv-00646-DP Document #: 41-1    Filed 02/20/2024 Page 5 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23 Page 5 of 9

22. Upon his arrival, Cressa (another employee of FedEx) began inspecting the van and taking photos. She observed many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van.

23. On January 25th, 2022, Plaintiff returned to work for Defendant FedEx. Plaintiff was provided an official "FedEx" vehicle this time, and he was asked not to speak with any News outlets. Additionally, Plaintiff was assigned to the same route as the day before, which included the Junior Trial neighborhood of Brookhaven, Mississippi.

24. Plaintiff attempted to complete his work route, but due to experiencing severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working.

25. The same date, Plaintiff and a supervisor went to BPD for Plaintiff's statement. While at BPD, Plaintiff was taken back to the scene of the subject incident and waited in the police vehicle as police officials with individuals in the area about the incident.

26. Once Plaintiff and the supervisor were done at the Brookhaven Police Department, they returned to Defendant FedEx's Richland, Mississippi location. Plaintiff was asked to start his route, but he again informed the supervisor that he felt uncomfortable performing the route.

27. The following day, January 26th, 2022, Plaintiff began medical leave process due to severe anxiety. He was told that he should see a therapist, and Defendant FedEx would cover eight (8) free sessions, with two-weeks off without pay. Plaintiff began therapy sessions in February 2022.

28. Despite Plaintiff filing claims against Defendants Case, Defendant City and Chief Collins did not make an arrest until much later. In fact, Defendants City and Chief

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 47 of 134

Case: 43CI1:23-cv-00646-DP Document #: 41-2    Filed 02/12/2024    Page 6 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 6 of 9

Collins gave Defendants Case time to turn themselves in, which was eight (8) days later. Defendants Case were only in custody for approximately one (1) hour. Defendant B. Case was charged with aggravated assault, and Defendant G. Case was charged with conspiracy. Both Defendants were released on bond the same day.

29. Since their release on bond, Defendants City and Chief Collins have delayed the process of securing justice for Plaintiff. Defendant Chief Collins intentionally delayed justice for Plaintiff by delaying the presentation of critical evidence and documentation pertinent to the instant matter on January 24th, 2022, for nearly ten months, and failed to properly investigate the crimes allegedly committed by Defendants Brandon and Gregory Case.

30. Plaintiff was racially discriminated against in violation of 42 U.S.C. §1981 by Defendant FedEx, and he suffers severe mental anguish and anxiety, loss of sleep, depression, and post-traumatic stress disorder because of the wanton, reckless, and/or intentional actions of the Defendants.

### FIRST CAUSE OF ACTION
**(42 U.S.C. §1981 Intentional Racial Discrimination)**

31. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. Defendant FedEx has discriminated against Plaintiff in violation of 42 U.S.C. §1981 by subjecting him to disparate treatment because of his race, by attempting to coerce him into delaying filing any charges with the Brookhaven Police Department, by attempting to force Plaintiff to work the same route where the traumatic incident of January 24th, 2022, took place, and by demanding more than once that Plaintiff return to work following the January 24th, 2022 incident.

Exhibit A

33. As a direct and proximate result of the Defendant FedEx's unlawful discriminatory conduction in violation of 42 U.S.C. §1981, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, stress and anxiety, loss of sleep, and emotional pain and suffering.

34. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. §1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling him to an award of damages.

**SECOND CAUSE OF ACTION**
**(Civil Assault & Battery against Brandon & Gregory Case and Chief Kenny Collins)**

35. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

36. As a result of the individually-named Defendants Brandon Case, Gregory Case, and Chief Collins' actions, including the shooting at Mr. Gibson without justification, the Plaintiff was wrongfully assaulted without just or probable cause or provocation. These actions also resulted in the intentional inflectional of emotional distress. Chief Collins assaulted Plaintiff at a peaceful rally after the shooting.

37. As a result of the foregoing, the Plaintiff suffered serious mental issues, including severe anxiety, loss of sleep, depression, and emotional distress.

**THIRD CAUSE OF ACTION**
**(Negligent/Intentional Infliction of Emotional Distress against all Defendants)**

38. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 49 of 134
Case: 43CI1:23-cv-00646-D  Document #: 41-2    Filed 02/12/2024    Page 8 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/26/23    Page 8 of 9

39. Plaintiff claims that he suffered serious emotional distress as a result of Defendants' actions and misconduct towards him.

40. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the negligent or intentional actions of Defendants.

### FOURTH CAUSE OF ACTION
### (General/Gross Negligence against Brandon & Gregory Case)

41. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

42. Defendants Brandon and Gregory Case physically harassed, chased down, and fired shots at Plaintiff Gibson on January 24th, 2022, therein creating a significant fear and terror on the part of Mr. Gibson to date.

43. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. Plaintiff is also suffering from post-traumatic stress disorder as a result of the negligent actions of Defendants Case.

### FIFTH CAUSE OF ACTION
### (Civil Obstruction of Justice against Chief Kenny Collins)

44. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 50 of 134
Case: 43CI1:23-cv-00646    Document #: 41-2    Filed: 03/12/2024    Page 9 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 9 of 9

45. Defendant Chief Collins Chief Collins deliberately and intentionally delayed the presentation of critical evidence and documentation pertinent to the incident on January 24th, 2022, for nearly ten months, and failed to properly investigate the crime. As a result, the process of securing justice for Mr. Gibson has been upheld for several months, as well as, the upgrade to the criminal charges against Defendants Brandon and Gregory Case.

46. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. As a result, Plaintiff is also suffering from post-traumatic stress disorder.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, including compensatory damages, punitive damages against the individually-named Defendants, as well as Defendant FedEx, any and all damages allowed by State and Federal law including attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court and no less than $5,000,000.00.

This, the 20th day of January, 2023.

**D'MONTERRIO GIBSON, Plaintiff**

By:    _/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                    PLAINTIFF

vs.                                              Civil Action No.: <u>23-cv-646-LT</u>

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.                                                    DEFENDANTS

### <u>DEFENDANT ADCAMP, INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF AUTHORITIES IN SUPPORT OF SAME</u>

Defendant Adcamp, Inc. ("<u>Adcamp</u>") files its *Motion for Summary Judgment and Incorporated Memorandum of Authorities in Support of Same* against Plaintiff D'Monterrio Gibson ("<u>Gibson</u>"), showing the Court as follows:

## I.

### <u>INTRODUCTION</u>

1.    Gibson's claims against Adcamp must be dismissed. The legal standard for negligent entrustment of a motor vehicle requires evidence of "**physical harm**" resulting from use of the vehicle. *Sligh v. First Nat. Bank of Holmes Cty*, 735 So. 2d 963, 969 (Miss. 1999) (citing Restatement (Second) of Torts § 390) (emphasis added). It is undisputed that Gibson seeks only damages for emotional distress and other <u>non-physical injuries</u>.[1] To the extent Gibson has plead any other theory for vicarious liability against Adcamp arising out of the use of the truck, the undisputed facts show that Defendant Gregory Case was not engaged in any business purpose of Adcamp's at the time of the incident giving rise to Plaintiff's claims. For these and all the reasons set forth below, the Court should enter summary judgment in Adcamp's favor.

---

[1] *See Complaint* (MEC 2) ¶ 34 ("[a]s a result of the foregoing, the Plaintiff suffered serious **mental issues**"), ¶ 37 ("[t]he conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**"), ¶ 40 ("[t]he conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**") (emphasis added).

Exhibit A

## II.

## BACKGROUND AND UNDISPUTED FACTS

2.      This case arises out of an incident that occurred in Brookhaven's Junior Trail neighborhood on January 24, 2022. Gibson alleges that, on January 24, 2022, he was delivering packages as an employee of FedEx. *See* Complaint (MEC 2). Gibson claims that Defendant Gregory Case drove after him in a truck owned by Adcamp and that Defendant Brandon Case fired gunshots at him. *See Complaint* (MEC 2) ¶ 12-15. Gibson seeks damages against Defendants Brandon Case and Gregory Case for <u>non-physical</u> injuries arising out of the January 24, 2022 incident. *See* Complaint (MEC 2) ¶¶ 34, 37, and 40.

**A. Federal judge dismisses Gibson's first lawsuit; Gibson enters MWCC settlement.**

3.      This is at least the third legal action that Gibson has pursued related to the January 24, 2022 incident.

4.      On January 20, 2023, Gibson sued Federal Express Corporation ("<u>FedEx</u>"), Brandon Case, and Gregory Case in a federal lawsuit styled *D'Monterrio Gibson v. Federal Express Corporation et al.*, Civil Action No.: 3:23-cv-54-DPJ-FKB, in the United States District Court for the Southern District of Mississippi—Northern Division. *See* **Exhibit "B"** attached. Gibson sought damages for non-physical injuries.[2]

5.      On August 10, 2023, United States District Court Judge Daniel P. Jordan III entered an Order dismissing Gibson's claims in the federal case in their entirety. *See* Order of Dismissal (ECF 47).

6.      Gibson pursued a worker's compensation claim against FedEx before the

---

[2] Gibson pursued claims against these defendants including intentional racial discrimination under 42 U.S.C. § 1981 and Mississippi common law claims of civil assault and battery, negligent/intentional distress, general/gross negligence. *Id.* at ¶¶ 31-43. Gibson sought damages including "severe mental anguish and emotional distress" and "serious mental issues[.]" *Id.* at ¶¶ 34, 37, 40, & 43.

Exhibit A

Mississippi Workers' Compensation Commission in MWCC No. 2201473-R-5770-C.

7.      On or about November 13, 2023, Gibson entered a compromise settlement for $159,900, discharging FedEx of "any other and further liability to Claimant or his providers of medical care, including … any and all accidental injuries or occupational injuries or diseases, whether mental or physical, hereby sustained by Claimant[.]" *See* Order Approving Compromise Settlement and Dismissal with Prejudice (MEC 13-1), **Exhibit "C"** attached.

**B.  Gibson files new state court action adding Adcamp as a defendant.**

8.      After the dismissal of his first lawsuit and his MWCC settlement, Gibson filed the instant suit on November 20, 2023, adding Adcamp as a party defendant. *See Complaint* (MEC 2).

9.      Gibson contends that "[o]n January 24, 2022, [he] was delivering packages as an employee of FedEx, in the Junior Trial (sic) neighborhood of Brookhaven, Mississippi (Lincoln County). [Gibson] arrived at the residential destination, delivered the package, and returned to this work truck." *See Complaint* (MEC 2) ¶ 11.

10.     Gibson asserts that "[w]hen [he] returned to his work truck, he noticed a white truck, driven by Defendant G. Case, and owned by Defendant Adcamp, speeding towards him from behind. Defendant G. Case began honking his horn. … Defendant G. Case recklessly sped past [Gibson] to cut him off, but [Gibson] was able to maneuver the work truck around them and continued driving." *See Complaint* (MEC 2) ¶ 12-13.

11.     Gibson claims that Defendant Gregory Case drove the Adcamp truck but never struck him or caused him physical injury.

12.     Instead, Gibson asserts that Defendant Brandon Case fired a gun at him:

At this point, Defendant B. Case is waving a firearm in [Gibson's] direction in the middle of the street, motioning for [Gibson] to stop the vehicle. [Gibson] refused

Exhibit A

and drove around Defendant B. Case.

Defendant B. Case began to fire shots at [Gibson] as he was trying to get to safety.

*See Complaint* (MEC 2) ¶ 14-15.

13.    Gibson alleges that "Defendants Brandon and Gregory Case proceeded to chase [Gibson] throughout the Junior Trial (sic) neighborhood and nearby to the main interstate/highway using the truck supplied by Defendant Adcamp." *See Complaint* (MEC 2) ¶ 16.

14.    Gibson seeks damages against Defendants Brandon and Gregory Case for non-physical injuries as follows:

    a.    *[Civil Assault & Battery vs. Defendants Brandon and Gregory Case]*

    "As a result of the foregoing, the Plaintiff suffered serious **mental issues**, including severe anxiety, loss of sleep, depression, and emotional distress."
    *See* Complaint (MEC 2) ¶ 34 (emphasis added).

    b.    *[Negligent/IIED vs. Defendants Brandon and Gregory Case]*

    "The conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame … Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the negligent or intentional actions of Defendants."
    *See* Complaint (MEC 2) ¶ 37 (emphasis added).

    c.    *[General/Gross Negligence vs. Defendants Brandon and Gregory Case]*

    "The conduct of the Defendants was a substantial factor in causing Plaintiff's serious **emotional distress**; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame … Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the negligent or intentional actions of Defendants."
    *See* Complaint (MEC 2) ¶ 40 (emphasis added).

**C. Itemization of undisputed material facts for purposes of summary judgment.**

15.    In accordance with MISS. UNIF. R. CIR. & CNTY. CT. 4.02, Adcamp provides the

Exhibit A

following itemization of undisputed material facts in support of summary judgment:

a. The incident giving rise to Gibson's claims occurred January 24, 2022 in the Junior Trail neighborhood of Brookhaven, Mississippi. *See Complaint* (MEC 2).

b. Gibson alleges that, on January 24, 2022, he was delivering packages as an employee of FedEx, in the Junior Trail neighborhood of Brookhaven, Mississippi. *See Complaint*, ¶ 11 (MEC 2).

c. Gibson alleges that he arrived at a residential destination, delivered a package, and returned to his work truck. *See Complaint*, ¶ 11 (MEC 2). Gibson claims that Defendant Gregory Case drove after him in a truck owned by Adcamp and that Defendant Brandon Case fired gunshots at him. *See Complaint* (MEC 2) ¶ 12-15.

d. The truck did not strike Gibson. *See Complaint* (MEC 2).

e. Gibson seeks damages against Defendants Brandon Case and Gregory Case for non-physical injuries arising out of the January 24, 2022 incident. *See Complaint* (MEC 2) ¶¶ 34, 37, and 40.

f. Defendant Gregory Case is an employee of Adcamp and was so employed on January 24, 2022. *See Affidavit of Jason Brewer*, ¶ 5, **Exhibit "A"** attached.

g. Adcamp owned the truck that Defendant Gregory Case was driving at the material times on January 24, 2022. *See Affidavit of Jason Brewer*, ¶ 6, **Exhibit "A"** attached.

h. Adcamp's office is located at 1353 Flowood Drive, Flowood, MS 39232. *See Affidavit of Jason Brewer*, ¶ 3, **Exhibit "A"** attached.

i. Adcamp is engaged in the business of asphalt paving. *See Affidavit of Jason Brewer*, ¶ 4, **Exhibit "A"** attached.

j. Defendant Gregory Case resides in Brookhaven, Mississippi. *See Complaint*, ¶ 4 (MEC 2).

k. Defendant Gregory Case had gone home from work at the time of the incident made subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 7, **Exhibit "A"** attached.

l. Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 8, **Exhibit "A"** attached.

### III.

### SUMMARY JUDGMENT STANDARD

16.    Summary judgment is appropriate when "the pleadings, depositions, answers to

Exhibit A

interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miss. R. Civ. P. 56. The evidence must be viewed in a light most favorable to the nonmoving party. *Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 756 (Miss. 2004). Mississippi law "mandates summary judgment when 'there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law.'" *Joe McGee Constr. Co. v. Brown-Bowens*, No. 2021-IA-01405-SCT, at *6 (Miss. Aug. 17, 2023) (citing *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So.2d 1186, 1188 (Miss. 1994)).

## IV.

## ARGUMENT & AUTHORITIES

17.     The Court must dismiss Gibson's claims against Adcamp in this case. Gibson's claims of negligent entrustment of a motor vehicle must be dismissed for lack of proof of "physical harm" caused by the truck. To the extent Gibson has asserted any other theory of vicarious liability for use of the truck, his claims fail because Defendant Gregory Case was not acting in furtherance of any employment objective of Adcamp's at the time of the incident giving rise to Gibson's claims. For these and all the reasons below, the Court should grant summary judgment in Adcamp's favor.

### A. Gibson's claims for negligent entrustment must be dismissed because he cannot meet the element of "physical harm" as required under Mississippi law.

18.     Gibson's claims are barred under Restatement (Second) of Torts § 390, as adopted by the Mississippi Supreme Court in *Sligh*, 735 So. 2d 963 (Miss. 1999). Gibson cannot present any evidence of—and, in fact, does not even allege—physical harm caused by Defendant Gregory Case's operation of the truck. Therefore, Gibson's claims against Adcamp fail as a matter of law and the Court should grant summary judgment in Adcamp's favor.

Exhibit A

19.    Gibson seeks to hold Adcamp variously liable for Defendant Gregory Case's actions under a theory of alleged negligent entrustment of a motor vehicle to him. *See* Complaint (MEC 2) ¶ 43 (Gibson states his theory of recovery as follows: "Defendant Adcamp is vicariously liable for the negligent or otherwise wrongful actions on the part of Defendant Gregory [Case] because of [its] Negligent Entrustment of a Motor Vehicle to Defendant Gregory [Case]"). However, the doctrine of negligent entrustment expressly requires a showing of "physical harm" to be actionable under the standard as adopted in Mississippi:

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of **physical harm** to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for **physical harm** resulting to them.

*Sligh*, 735 So. 2d at 969 (citing Restatement (Second) of Torts § 390) (emphasis added).

20.    Gibson cannot meet the elements of negligent entrustment under Mississippi law because he has no evidence of "physical harm" caused by the use of a motor vehicle:

| ELEMENT | EVIDENTIARY SUPPORT? | DESCRIPTION |
|---|---|---|
| One who supplies a chattel[3] | YES | Adcamp supplied a truck |
| for use of another | YES | for the use of Defendant Gregory Case |
| whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving **unreasonable risk of physical harm** to himself and <u>others whom the supplier should expect to share in or be endangered by its use</u> | NO | Gibson makes no allegations of <u>physical harm</u> arising out of the January 22, 2022 incident, and thus no evidence exists that Adcamp had knowledge that Defendant Gregory Case would use the truck in an unreasonably dangerous manner causing <u>physical harm</u> to himself or others. |
| is subject to **liability for physical harm** resulting to them. | NO | Gibson makes no allegations of <u>physical harm</u> arising out of the January 22, 2022 incident. |

---

[3] "Chattel" is generally defined as an article of "movable or transferable property." *Watercolor Salon LLC v. Hixon*, 353 So. 3d 453, 459 (Miss. 2022) (citing Black's Law Dictionary (11th ed. 2019)).

Exhibit A

21.     The Court must dismiss Gibson's claims against Adcamp for lack of evidence of "physical harm" caused by Defendant Case's use of the truck. Defendant Gregory Case never struck Gibson or caused him physical injury with the Adcamp truck. By his own admission, Gibson seeks damages solely for non-physical damages, including "mental issues" and "emotional distress." *See* Complaint (MEC 2) ¶¶ 34, 37, and 40 (and likewise, Gibson has no evidence that Adcamp "knew or had reason to know" that it would be used in such a manner).

22.     The standard under Mississippi law only makes an employer liable for "physical harm" resulting from an employee's use of a motor vehicle. Therefore, Gibson's claims for negligent entrustment of a vehicle fail as a matter of law.

**B.  Gibson's vicarious liability theory against Adcamp fails because Defendant Gregory Case was not acting in furtherance of any employment objective of Adcamp's at the time of the incident giving rise to his claims.**

23.     Gibson does not assert—nor does any evidence exist to show—that Defendant Gregory Case was acting in the course and scope of his employment with Adcamp at the time of the incident giving rise to Gibson's claims. Gibson's *Complaint* vaguely pleads that Adcamp is liable for "negligent hiring, supervision, training, and retention of Defendant Gregory Case[.]" *See* Complaint (MEC 2), ¶ 42. This claim appears to be a derivative of Gibson's negligent entrustment of a motor vehicle claim and should be dismissed on that basis. However, even if the Court were to construe it as asserting another theory of vicarious liability, it fails as a matter of law.

24.     Under Mississippi law, "[a]n "employer is responsible for the torts of its employee only when the torts are 'committed within the scope of the employment.'" *Parmenter v. J & B Enters., Inc.*, 99 So. 3d 207, 215 (Miss. Ct. App. 2012) (citing *Favre v. Wal-Mart Stores*, 820 So. 2d 771, 773 (Miss. Ct. App. 2002)). "The test used in determining whether an employee's

Exhibit A

tortious act is within the scope of his employment is whether it was done in the course of and as a means to the accomplishment of the purposes of the employment and therefore in furtherance of the master's business." *Id.* (citing *Favre*, 820 So. 2d at 773-774). If an employee is not acting in furtherance of any employment objective, then the plaintiff's vicarious liability claims against the employer must fail.

25.    The undisputed material facts demonstrate that Defendant Gregory Case was not engaged in any business purpose of Adcamp's at the time of the incident giving rise to Gibson's claims. Adcamp's office is located in Flowood, Mississippi, and Adcamp is engaged in the business of asphalt paving. *See Affidavit of Jason Brewer*, ¶¶ 3-4, **Exhibit "A"** attached. Defendant Gregory Case had driven home to Brookhaven at the time of the incident giving rise to Gibson's claims. *See Affidavit of Jason Brewer*, ¶ 7, **Exhibit "A"** attached. Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 8, **Exhibit "A"** attached.

26.    Therefore, Defendant Gregory Case was engaged in some purpose of his own in which Adcamp had no interest or involvement. *See Broadway v. Kelley Brothers*, 803 So. 2d 1155, 1156 (Miss. 2000). Since Defendant Gregory Case had left work and driven home, Adcamp also had no right to control the vehicle at the time of the acts complained of by Gibson in this case. *See Guardianship of Garvin v. Tupelo Furniture Mkt., Inc.*, 127 So. 3d 197, 200 (Miss. 2013). Adcamp cannot be liable for personal acts committed by Defendant Gregory Case outside the course and scope of his employment with Adcamp. *See Lovett Motor Co., et al. v. Walley*, 217 Miss. 384, 390 (Miss. 1953).

Exhibit A

## V.

### CONCLUSION

27.    For these and all the reasons set forth above, the Court should grant summary

judgment in Adcamp's favor.

THIS the 12th day of March, 2024.

<div align="right">

**Adcamp, Inc.**

By:    */s/Don A. McGraw, Jr.*
       Don A. McGraw, Jr.,
       its attorney

</div>

OF COUNSEL:

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
jmartin@johnpmartinlaw.com
***Attorneys for Defendant Adcamp, Inc.***

Exhibit A

## CERTIFICATE OF SERVICE

I, Don A. McGraw, Jr., do hereby certify that I have this day served a true and correct copy of the above and foregoing **DEFENDANT ADCAMP, INC.'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF AUTHORITIES IN SUPPORT OF SAME** in accordance with the Mississippi Rules of Civil Procedure upon the following:

Carlos E. Moore
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
cmoore@cochranfirm.com
*Attorney for Plaintiff D'Monterrio Gibson*

Michael Williams
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
mcwilliams@bradley.com
*Attorney for Defendant Federal Express Corporation*

Kannan Stubbs
THE STUBBS LAW FIRM
1675 Highway 80 E
Flowood, MS 39232
kannan@stubbsms.com
*Attorney for Defendants Gregory Case and Brandon Case*

SO CERTIFIED, this the 12th day of March, 2024.

/s/ Don A. McGraw, Jr.
Don A. McGraw, Jr.

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                              **PLAINTIFF**

**vs.**                                              Civil Action No.: **23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                              **DEFENDANTS**

### AFFIDAVIT OF JASON BREWER

STATE OF MISSISSIPPI

COUNTY OF RANKIN

      PERSONALLY appeared before me, the undersigned authority in and for said county and state, Jason Brewer, who, having been first duly sworn by the undersigned Notary Public, deposes and says:

      1.    My name is Jason Brewer, and I am an adult resident citizen of Simpson County, Mississippi. I have personal knowledge of all facts herein and I am competent to testify in all respects.

      2.    I am Vice-President of Operations at Adcamp, Inc. ("Adcamp").

      3.    Adcamp's office is located at 1353 Flowood Drive, Flowood, MS 39232.

      4.    Adcamp is engaged in the business of asphalt paving.

      5.    Defendant Gregory Case is an employee of Adcamp and was so employed on January 24, 2022.

      6.    Adcamp owned the truck that Defendant Gregory Case was driving at the material times on January 24, 2022.

      7.    Defendant Gregory Case had gone home from work at the time of the incident made subject of this lawsuit.

<center>1</center>



EXHIBIT A
Exhibit A

8.    Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit.

FURTHER, AFFIANT SAYETH NOT.

JASON BREWER

SWORN TO AND SUBSCRIBED BEFORE ME, this the 8th day of March, 2024.

NOTARY PUBLIC

My commission expires:

March 8, 2027

ID # 347367
AMBER D. COFFEY
Commission Expires
March 8, 2027

2

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**D'MONTERRIO GIBSON**                                                **PLAINTIFF**

v.                                                    Civil Action No.: 3:23-cv-54-DPJ-FKB

**FEDERAL EXPRESS CORPORATION, CITY OF
BROOKHAVEN, MISSISSIPPI, CHIEF KENNY
COLLINS, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, BRANDON CASE, and GREGORY CASE**          **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW, Plaintiff D'Monterrio Gibson (hereinafter "Plaintiff"), by counsel, and

files this his *Complaint* against Federal Express Corporation, City of Brookhaven, Mississippi,

Chief Kenny Collins, in his individual and official capacity, Brandon Case, and Gregory Case,

to recover actual and punitive damages (against the individually-named Defendants) for the

Defendants' acting in concert and conspiracy to violate Mr. Gibson's rights under 42 U.S.C.

§1981, for obstruction of justice, and Mississippi common law claims of negligence and

intentional torts and would show unto the Honorable Court the following, to wit:

**PARTIES**

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Hinds

   County, Mississippi.

2. Defendant Federal Express Corporation (hereinafter "Defendant FedEx") is a foreign

   corporation with its principal place of business in Tennessee, qualified to do business

   in the State of Mississippi, and it may be served with process upon its registered

   agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, MS

   39232.

**EXHIBIT B**
Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 65 of 134
Case: 43CI1:23-cv-00646    Document #: 42-2    Filed: 03/12/2024    Page 2 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/26/23    Page 2 of 9

3. Defendant City of Brookhaven, Mississippi (hereinafter "Defendant City") is a city entity that may be served with process on Samantha Melancon, City Clerk, at 301 S 1st Street, #102, Brookhaven, MS 39601.

4. Defendant Chief Kenny Collins (hereinafter "Defendant Chief Collins" is an adult resident citizen of the Lincoln County, employed by City of Brookhaven, and he may be served with process at his place of employment, Brookhaven Police Department, located at 440 Hwy 51 South, Brookhaven, MS 39602.

5. Brandon Case (hereinafter "B. Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, MS 39601.

6. Gregory Case (hereinafter "G. Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, MS 39601.

## JURISDICTION and VENUE

7. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under 42 U.S.C. §1981, for obstruction of justice, and Mississippi common law claims of negligence and intentional torts.

8. Venue is proper in the Southern District of Mississippi, pursuant 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 66 of 134

Case: 43CI1:23-cv-00646   Document #: 42-2   Filed: 02/12/2024   Page 3 of 9
Case 3:23-cv-00054-DPJ-FKB   Document 1   Filed 02/20/23   Page 3 of 9

## STATEMENT

9. Plaintiff D'Monterrio Gibson was acting within the scope of his employment with Defendant FedEx on January 24th, 2022, when he was civilly assaulted and battered by Defendants Brandon and Gregory Case. Defendants Case essentially terrorized, shot at, and chased Mr. Gibson out of the Junior Trial neighborhood of Lincoln County, Mississippi. Following the assault of Mr. Gibson, the Defendants City and Chief Collins deliberately delayed the proper investigation of the Mr. Gibson's claims against the Defendants Case, delayed the arrest of said Defendants Case, and delayed the presentation of critical evidence and documentation pertinent to the instant matter. Defendant FedEx sent him back to work on the same dangerous route the following day, intentionally discriminating against Plaintiff because of his race and intentionally inflicting emotional distress. This unconscionable conduct violated both Federal and State law. Justice for these acts is sought by this lawsuit.

## FACTS

10. This is a claim for Federal law violations, State law negligence, and intentional torts and racial discrimination filed by Plaintiff. These violations caused severe pain and suffering to D'Monterrio Gibson on January 24th, 2022.

11. At all times material hereto, Defendant FedEx was the employer of Plaintiff D'Monterrio Gibson, an African-American male.

12. On January 24, 2022, Plaintiff was delivering packages as an employee of FedEx, in the Junior Trial neighborhood of Brookhaven, Mississippi (Lincoln County). Plaintiff arrived at the residential destination, delivered the package, and returned to his work truck.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 67 of 134
Case: 43CI1:23-cv-00646    Document #: 42-2    Filed: 03/12/2024    Page 4 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 4 of 9

13. When Plaintiff returned to his work truck, he noticed a white truck (driven by Defendant G. Case) speeding towards him from behind. Defendant G. Case began honking his horn.

14. Defendant G. Case recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work truck around them and continued driving.

15. At this point, Defendant B. Case is waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the vehicle. Plaintiff refused and drove around Defendant B. Case.

16. Defendant B. Case began to fire shots at Plaintiff as he was trying to get to safety.

17. Defendants Brandon and Gregory Case proceeded to chase Plaintiff throughout the Junior Trial neighborhood and nearby to the main interstate/highway.

18. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested that he call the police.

19. The supervisor wanted to wait until the following day to report the incident to the police, so Plaintiff had to call the police on his own.

20. Plaintiff went to the Brookhaven Police Department ("BPD") to make a report about the incident. An officer at the BPD took down notes and told Plaintiff that he would give it to his supervisor, Chief Collins, the following morning. The officer also asked that Plaintiff return to BPD the next morning with his supervisor.

21. Plaintiff returned to Defendant FedEx Richland, MS location when he left the Brookhaven Police Department.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 68 of 134
Case: 42CI1:23-cv-00646-DPJ    Document #: 42-2    Filed 01/20/2024    Page 5 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 5 of 9

22. Upon his arrival, Cressa (another employee of FedEx) began inspecting the van and taking photos. She observed many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van.

23. On January 25th, 2022, Plaintiff returned to work for Defendant FedEx. Plaintiff was provided an official "FedEx" vehicle this time, and he was asked not to speak with any News outlets. Additionally, Plaintiff was assigned to the same route as the day before, which included the Junior Trial neighborhood of Brookhaven, Mississippi.

24. Plaintiff attempted to complete his work route, but due to experiencing severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working.

25. The same date, Plaintiff and a supervisor went to BPD for Plaintiff's statement. While at BPD, Plaintiff was taken back to the scene of the subject incident and waited in the police vehicle as police officials with individuals in the area about the incident.

26. Once Plaintiff and the supervisor were done at the Brookhaven Police Department, they returned to Defendant FedEx's Richland, Mississippi location. Plaintiff was asked to start his route, but he again informed the supervisor that he felt uncomfortable performing the route.

27. The following day, January 26th, 2022, Plaintiff began medical leave process due to severe anxiety. He was told that he should see a therapist, and Defendant FedEx would cover eight (8) free sessions, with two-weeks off without pay. Plaintiff began therapy sessions in February 2022.

28. Despite Plaintiff filing claims against Defendants Case, Defendant City and Chief Collins did not make an arrest until much later. In fact, Defendants City and Chief

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 69 of 134
Case: 43CI1:23-cv-00646    Document #: 42-2    Filed: 02/12/2024    Page 6 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/26/23    Page 6 of 9

Collins gave Defendants Case time to turn themselves in, which was eight (8) days later. Defendants Case were only in custody for approximately one (1) hour. Defendant B. Case was charged with aggravated assault, and Defendant G. Case was charged with conspiracy. Both Defendants were released on bond the same day.

29. Since their release on bond, Defendants City and Chief Collins have delayed the process of securing justice for Plaintiff. Defendant Chief Collins intentionally delayed justice for Plaintiff by delaying the presentation of critical evidence and documentation pertinent to the instant matter on January 24th, 2022, for nearly ten months, and failed to properly investigate the crimes allegedly committed by Defendants Brandon and Gregory Case.

30. Plaintiff was racially discriminated against in violation of 42 U.S.C. §1981 by Defendant FedEx, and he suffers severe mental anguish and anxiety, loss of sleep, depression, and post-traumatic stress disorder because of the wanton, reckless, and/or intentional actions of the Defendants.

### FIRST CAUSE OF ACTION
### (42 U.S.C. §1981 Intentional Racial Discrimination)

31. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. Defendant FedEx has discriminated against Plaintiff in violation of 42 U.S.C. §1981 by subjecting him to disparate treatment because of his race, by attempting to coerce him into delaying filing any charges with the Brookhaven Police Department, by attempting to force Plaintiff to work the same route where the traumatic incident of January 24th, 2022, took place, and by demanding more than once that Plaintiff return to work following the January 24th, 2022 incident.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 70 of 134
Case: 43CI1:23-cv-00646    Document #: 42-2    Filed: 09/12/2024    Page 7 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 7 of 9

33. As a direct and proximate result of the Defendant FedEx's unlawful discriminatory conduction in violation of 42 U.S.C. §1981, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, stress and anxiety, loss of sleep, and emotional pain and suffering.

34. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. §1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling him to an award of damages.

**SECOND CAUSE OF ACTION**
**(Civil Assault & Battery against Brandon & Gregory Case and Chief Kenny Collins)**

35. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

36. As a result of the individually-named Defendants Brandon Case, Gregory Case, and Chief Collins' actions, including the shooting at Mr. Gibson without justification, the Plaintiff was wrongfully assaulted without just or probable cause or provocation. These actions also resulted in the intentional inflectional of emotional distress. Chief Collins assaulted Plaintiff at a peaceful rally after the shooting.

37. As a result of the foregoing, the Plaintiff suffered serious mental issues, including severe anxiety, loss of sleep, depression, and emotional distress.

**THIRD CAUSE OF ACTION**
**(Negligent/Intentional Infliction of Emotional Distress against all Defendants)**

38. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1 through 30, inclusive, as if fully set forth herein.

Exhibit A

39. Plaintiff claims that he suffered serious emotional distress as a result of Defendants'
actions and misconduct towards him.

40. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious
emotional distress; including but not limited to: anguish, fright, horror, nervousness,
anxiety, shock, humiliation, and shame that an ordinary, reasonable person would
be unable with which to cope. Plaintiff is also suffering from severe depression and
post-traumatic stress disorder as a result of the negligent or intentional actions of
Defendants.

### FOURTH CAUSE OF ACTION
### (General/Gross Negligence against Brandon & Gregory Case)

41. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1
through 30, inclusive, as if fully set forth herein.

42. Defendants Brandon and Gregory Case physically harassed, chased down, and fired
shots at Plaintiff Gibson on January 24th, 2022, therein creating a significant fear and
terror on the part of Mr. Gibson to date.

43. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious
emotional distress; including but not limited to: anguish, fright, horror, nervousness,
anxiety, shock, humiliation, and shame that an ordinary, reasonable person would
be unable with which to cope. Plaintiff is also suffering from post-traumatic stress
disorder as a result of the negligent actions of Defendants Case.

### FIFTH CAUSE OF ACTION
### (Civil Obstruction of Justice against Chief Kenny Collins)

44. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 1
through 30, inclusive, as if fully set forth herein.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 72 of 134
Case: 43CI1:23-cv-00646    Document #: 42-2    Filed: 03/12/2024    Page 9 of 9
Case 3:23-cv-00054-DPJ-FKB    Document 1    Filed 01/20/23    Page 9 of 9

45. Defendant Chief Collins Chief Collins deliberately and intentionally delayed the presentation of critical evidence and documentation pertinent to the incident on January 24th, 2022, for nearly ten months, and failed to properly investigate the crime. As a result, the process of securing justice for Mr. Gibson has been upheld for several months, as well as, the upgrade to the criminal charges against Defendants Brandon and Gregory Case.

46. The conduct of the Defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. As a result, Plaintiff is also suffering from post-traumatic stress disorder.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, including compensatory damages, punitive damages against the individually-named Defendants, as well as Defendant FedEx, any and all damages allowed by State and Federal law including attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court and no less than $5,000,000.00.

This, the 20th day of January, 2023.

<div align="right">

**D'MONTERRIO GIBSON, Plaintiff**

By:  ___/s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

</div>

OF COUNSEL:
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

<div align="center">

Exhibit A

</div>

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 73 of 134

Proposed Settlement Case 43CI1:23-cv-00646    Document #: 42-3    Filed: 03/12/2024    Page 19 of 22    Submitted By: GAUTIER, VIRGINIA S    6 13 21 08 2023
Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 1 of 4

## BEFORE THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION
## MWCC NO. 2201473-R-5770-C

**D'MONTERRIO GIBSON**                                               **CLAIMANT**

**V.**

**FEDEX EXPRESS**                                    **EMPLOYER/SELF-INSURED**

### ORDER APPROVING COMPROMISE SETTLEMENT
### AND DISMISSAL WITH PREJUDICE

This cause came on this day for hearing before the Mississippi Workers' Compensation Commission at its offices in Jackson, Mississippi, on the sworn Petition of Claimant, D'Monterrio Gibson, seeking authority for and approval of a compromise settlement as set out in the Petition for Approval of Compromise Settlement. The Petition was joined by the Employer/Self-Insured, as proper under the Mississippi Workers' Compensation Law.

The Commission has examined the Petition for Approval of Compromise Settlement ("Petition") and the lump sum compromise settlement proposed therein and has received evidence concerning same. The Commission finds that Claimant is fully aware of the medical opinions of each of his treating physicians/counselors as well as the consequences of his actions in compromising and settling his claim on the bases set forth in the Petition. The Commission finds that Claimant is represented by competent counsel; is fully advised in the premises and is of the opinion that the lump sum compromise settlement is just, fair, and proper; and that the prayer of the Petition should be granted.

The Commission finds that Claimant has represented to the Employer/Self-Insured and to this Commission that he is not a recipient of Social Security benefits of any kind, Medicare benefits or Medicaid benefits, and that Claimant has further represented that he has no reasonable expectation of Medicare enrollment within 30 months of the settlement date. The Commission

Page 1 of 4

## EXHIBIT C

Exhibit A

further finds that any Medicaid or Medicare benefits which may have been paid on Claimant's behalf did not relate to the physical condition in issue in this case.

The Commission finds that Claimant, and the Employer/Self-Insured, have a bona fide dispute and disagreement as to the extent of loss of wage earning capacity, loss of use and/or permanent disability, if any, suffered by Claimant as a result of the alleged accidental injuries set out in the Petition, and finds that the extent of loss of wage earning capacity, loss of use and/or permanent disability, if any, is not susceptible of proof as to the exact extent thereof, and that the case is a proper one for disposition under the provisions of the Mississippi Workers' Compensation Law.

This Commission further finds and orders that the Employer/Self-Insured has agreed to pay all unpaid medical bills incurred by Claimant with Healing Minds of Clinton, Mississippi through the date of the Petition for Approval of Compromise Settlement for treatment rendered to Claimant that is reasonably related to Claimant's January 24, 2022 work accident and that is medically necessary in accordance with the Fee Schedule of the Mississippi Workers' Compensation Commission and the Mississippi Workers' Compensation Law. The Commission further finds that the parties have agreed that the Employer/Self-Insured and/or its third party administrator has the sole right to negotiate any subrogation/reimbursement claim with the Mississippi Victim Compensation Program/Fund or other agency or medical provider seeking reimbursement or otherwise subrogating for medical bills, counseling, or treatment/expenses of any kind paid to Healing Minds and/or any other medical bills paid to or on behalf of Claimant related to Claimant's January 24, 2022 work accident.

IT IS, THEREFORE, ORDERED, that said compromise settlement proposed in the Petition should be, and the same is hereby approved as being for the best interest of Claimant.

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 75 of 134

Proposed Settlement Case 43CI1:23-cv-00646    Document #: 42-3    Filed: 03/12/2024    Page 3 of 4    Submitted By GAUTIER, VIRGINIA S.
Page 21 of 22                                                                                   Monday, Nov 16 13 21 08 2023
        Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 3 of 4

IT IS FURTHER ORDERED that upon payment of the sum of One Hundred and Fifty Nine Thousand and Nine Hundred Dollars ($159,900.00), to Claimant, the Employer/Self-Insured shall stand discharged of any other or further liability to Claimant or his providers of medical care, including, but not limited to, liability for any and all accidental injuries or occupational injuries or diseases, whether mental or physical, heretofore sustained by Claimant while in the employ of the Employer/Self-Insured and of the effects thereof and any and all medical or other expenses associated therewith, and Claimant is hereby authorized and empowered to execute such release as the Employer/Self-Insured require to evidence the complete release, acquittance and discharge herein of any liability of the Employer/Self-Insured under the Mississippi Workers' Compensation Law. Claimant is authorized to pay Carlos E. Moore, Esq./The Moore Law Group, being his attorneys, an amount equal to $39,975.00 out of the proceeds of said settlement.

IT IS FURTHER ORDERED that this claim is hereby dismissed with prejudice.

SO ORDERED on _____NOV 13 2023_____.

MISSISSIPPI WORKERS' COMPENSATION COMMISSION

By: _____
MARK FORMBY

_____
BETH HARKINS ALDRIDGE

_____
MARK HENRY

MWCC No. 2201473-R-5770-C

ATTEST:

_____
JOYCE WELLS, SECRETARY

Page 3 of 4

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 76 of 134

Proposed Settlement Case: 43CI1:23-cv-00646    Document #: 42-3    Filed: 03/12/2024    Submitted By: GAUTIER, VIRGINIA S.
Page 22 of 22                                                                            Page 4 of 4 13 21 08 2023
                      Case: 43CI1:23-cv-00646    Document #: 13-1    Filed: 12/21/2023    Page 4 of 4

READ AND APPROVED:


*/s/ Virginia S. Gautier*
VIRGINIA S. GAUTIER (MSB #10334)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, MS 39205-0651
Tel:    (601) 968-5500
Fax:    (601) 968-5593
E-Mail: vsg@wisccarter.com
Attorney for Employer and Carrier



READ AND APPROVED:


Carlos E. Moore, Esq. (MSB #100685)
THE COCHRAN FIRM/ MOORE LAW GROUP
P.O. Box 1487
Grenada, MS 38902
Tel: (662) 227-9940
Fax: (662) 227-9941
Email:  cmoore@cochranfirm.com
*Attorney for Claimant*

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY
## STATE OF MISSISSIPPI

**D'MONTERRIO GIBSON**                                    **PLAINTIFF**


**v.**                                           **CASE NO: 1:23-cv-646-LT**


**FEDERAL EXPRESS CORPORATION,**                 **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**


### MOTION FOR CHANGE OF VENUE TO RANKIN COUNTY


COMES NOW, Plaintiff D'Monterrio Gibson, by and through his attorney, Carlos Moore, and

moves this Court for an Order transferring venue of the above styled case, and shows this

honorable Court, to-wit:

1. Plaintiff has good reason to believe, and does believe that, from a prejudice existing in

   the public mind, he cannot obtain a fair and impartial trial in Lincoln County.

2. This case is a high-profile case. The above-styled case has been in national news sources

   for over a year. This leads to a potential concern about impartiality for both Plaintiff and

   Defendants.

3. Lincoln county is a small community in which Defendants Brandon and Gregory Case

   reside.  That being said, it would be challenging to find jurors who have not been

   personally affected or influenced by the case or the people involved. Moving the venue to

   a different circuit court would provide for a more diverse and impartial pool of potential

   jurors for both Plaintiff and Defendants.


Exhibit A

4. There is a genuine concern about the safety of all parties due to the high-profile nature of the case. If this Court were to grant the change of venue to Rankin County, there would be a substantially lower risk of juror impartiality and concerns for safety.

5. This motion is not meant to delay the trial or to harass the adverse party.

6. Pursuant to Mississippi Code Annotated § 11-11-51, "When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party".

7. No discovery has been conducted in this case, and this case is very early in the course of litigation.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays that this Court grant his Motion for Change of Venue to Rankin County.

Respectfully submitted, THIS the 19th day of March, 2024.

**D'MONTERRIO GIBSON, PLAINTIFF**

*/s/ Carlos E. Moore_____*
Carlos E. Moore MSB #100685

Exhibit A

**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Carlos@morebymoore.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to *all counsel of record* in this case:

> Michael Williams (MS BAR # 104537)
> BRADLEY ARANT BOULT CUMMINGS LLP
> One Jackson Place
> 188 E. Capitol Street, Suite 1000
> Jackson, MS 39201
> Phone: 601-595-9918
> Mcwilliams@bradley.com
> *Counsel for Defendant Fed Ex*

                                        */s/ Carlos E. Moore*_____
                                        Carlos E. Moore MSB #100685

Exhibit A

12/2024 16:45:10 CDT Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 80 of 134    Fax: 60195181
To: 1662227934    Page: 1/1    From: DMonterrio Gibson

Case: 43CI1:23-cv-00646    Document #: 43-1    Filed: 03/19/2024    Page 1 of 1

## IN THE CIRCUIT COURT OF LINCOLN COUNTY
## STATE OF MISSISSIPPI

**D'MONTERRIO GIBSON**                                    **PLAINTIFF**

v.                                                        **CASE NO: 1:23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**                          **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**

### AFFIDAVIT

STATE OF MISSISSIPPI

COUNTY OF Grenada

Before me, the undersigned authority in and for the aforesaid County and State, this day there personally appeared the within named D'MONTERRIO GIBSON, who, being duly sworn, on oath states that all in the aforesaid motion is true; that said bill is not filed by collusion with the defendants for the purpose of transferring venue, but that the cause or causes for transfer and other allegations of said bill are true and correct as therein stated.

D'MONTERRIO GIBSON

Subscribed and sworn to before me on this the 12th day of March , 2024.

NOTARY PUBLIC



Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSISSIPPI**

**D'MONTERRIO GIBSON**                                        **PLAINTIFF**

**v.**                                                    **CASE NO: 1:23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**                **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**

**PLAINTIFF'S MOTION TO EXTEND TIME TO REPLY TO DEFENDANT ADCAMP,
INC'S PENDING MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, D'Monterrio Gibson, by and through his attorney, Carlos Moore, and

moves this Court to extend time to reply to Defendant Adcamp Inc.'s pending motion for

summary judgment [Doc #41] and shows this honorable Court, to-wit:

1. On March 12, 2024, Defendant Adcamp, Inc., filed a motion for summary judgment.

2. The complexity of this case cannot be overstated. It involves intricate legal principles and

   a substantial volume of evidence that necessitates thorough review and analysis. Given the

   intricacies involved, additional time is indispensable to ensure that we adequately prepare

   our arguments and present our case effectively.

3. Plaintiff continues his efforts to complete the timely responses to these motions.

4. Counsel for Defendant Adcamp Inc has indicated no opposition to the extension and agrees

   that this motion should be granted.

5. For all the reasons outlined herein, Plaintiff would respectfully requests a fourteen (14) day

   extension to reply to Defendant Adcamp Inc.'s pending Motion for Summary Judgment to

   allow more time for accurate and complete responses.

Exhibit A

6. This motion is not being filed for purposes of harassment or delay, but, rather to allow for the parties to have the benefit of fully preparing discovery.

7. Due to the simple and self-explanatory nature of this Motion, Plaintiff would respectfully request that he be relieved of any requirement to submit a supporting memorandum of authorities.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays that this Court grant his Motion for Extension of Time and requests the deadline be extended fourteen (14) days to April 5, 2024.


Respectfully submitted, THIS the 19th day of March, 2024.

**D'MONTERRIO GIBSON, PLAINTIFF**

*/s/ Carlos E. Moore*
Carlos E. Moore MSB #100685


**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Carlos@morebymoore.com

Exhibit A

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court and provided notice to ***all counsel of record*** in this case.

Dated, this the 19th day of March, 2024

/s/ Carlos E. Moore
Carlos E. Moore MSB #100685

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**vs.**                                                    **Civil Action No.: 23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**                                                    **DEFENDANTS**

**NOTICE OF HEARING**

   TO:    ALL COUNSEL OF RECORD

   **PLEASE TAKE NOTICE** that Defendant, Adcamp, Inc. will bring on its *Motion for*

*Summary Judgment* (MEC No. 41/42) for hearing before Honorable David H. Strong, Jr., at the

Lincoln County Circuit Courthouse, Brookhaven, Mississippi, on **May 20, 2024 at 11:00 a.m.** or

as soon thereafter as counsel may be heard.

                                        Adcamp, Inc.

                              By:  */s John P. Martin*
                                        John P. Martin, one of its attorneys

OF COUNSEL:

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
jmartin@johnpmartinlaw.com
*Attorneys for Defendant Adcamp, Inc.*

1

Exhibit A

## CERTIFICATE OF SERVICE

I, John P. Martin, do hereby certify that I have this day filed the above and foregoing **NOTICE OF HEARING** via the MEC system which served a true and correct copy in accordance with the Mississippi Rules of Civil Procedure upon the following:

Carlos E. Moore
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
cmoore@cochranfirm.com
*Attorney for Plaintiff D'Monterrio Gibson*

Michael Williams
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
mcwilliams@bradley.com
*Attorney for Defendant Federal Express Corporation*

William Kannan Stubbs
THE STUBBS LAW FIRM
1675 Highway 80 E
Flowood, MS 39232
kannan@stubbsms.com
*Attorney for Defendant Gregory Case*

Daniel W. Kitchens
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059
dkitchens@kitchenslaw.net
*Attorney for Defendant Brandon Case*

SO CERTIFIED, this the 20th day of May, 2024.

/s John P. Martin
John P. Martin

2

Exhibit A

## IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO.: 1:23-cv-646-LT**

**FEDERAL EXPRESS CORPORATION,**                          **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.**

### ENTRY OF APPEARANCE

**TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:**

      Enter my appearance as counsel in this case for:

### D'MONTERRION GIBSON

      I certify that I am admitted to practice in this court.

| | |
|---|---|
| 03/25/2024 | /s/ Justin Smith |
| *Date* | *Signature of Counsel* |
| | Justin Smith           104954 |
| | *Print Name*          *MS Bar Number* |
| | The Cochran Firm – MS Delta |
| | *Firm Name* |
| | 306 Branscome Drive |
| | *Address* |
| | Grenada, MS 38901 |
| | *City/State/Zip Code* |
| | (662) 227-9940 |
| | *Phone No.* |
| | (662) 227-9941 |
| | *Fax No.* |
| | jsmith@cochranfirm.com |
| | justindsmithlaw@gmail.com |
| | *Email* |

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                    PLAINTIFF

v.                                            CASE NO: 1:23-cv-646-LT

FEDERAL EXPRESS CORPORATION,                          DEFENDANTS

BRANDON CASE, GREGORY CASE,

and ADCAMP, INC.,

## AGREED ORDER FOR MOTION FOR EXTENSION OF TIME TO RESPOND TO PENDING MOTION FOR SUMMARY JUDGMENT

THIS MATTER, having come before the Court, upon the Motion of D'Monterrio Gibson, the Court being advised in the premises, and the Court being advised that parties do not oppose the amendment, hereby finds as follows:

1. That the Motion for Extension of time to Respond to Pending Motion for Summary Judgment is and the same is hereby granted.

2. Neither the Plaintiff nor the Defendant objected to the Motion and agree that the Motion should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this Motion for extension of time to Respond to Pending Motion for Summary Judgment is granted.


SO ORDERED AND ADJUDGED the _____ day of March, 2024


_____
CIRCUIT JUDGE

Exhibit A

AGREED TO BY:

*/s/ Donald A. Mcgraw, Jr.*
*Counsel for Defendant, Adcamp Inc.*

*/s/ Carlos Moore*
CARLOS MOORE
*Counsel for Plaintiff, D'Monterrio Gibson*



Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSISSIPPI**

**D'MONTERRIO GIBSON**                                   **PLAINTIFF**


**v.**                                                   **CASE NO: 1:23-cv-646-LT**


**FEDERAL EXPRESS CORPORATION,**                         **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**


**AMENDED MOTION FOR CHANGE OF VENUE TO HINDS COUNTY**

COMES NOW, Plaintiff D'Monterrio Gibson, by and through his attorney, Carlos Moore, and

moves this Court for an Order transferring venue of the above styled case, and shows this

honorable Court, to-wit:

1. Plaintiff has good reason to believe, and does believe that, from a prejudice existing in

   the public mind, he cannot obtain a fair and impartial trial in Lincoln County.

2. This case is a high-profile case. The above-styled case has been in national news sources

   for over a year. This leads to a potential concern about impartiality for both Plaintiff and

   Defendants.

3. Lincoln county is a small community in which Defendants Brandon and Gregory Case

   reside.  That being said, it would be challenging to find jurors who have not been

   personally affected or influenced by the case or the people involved. Moving the venue to

   a different circuit court would provide for a more diverse and impartial pool of potential

   jurors for both Plaintiff and Defendants.

Exhibit A

4.  There is a genuine concern about the safety of all parties due to the high-profile nature of the case. If this Court were to grant the change of venue to Hinds County there would be a substantially lower risk of juror bias and juror impartiality and concerns for safety.

5.  Plaintiff Gibson was hired by FedEx in Hinds County and resides in Hinds County.

6.  Defendant FedEx does business in Hinds County.

7.  Tortious effects of what transpired continues to effect client in Hinds County.

8.  This motion is not meant to delay the trial or to harass the adverse party.

9.  Pursuant to Mississippi Code Annotated § 11-11-51, "When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party".

10. No discovery has been conducted in this case, and this case is very early in the course of litigation.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays that this Court grant his Amended Motion for Change of Venue to Hinds County, or, if the motion is not granted, a County that is fair that all sides can agree to.


Respectfully submitted, THIS the 28th day of March, 2024.



Exhibit A

D'MONTERRIO GIBSON, PLAINTIFF

*/s/ Carlos E. Moore*
Carlos E. Moore MSB #100685

**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Carlos@morebymoore.com

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case:

Michael Williams (MS BAR # 104537)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Phone: 601-595-9918
Mcwilliams@bradley.com
*Counsel for Defendant Fed Ex*

/s/ Carlos E. Moore
Carlos E. Moore

Exhibit A

12/2024 16:45:10 CDT Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 92 of 134    Fax: 60195181
To: 1662227994
Page: 1/1
From: DMonterrio Gibson

Case: 43CI1:23-cv-00646    Document #: 48-1    Filed: 03/28/2024    Page 1 of 1

IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSISSIPPI

D'MONTERRIO GIBSON                                    PLAINTIFF

v.                                                    CASE NO: 1:23-cv-646-LT

FEDERAL EXPRESS CORPORATION,                          DEFENDANTS
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.,

AFFIDAVIT

STATE OF MISSISSIPPI
COUNTY OF Grenada

Before me, the undersigned authority in and for the aforesaid County and State, this day

there personally appeared the within named D'MONTERRIO GIBSON, who, being duly sworn,

on oath states that all in the aforesaid motion is true; that said bill is not filed by collusion with the

defendants for the purpose of transferring venue, but that the cause or causes for transfer and other

allegations of said bill are true and correct as therein stated.

_____
D'MONTERRIO GIBSON

Subscribed    and    sworn    to    before    me    on    this    the    12th    day    of

March            , 2024.



_____
NOTARY PUBLIC

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.: 23-CV-646-LT**

**FEDERAL EXPRESS CORPORATION,**
**BRANDON CASE, GREGORY CASE,**
**AND ADCAMP, INC.**                                                    **DEFENDANTS**

**PLAINTIFF'S RESPONSE, AND INCORPORATED SUPPORTING MEMORANDUM,**
**IN OPPOSITION TO DEFENDANT ADCAMP, INC.'S**
**MOTIONS FOR SUMMARY JUDGMENT [DOC. #41 AND 42]**

**COMES NOW** D'Monterrio Gibson ("Plaintiff"), by and through his counsel of record,

and files this *Response, and Incorporated Supporting Memorandum, in Opposition to Defendant*

*Adcamp, Inc.'s Motions for Summary Judgment* [Doc. #41 and 42]. Plaintiff moves this Honorable

Court to deny Adcamp, Inc.'s ("Defendant Adcamp") motions and requests a hearing on said

motions and as grounds, therefore, would state as follows:

**I.    INTRODUCTION**

This case arises due to Defendants' tortuous actions and/or omissions, including Defendant

Adcamp's negligent entrustment of a motor vehicle and vicarious liability. On January 24, 2022,

Plaintiff was civilly assaulted and battered by Brandon Case ("Defendant Brandon") and Gregory

Case ("Defendant Gregory")[1]. Defendants Case terrorized, shot towards, and chased Plaintiff out

of the Junior Trail neighborhood located in Brookhaven, Mississippi. It is pertinent to note,

Defendant Gregory was employed with Defendant Adcamp and operating a motor vehicle owned

by Defendant Adcamp during the subject incident.

---

[1] Defendant Brandon and Defendant Gregory are collectively referred to as "Defendants Case". Additionally,
Defendants Case are Caucasian men.

Exhibit A

As a result of the subject incident, Plaintiff sustained injuries and damages. On November 20, 2023, Plaintiff filed suit against Defendants asserting several causes of action, including negligent entrustment of a motor vehicle and vicarious liability against Defendant Adcamp. On March 12, 2024, Defendant Adcamp filed *Motions for Summary Judgment and Incorporated Memorandum of Authorities in Support of Same* [Doc. #41 and 42] denying liability. As outlined below, Defendant Adcamp is vicariously liable for the horrific actions of its employee, Defendant Gregory. Additionally, Defendant Adcamp's negligence caused Plaintiff's injuries and damages. As such, Defendant Adcamp's motions [Doc. #41 and 42] should be denied.

## II.    FACTS[2]

On January 24, 2022, Plaintiff, an African American man, was delivering packages as an employee of Defendant Federal Express Corporation in the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff arrived at the residential destination, delivered the package, and returned to his work van. When Plaintiff returned to his work van, he noticed a white truck driven by Defendant Gregory[3] speeding towards him from behind. Defendant Brandon was in the passenger seat of the truck. Defendant Gregory began honking his horn. Defendant Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Defendant Gregory and continued driving.

At this point, Defendant Brandon was waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the work van. Plaintiff refused and drove around Defendants Case. Defendant Brandon began to fire shots at Plaintiff as Plaintiff was trying to get to safety. Defendant Gregory proceeded to chase Plaintiff throughout the Junior Trail

---

[2] As illustrated in Plaintiff's complaint [Doc. #2].
[3] Defendant Adcamp owned the truck and Defendant Gregory was an employee of Defendant Adcamp during this subject incident.

Exhibit A

neighborhood and near the main interstate/highway using the truck supplied by Defendant Adcamp.

Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested the police to be contacted. Upon inspection of Plaintiff's work van, there were many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van. As a result of the foregoing, Plaintiff undeniably sustained injuries and damages.

## III. RESPONSE TO DEFENDANT ADCAMP'S ITEMIZATION OF UNDISPUTED MATERIAL FACTS

a. Agreed.

b. Agreed.

c. Denied in part - When Plaintiff returned to his work van, he noticed a white truck driven by Defendant Gregory[4] speeding towards him from behind. Defendant Brandon was in the passenger seat of the truck. Defendant Gregory began honking his horn. Defendant Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Defendant Gregory and continued driving.

d. Agreed.

e. Agreed.

f. Agreed.

g. Agreed.

h. Agreed.

---

[4] Defendant Adcamp owned the truck and Defendant Gregory was an employee of Defendant Adcamp during this subject incident.

Exhibit A

    i.   Agreed.

    j.   Agreed.

    k.   Denied. Defendant Gregory was operating Defendant Adcamp's vehicle at the time of the subject incident.

    l.   Denied. Defendant Gregory was operating Defendant Adcamp's vehicle at the time of the subject incident.

## IV.     LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). In other words, summary judgment is appropriate where the nonmoving party fails to "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Buckel v. Chaney*, 47 So. 3d 148, 153 (Miss. 2010). The evidence is reviewed in the light **most favorable to the nonmoving party**, and the Court reviews the grant or denial of summary judgment de novo. *Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 368 (Miss. 2011); *McGinty v. Grand Casinos of Miss., Inc.-Biloxi*, 245 So. 3d 444, 447-48 (Miss. 2018); *Miss. Dep't of Human Servs. v. D.C.*, 289 So. 3d 712, 716 (Miss. 2019).

## V.     ARGUMENT AND AUTHORITIES

### a.     Plaintiff's claim of negligent entrustment is valid and supported.

"The paramount requirement for liability under the theory of negligent entrustment is whether or not [the] defendant had a right to control the vehicle." *Garvin v. Tupelo Furniture Mkt.*, 127 So. 3d 197, 199-200 (Miss. 2013). Three elements required to establish a prima facie case

Exhibit A

of negligent entrustment are: (1) that the defendant supplied a third party with the chattel in question for the use of the third party; (2) that the supplier of the chattel knew or should have known that the third party would use the chattel in a manner involving an unreasonable risk of harm; and (3) that harm resulted from the use of the chattel. *Kitchens v. Dirtworks, Inc.*, 50 So. 3d 388, 392 (Miss. App. 2010).

In this matter, Defendant Adcamp is liable for negligent entrustment.

First, Defendant Adcamp supplied Defendant Gregory with a motor vehicle for Defendant Gregory's use. Thus, **Defendant Gregory had the right to control the vehicle**.

Next, Defendant Adcamp **should have known** that Defendant Gregory would use Defendant Adcamp's motor vehicle in a manner involving unreasonable risk of harm. During the subject incident, Defendant Gregory used Defendant Adcamp's truck to cause harm to Plaintiff. Defendant Gregory sped the vehicle towards Plaintiff while honking his horn. Moreover, Defendant Gregory sped the vehicle past Plaintiff to cut him off and transported Defendant Brandon so Defendant Brandon could fire gunshots at Plaintiff. This egregious conduct illuminates Defendant Adcamp's failure to conduct diligent training and supervision. Additionally, Defendant Adcamp failed to conduct a diligent inquiry into the character and dangerous propensity of Defendant Gregory. Diligent training, supervision, and inquiries would have revealed Defendant Gregory's contempt for African Americans and his extreme disregard for the safety and well-being of others when operating a motor vehicle. Without question, Defendant Gregory acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff. Defendant Gregory used Defendant Adcamp's vehicle to accomplish his purpose and Defendant Adcamp should have known the same.

Exhibit A

Finally, Plaintiff sustained substantial injuries and damages as a result of Defendant Adcamp's negligent entrustment of its vehicle to Defendant Gregory. It is clear and uncontested that Plaintiff sustained injuries and damages in this matter. In accordance with the foregoing, Defendant Adcamp's motions should be denied.

### b. Plaintiff's claim of vicarious liability against Defendant Adcamp is valid and supported.

The doctrine of respondeat superior imputes vicarious liability from an employee to an employer when the employee's acts were "within the scope of the authority conferred." *Com. Bank v. Hearn*, 923 So. 2d 202, 204 (Miss. 2006) (internal quotation mark omitted) (quoting *The General Worth v. Hopkins*, 30 Miss. 703, 711 (1856)). Moreover, "[u]nder the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master's business." *Child.'s Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 935 (Miss. 2006) (internal quotation marks omitted) (quoting *Sandifer Oil Co. v. Dew*, 220 Miss. 609, 630, 71 So. 2d 752, 758 (1954)); *RGH Enters. v. Ghafarianpoor*, 329 So. 3d 447, 449-50 (Miss. 2021).

As aforementioned, during the subject incident, Defendant Gregory used Defendant Adcamp's truck to cause harm to Plaintiff. Defendant Gregory sped the vehicle towards Plaintiff while honking his horn. Moreover, Defendant Gregory sped the vehicle past Plaintiff to cut him off and transported Defendant Brandon so Defendant Brandon could fire gunshots at Plaintiff. Defendant Gregory was employed with Defendant Adcamp and his conduct was during the period when Defendant Gregory presumed he was acting in Defendant Adcamp's best interests.

Defendant Adcamp contends that Defendant Gregory's actions were outside the course and scope of his employment. However, this notion is erroneous. Defendant Adcamp is oblivious to Defendant Gregory's actions and intentions while working with Defendant Adcamp as Defendant

Exhibit A

Adcamp failed to train and supervise Defendant Gregory. Consequently, Defendant Adcamp's motions should be denied.

## CONCLUSION

Defendant Adcamp is vicariously liable for the horrific actions of its employee, Defendant Gregory. Additionally, Defendant Adcamp's negligence caused Plaintiff's injuries and damages. As such, Defendant Adcamp's motions [Doc. #41 and 42] should be denied.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendant Adcamp's motions for summary judgment. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 1st day of April 2024.

**D'MONTERRIO GIBSON**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**Carlos Moore Law Group**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**carlos@morebymoore.com**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via MEC to all counsel of record.

**This the 1st day of April 2024.**

/s/ Carlos Moore_____
Carlos Moore, MSB #100685

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'MONTERRIO GIBSON                                                      **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.: 23-CV-646-LT**

**FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
AND ADCAMP, INC.**                                              **DEFENDANTS**

---

**PLAINTIFF'S RESPONSE, AND INCORPORATED SUPPORTING MEMORANDUM,
IN OPPOSITION TO DEFENDANT ADCAMP, INC.'S
MOTIONS FOR SUMMARY JUDGMENT [DOC. #41 AND 42]**

---

**COMES NOW** D'Monterrio Gibson ("Plaintiff"), by and through his counsel of record, and files this *Response, and Incorporated Supporting Memorandum, in Opposition to Defendant Adcamp, Inc.'s Motions for Summary Judgment* [Doc. #41 and 42]. Plaintiff moves this Honorable Court to deny Adcamp, Inc.'s ("Defendant Adcamp") motions and requests a hearing on said motions and as grounds, therefore, would state as follows:

**I.    INTRODUCTION**

This case arises due to Defendants' tortuous actions and/or omissions, including Defendant Adcamp's negligent entrustment of a motor vehicle and vicarious liability. On January 24, 2022, Plaintiff was civilly assaulted and battered by Brandon Case ("Defendant Brandon") and Gregory Case ("Defendant Gregory")[1]. Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood located in Brookhaven, Mississippi. It is pertinent to note, Defendant Gregory was employed with Defendant Adcamp and operating a motor vehicle owned by Defendant Adcamp during the subject incident.

---

[1] Defendant Brandon and Defendant Gregory are collectively referred to as "Defendants Case". Additionally, Defendants Case are Caucasian men.

Exhibit A

As a result of the subject incident, Plaintiff sustained injuries and damages. On November 20, 2023, Plaintiff filed suit against Defendants asserting several causes of action, including negligent entrustment of a motor vehicle and vicarious liability against Defendant Adcamp. On March 12, 2024, Defendant Adcamp filed *Motions for Summary Judgment and Incorporated Memorandum of Authorities in Support of Same* [Doc. #41 and 42] denying liability. As outlined below, Defendant Adcamp is vicariously liable for the horrific actions of its employee, Defendant Gregory. Additionally, Defendant Adcamp's negligence caused Plaintiff's injuries and damages. As such, Defendant Adcamp's motions [Doc. #41 and 42] should be denied.

## II.    FACTS[2]

On January 24, 2022, Plaintiff, an African American man, was delivering packages as an employee of Defendant Federal Express Corporation in the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff arrived at the residential destination, delivered the package, and returned to his work van. When Plaintiff returned to his work van, he noticed a white truck driven by Defendant Gregory[3] speeding towards him from behind. Defendant Brandon was in the passenger seat of the truck. Defendant Gregory began honking his horn. Defendant Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Defendant Gregory and continued driving.

At this point, Defendant Brandon was waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the work van. Plaintiff refused and drove around Defendants Case. Defendant Brandon began to fire shots at Plaintiff as Plaintiff was trying to get to safety. Defendant Gregory proceeded to chase Plaintiff throughout the Junior Trail

---

[2] As illustrated in Plaintiff's complaint [Doc. #2].
[3] Defendant Adcamp owned the truck and Defendant Gregory was an employee of Defendant Adcamp during this subject incident.

Exhibit A

neighborhood and near the main interstate/highway using the truck supplied by Defendant Adcamp.

Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested the police to be contacted. Upon inspection of Plaintiff's work van, there were many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van. As a result of the foregoing, Plaintiff undeniably sustained injuries and damages.

## III.  RESPONSE TO DEFENDANT ADCAMP'S ITEMIZATION OF UNDISPUTED MATERIAL FACTS

   a.  Agreed.

   b.  Agreed.

   c.  Denied in part - When Plaintiff returned to his work van, he noticed a white truck driven by Defendant Gregory[4] speeding towards him from behind. Defendant Brandon was in the passenger seat of the truck. Defendant Gregory began honking his horn. Defendant Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Defendant Gregory and continued driving.

   d.  Agreed.

   e.  Agreed.

   f.  Agreed.

   g.  Agreed.

   h.  Agreed.

---

[4] Defendant Adcamp owned the truck and Defendant Gregory was an employee of Defendant Adcamp during this subject incident.

Exhibit A

    i.   Agreed.

    j.   Agreed.

    k.   Denied. Defendant Gregory was operating Defendant Adcamp's vehicle at the time of the subject incident.

    l.   Denied. Defendant Gregory was operating Defendant Adcamp's vehicle at the time of the subject incident.

## IV.   LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). In other words, summary judgment is appropriate where the nonmoving party fails to "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Buckel v. Chaney*, 47 So. 3d 148, 153 (Miss. 2010). The evidence is reviewed in the light **most favorable to the nonmoving party**, and the Court reviews the grant or denial of summary judgment de novo. *Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 368 (Miss. 2011); *McGinty v. Grand Casinos of Miss., Inc.-Biloxi*, 245 So. 3d 444, 447-48 (Miss. 2018); *Miss. Dep't of Human Servs. v. D.C.*, 289 So. 3d 712, 716 (Miss. 2019).

## V.   ARGUMENT AND AUTHORITIES

### a.   Plaintiff's claim of negligent entrustment is valid and supported.

"The paramount requirement for liability under the theory of negligent entrustment is whether or not [the] defendant had a right to control the vehicle." *Garvin v. Tupelo Furniture Mkt.*, 127 So. 3d 197, 199-200 (Miss. 2013). Three elements required to establish a prima facie case

Exhibit A

Case 5:24-cv-00040-DCB-LGI    Document 1-2    Filed 04/17/24    Page 104 of 134
Case: 43CI1:23-cv-00646    Document #: 50    Filed: 04/01/2024    Page 5 of 7

of negligent entrustment are: (1) that the defendant supplied a third party with the chattel in question for the use of the third party; (2) that the supplier of the chattel knew or should have known that the third party would use the chattel in a manner involving an unreasonable risk of harm; and (3) that harm resulted from the use of the chattel. *Kitchens v. Dirtworks, Inc.*, 50 So. 3d 388, 392 (Miss. App. 2010).

 In this matter, Defendant Adcamp is liable for negligent entrustment.

 First, Defendant Adcamp supplied Defendant Gregory with a motor vehicle for Defendant Gregory's use. Thus, **Defendant Gregory had the right to control the vehicle**.

 Next, Defendant Adcamp **should have known** that Defendant Gregory would use Defendant Adcamp's motor vehicle in a manner involving unreasonable risk of harm. During the subject incident, Defendant Gregory used Defendant Adcamp's truck to cause harm to Plaintiff. Defendant Gregory sped the vehicle towards Plaintiff while honking his horn. Moreover, Defendant Gregory sped the vehicle past Plaintiff to cut him off and transported Defendant Brandon so Defendant Brandon could fire gunshots at Plaintiff. This egregious conduct illuminates Defendant Adcamp's failure to conduct diligent training and supervision. Additionally, Defendant Adcamp failed to conduct a diligent inquiry into the character and dangerous propensity of Defendant Gregory. Diligent training, supervision, and inquiries would have revealed Defendant Gregory's contempt for African Americans and his extreme disregard for the safety and well-being of others when operating a motor vehicle. Without question, Defendant Gregory acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff. Defendant Gregory used Defendant Adcamp's vehicle to accomplish his purpose and Defendant Adcamp should have known the same.

Exhibit A

Finally, Plaintiff sustained substantial injuries and damages as a result of Defendant Adcamp's negligent entrustment of its vehicle to Defendant Gregory. It is clear and uncontested that Plaintiff sustained injuries and damages in this matter. In accordance with the foregoing, Defendant Adcamp's motions should be denied.

### b. Plaintiff's claim of vicarious liability against Defendant Adcamp is valid and supported.

The doctrine of respondeat superior imputes vicarious liability from an employee to an employer when the employee's acts were "within the scope of the authority conferred." *Com. Bank v. Hearn*, 923 So. 2d 202, 204 (Miss. 2006) (internal quotation mark omitted) (quoting *The General Worth v. Hopkins*, 30 Miss. 703, 711 (1856)). Moreover, "[u]nder the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master's business." *Child.'s Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 935 (Miss. 2006) (internal quotation marks omitted) (quoting *Sandifer Oil Co. v. Dew*, 220 Miss. 609, 630, 71 So. 2d 752, 758 (1954)); *RGH Enters. v. Ghafarianpoor*, 329 So. 3d 447, 449-50 (Miss. 2021).

As aforementioned, during the subject incident, Defendant Gregory used Defendant Adcamp's truck to cause harm to Plaintiff. Defendant Gregory sped the vehicle towards Plaintiff while honking his horn. Moreover, Defendant Gregory sped the vehicle past Plaintiff to cut him off and transported Defendant Brandon so Defendant Brandon could fire gunshots at Plaintiff. Defendant Gregory was employed with Defendant Adcamp and his conduct was during the period when Defendant Gregory presumed he was acting in Defendant Adcamp's best interests.

Defendant Adcamp contends that Defendant Gregory's actions were outside the course and scope of his employment. However, this notion is erroneous. Defendant Adcamp is oblivious to Defendant Gregory's actions and intentions while working with Defendant Adcamp as Defendant

Exhibit A

Adcamp failed to train and supervise Defendant Gregory. Consequently, Defendant Adcamp's motions should be denied.

### **CONCLUSION**

Defendant Adcamp is vicariously liable for the horrific actions of its employee, Defendant Gregory. Additionally, Defendant Adcamp's negligence caused Plaintiff's injuries and damages. As such, Defendant Adcamp's motions [Doc. #41 and 42] should be denied.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendant Adcamp's motions for summary judgment. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 1st day of April 2024.

**D'MONTERRIO GIBSON**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**Carlos Moore Law Group**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**carlos@morebymoore.com**

### **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing pleading was transmitted via MEC to all counsel of record.

**This the 1st day of April 2024.**

/s/ Carlos Moore_____
Carlos Moore, MSB #100685

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY**
**STATE OF MISSISSIPPI**

**D'MONTERRIO GIBSON**                                    **PLAINTIFF**


**v.**                                                   **CASE NO: 1:23-cv-646-LT**


**FEDERAL EXPRESS CORPORATION,**                         **DEFENDANTS**
**BRANDON CASE, GREGORY CASE,**
**and ADCAMP, INC.,**

<u>**NOTICE OF HEARING**</u>

**TO: ALL COUNSEL OF RECORD**

Please take notice that Plaintiffs will call its *Amended Motion for Change of Venue to*
*Hinds County* to be heard before Honorable David H. Strong, Jr., at the Lincoln County Circuit
Courthouse, Brookhaven, Mississippi, on **May 20, 2024** at **9:00 a.m.** or as soon thereafter as
counsel may be heard.



                                     BY:    _/s/ Carlos E. Moore_____
                                            CARLOS E. MOORE, MSB # 100685
                                            PLAINTIFF'S ATTORNEY


**OF COUNSEL**
**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Carlos@morebymoore.com

Exhibit A

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, do hereby certify that I have this date, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will operate to provide notice of this filing to ***all counsel of record*** in this case:

      Michael Williams
      BRADLEY ARANT BOULT CUMMINGS LLP
      One Jackson Place
      188 E. Capitol Street, Suite 1000
      Jackson, MS 39201
      Phone: 601-595-9918
      Mcwilliams@bradley.com
      *Counsel for Defendant Fed Ex*

      Daniel W Kitchens
      Kitchens Law Firm PA
      Post Office Box 799
      CRYSTAL SPRINGS, MS 39059
      601-892-3067
      Fax: 601-892-3057
      dkitchens@kitchenslaw.ne
      *Counsel for Defendant Brandon Case*

      William Kannan Stubbs
      The Stubbs Law Firm, PLLC
      1675 Highway 80 E
      FLOWOOD, MS 39232
      601-203-1653
      Fax: 601-203-3165
      kannan@stubbsms.com
      *Counsel for Defendant Gregory Case*

      Donald A Mcgraw, Jr
      Montgomery McGraw, PLLC
      P. O. Box 1039
      151 W. Peace Street
      CANTON, MS 39046
      601-859-3616
      Fax: 601-859-3622
      dmcgraw@montgomerymcgraw.com
      *Counsel for Defendant Adcamp*

Exhibit A

John Martin
Martin Law, PLLC
141 W. Peace St.
CANTON, MS 39046
601-667-4746
jmartin@johnpmartinlaw.com
*Counsel for Defendant Adcamp*

THIS the 5th day of April, 2024.


/s/ Carlos E. Moore
Carlos E. Moore

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'Monterrio Gibson,

    Plaintiff

vs.                                                                          Cause No. 23-cv-646-LT

Federal Express Corporation,
Brandon Case, Gregory Case,
And Adcamp, Inc.

    Defendants.

**NOTICE OF APPEARANCE OF COUNSEL**

**TO: ALL COUNSEL OF RECORD**

    COMES NOW, the undersigned, and enters his appearance as co-counsel for Defendant, Gregory Case, and requests that all pleadings and notices directed to said Defendant be sent to the undersigned at his usual mailing address of 1675 Highway 80 E, Flowood, MS 39232 or john@stubbsms.com.

                            RESPECTFULLY SUBMITTED,

                            s/John Scarborough
                            Counsel for Defendant, Gregory Case

John Scarborough (MSB# 106515)
Kannan Stubbs (MSB# 103492)
1675 Highway 80 E
Flowood, MS 39232
P. 601-203-1653
F. 601-203-3165
john@stubbsms.com



Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

Further, I hereby certify that I have this day delivered by hand-delivery, U.S. Mail and/or electronic transmission the foregoing document to the following non-MEC participants:

None

This the 8th day of April, 2024.

s/John Scarborough
JOHN SCARBOROUGH (MSB#106515)

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

D'Monterrio Gibson,

     Plaintiff

v.                                        Cause No. 1:23-cv-646-LT

Federal Express Corporation,
Brandon Case,
Gregory Case, and
ADCAMP, Inc.,

     Defendants.

---

**DEFENDANT, GREGORY CASE'S, RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CHANGE OF VENUE TO HINDS COUNTY**

---

Now into Court comes Defendant Gregory Case ("G. Case"), by and through counsel of record, and files this, his Response in Opposition to Plaintiff's Motion for Change of Venue to Hinds County, and would show unto this Honorable Court the following:

    1.     All relevant facts and circumstances at the core of the present case occurred in Lincoln County, Mississippi.

    2.     Plaintiff's Complaint does not allege a single act or omission that occurred anywhere except within the jurisdiction of this Court in Lincoln County, Mississippi. [Doc. #2]. Rather, the Complaint alleges, "that a substantial event that caused the injury occurred in Lincoln County, Mississippi." [*Id.* at ¶ 7].

    3.     Plaintiff alleges in his motion that Defendants G. Case and Brandon Case reside in Lincoln County, and it would be challenging to find jurors who have not been influenced. [Doc. #48, ¶ 3].

Exhibit A

4.      The motion further alleges that due to the high-profile of the case, a change of venue to Hinds County would result in a lower risk of juror impartiality and concerns for safety of the parties. [*Id*. at ¶ 4].

5.      The Supreme Court of Mississippi has held that the decision to grant or deny a motion to change of venue lies within the discretion of the trial court. *Beech v. Leaf River Forest Prods., Inc.*, 691 So.2d 446, 448 (Miss. 1997).

6.      Mississippi Rule of Civil Procedure 82(b) expressly provides, "(e)xcept as provided by the rule, venue of all actions shall be as provided by statute." As such, venue is a function of statute. See *Pisharodi v. Golden Triangle Reg'l Med. Ctr.*, 735 So.2d 353 (Miss. 1999). The relevant venue statute is Miss. Code Ann. § 11-11-3, which states in pertinent part:

> "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred."

Miss. Code Ann. § 11-11-3(1)(a)(i).

7.      It is the plaintiff's prerogative to decide where, among permissible venues, to sue the defendant. *Bayer Corp. v. Reed*, 932 So.2d 786, 788-89 (Miss. 2006), (see also *Forrest County Gen. Hosp. v. Conway*, 700 So.2d 324, 326 (Miss. 1997)). Therefore, absent weighty reasons, a plaintiff's choice of forum should not be disturbed. *Id*. at 789.

8.      "The purpose of changing venue is to ensure a fair venire for all parties free from bias, prejudice and passion." *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So.2d 31, 53 (¶103) (Miss. 2004).

9.      Plaintiff states in his motion that he was hired by Defendant Federal Express Corporation ("Fed Ex") in Hinds County, Fed Ex does business in Hinds County, and tortious

Exhibit A

effects continue to transpire in Hinds County. [Doc. #48, ¶ 5-7]. These events did not just transpire or come to light; rather, the alleged events occurred before this cause of action was filed in Lincoln County. As such, Plaintiff could have initially brought claims against all defendants in Hinds County from the start, but Plaintiff instead brought these claims in Lincoln County where the relevant alleged events stated in Plaintiff's complaint occurred, and where two defendants are located. Thus, the Plaintiff's choice of forum should not be disturbed.

10.     Further, the arguments or allegations for change of venue advanced by the Plaintiff are not reflected in his Complaint. All of the alleged acts or omissions asserted by the Plaintiff in his Complaint occurred in Lincoln County.

11.     Additionally, Plaintiff's motion is void of any documentation in support of his position that venue in Lincoln County is improper. [Doc. #48]. Plaintiff has not presented any affidavits of potential jurors from Lincoln County that have been influenced by media coverage of the case. Further, Plaintiff has not presented any supporting documents that his or any individual defendant's safety would be at risk if this case is to proceed in Lincoln County. Without more than mere speculation of safety of the parties and potential juror bias, it is difficult to comprehend why venue in Lincoln County would be improper, and as such, Plaintiff's motion should be denied.

12.     Plaintiff's motion also points to the fact that Defendants G. Case and Brandon Case ("B. Case") are from Lincoln County. [Doc #48, ¶3]. The motion further states that finding a jury who has not been affected or influenced by the case or people involved would be challenging. *Id.* However, instead of having the case heard in the county in which the alleged events in the complaint occurred and where Defendants G. Case and B. Case reside, Plaintiff suggests that the case be transferred to a county in which he could have originally filed suit if he had so desired. Further, Plaintiff resides in Hinds County; thus, asking the Court to change venue to his county of

Exhibit A

residence will place the Defendant's in the exact same situation of which the Plaintiff complains: that he will be unfairly prejudiced by potential jurors who have been influenced by the national media coverage. Thus, because Plaintiff could have brought suit in Hinds County but elected not to, venue in Lincoln County is proper and should not be disturbed.

13.    Another reason for a change venue stated in Plaintiff's motion is that national media has covered this case for over one year and said media coverage will cause Plaintiff to be unfairly prejudiced by potential jurors. [Doc. #48, ¶ 2]. This argument has no standing as it blindly assumes that only the residents of Lincoln County have been subject to the national media coverage of the instant action. The term, "national media coverage" implies that the nation as a whole has been subjected to coverage of this case and not just Lincoln County. Thus, according to Plaintiff's argument, venue in this case is not proper in any county in which a news station covered the story.

14.    Lastly, if the Court is inclined to grant Federal Express's motion to sever, then Lincoln County is the only proper venue for the claims asserted against Defendant G. Case.

WHEREFORE PREMISES CONSIDERED, Defendant Gregory Case prays that this Court deny Plaintiff's Amended Motion for a Change of Venue [Doc. 48] as no good cause for a change of venue has been presented nor has any supporting documentation been presented to support the position that venue in Lincoln County is improper.

RESPECTFULLY SUBMITTED, this the 8th day of April, 2024.

GREGORY CASE, DEFENDANT

By:    The Stubbs Law Firm, PLLC

By:    s/John Scarborough
       Counsel for Defendant

Exhibit A

John Scarborough (MSB #106515)
Kannan Stubbs (MSB# 103492)
1675 Highway 80 E
Flowood, MS 39232
P. 601-203-1653
F. 601-203-3165
john@stubbsms.com
kannan@stubbsms.com



### CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to all counsel of record.

Further, I hereby certify that I have this day delivered by hand-delivery, U.S. Mail and/or electronic transmission the foregoing document to the following non-MEC participants:

None

This the 8th day of April, 2024.

s/John Scarborough
JOHN SCARBOROUGH (MSB# 106515)

Exhibit A

**IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI**

| | | |
|---|---|---|
| D'MONTERRIO GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 1:23-cv-646-LT |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| BRANDON CASE, GREGORY CASE, | ) | |
| and ADCAMP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FEDERAL EXPRESS CORPORATION'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CHANGE OF VENUE TO HINDS COUNTY**

Pursuant to Mississippi Rules of Civil Procedure §11-11-51 and 11-11-3(1)(a), Defendant

Federal Express Corporation ("FedEx") submits this Response in Opposition to Plaintiff

D'Monterrio Gibson's ("Plaintiff") Amended Motion for Change of Venue to Hinds County.

**INTRODUCTION**

Parroting the grounds for change of venue under Miss. Code Ann. §11-11-51, while

ignoring its evidentiary requirements, Plaintiff makes the bald assertion that "[he] has good reason

to believe, and does believe that, from a prejudice existing in the public mind, he cannot obtain a

fair and impartial trial in Lincoln County."[1]  Plaintiff further asserts "[t]his case is a high-profile

case [,] [which]…has been in national news sources for over a year."[2]  As a result, Plaintiff moves

the Court to transfer this action to Hinds County.

---

[1] *See* Plaintiff's Motion, DE 48 PageID #1, ¶1.

[2] *See* Plaintiff's Motion, DE 48, PageID #1, ¶2.  This *civil* case was filed in November 2023, far less than a year ago. Plaintiff is ostensibly referring to media attention regarding the *criminal* case against Defendants Brandon Case and Gregory Case, which resulted in an August 2023 mistrial.  FedEx was not involved in that criminal case, and it should

Exhibit A

However, the Court should deny Plaintiff's motion for four fundamental reasons: (1) Pursuant to Mississippi Code Ann. §11-11-3(1)(a), venue is improper in Hinds County, (2) Plaintiff provides no evidence to support his conclusory assertions that a transfer is necessary, (3) Plaintiff's counsel caused the media attention motivating Plaintiff's motion, and (4) Plaintiff's motion is premature insofar as the Court has not set a trial date, rendering his concerns about the impartiality of a potential venire remote and speculative.

## LAW AND ARGUMENT

**A.    Pursuant to Mississippi Code Ann. §11-11-3(1)(a), venue is improper in Hinds County.**

Plaintiff's allegations of a nexus between this lawsuit and Hinds County are tenuous at best.  He argues that he was hired and resides in Hinds County, FedEx does business there, and unidentified "[t]ortious effects of what transpired continue[] to effect [him] in Hinds County.[3] These allegations do not address Mississippi's general venue statute.  Miss. Code Ann. §11-11-3(1)(a)(i) states in pertinent part—

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

First, none of the defendants reside in Hinds County.  FedEx's principal place of business is located in Memphis, Tennessee.[4]  And, despite Plaintiff's false allegation that he was hired in Hinds County, the Richland, Mississippi FedEx facility where he was employed is in Rankin

---

not affect Plaintiff's civil employment action against FedEx.  If the Court finds the potential for impartiality arising from the criminal case, this is yet another reason FedEx's motion to sever (DE 15) should be granted.
[3] *See* Plaintiff's Motion, DE 48, PageID #2, ¶¶5-7.

[4] *See* Plaintiff's Complaint, DE 1, ¶2.

Exhibit A

County.[5]  It is also undisputed that Brandon and Gregory Case reside in Brookhaven, Lincoln County, Mississippi.[6]  The other co-Defendant Adcamp, Inc.'s principal office is located in Flowood, Rankin County, Mississippi.[7]

Furthermore, Plaintiff alleges that the shooting incident involving Defendants Brandon Case and Gregory Case occurred in Lincoln County.[8]  He further alleges that FedEx intentionally committed 'outrageous conduct' that shocks the conscious by requesting he perform his regular courier duties in Rankin County.[9]  But, none of the alleged tortious actions occurred in Hinds County.  Mississippi Code Ann. §11-11-3(1) provides that a suit "shall be commenced" in the county where the defendant resides or the alleged act or omission occurred.  The permissive language, "may also be commenced in the county in which the plaintiff resides" applies only where there is no resident defendant.  *See Namihira v. Bailey*, 891 So. 2d 831, 832 (Miss. 2005).  Plaintiff cannot transfer this case to Hinds County, where he could not have originally filed it.

Therefore, Plaintiff, as the master of his own pleadings, could have properly filed this lawsuit in either Lincoln or Rankin County, and in fact filed it in Lincoln County.  Now, based on rank speculation and allegations of a tenuous personal connection, he amended his motion to transfer to Rankin County to now seek transfer to Hinds County, where none of the defendants reside and none of the operative facts occurred.  In short, Plaintiff is inappropriately forum shopping, a practice that the Mississippi Supreme Court has long denounced.  *See e.g.*, *In the*

---

[5] *See* Plaintiff's Complaint, DE 1, ¶20.  Additionally, Miss. Code Ann. §11-11-3(1)(b) only allows for venue in the county where the plaintiff resides or is domiciled, if venue cannot be established under subpart (a) set forth above.

[6] *See* Plaintiff's Complaint, DE 1, ¶¶3-4.

[7] *See* Plaintiff's Complaint, DE 1, ¶5.

[8] *See* Plaintiff's Complaint, DE 1, ¶8.

[9] *See* Plaintiff's Complaint, DE 1, ¶¶20, 22, 25.

Exhibit A

*Interest of C.K.*, 642 So.2d 1346, 1347 (Miss. 1994) (McRae, J., dissenting opinion) ("As all are aware, one cannot forum shop in the state of Mississippi.").

If the Court finds that Plaintiff cannot get a fair trial in Lincoln County, the Court is compelled to transfer the case to Rankin County, where Plaintiff admitted in his initial motion to transfer he could receive an impartial jury and a fair trial. *See* Miss. R. Civ. P. 82(d); *Namihira*, 891 So. 2d at 833 ("[T]ransfer of venue . . . must always be made, if possible, to a county where the case could be commenced.")

**B.    Plaintiff's Motion Should Be Denied for Lack of Evidence.**

In support of his unsubstantiated "belief" that the parties[10] cannot obtain a fair and impartial trial in Lincoln County, Plaintiff cites national media coverage about the case, the size of the Lincoln County community, and the relative safety and more diverse jury pool of Hinds County. Nonetheless, while raising the specter of impartiality in the jury pool and unidentified safety concerns in Lincoln County with conclusory statements, Plaintiff expects the Court to accept them simply because he says so. Both the Mississippi Supreme Court's analysis of Miss. Code Ann. §11-11-51 and the statute itself contemplate that a party's request for change of venue be supported by evidence, not simply an unsubstantiated belief.

In *Bayer Corp. v. Reed*, 932 So.2d 786, 790 (Miss. 2006), the Mississippi Supreme Court held that, where, as here, a party moves for change of venue based on undue influence or prejudice, mere conclusory allegations are insufficient. Faced with a products liability action involving one of its cholesterol drugs brought by a Holmes County resident, Bayer moved for a change of venue. In support of its motion, Bayer argued it would be prejudiced in Holmes County because (1) a

---

[10] Although Plaintiff argues that Plaintiff *and Defendants* cannot get an impartial jury in Lincoln County, Defendants can speak for themselves, and FedEx has no reason, at this juncture, to believe that Lincoln County residents cannot serve as impartial jurors. *See* Plaintiff's Motion, DE 48, PageID #1, ¶2.

**Exhibit A**

prominent local doctor with over 2,000 patients in the community would testify for the plaintiff, (2) dozens of plaintiffs lived in Holmes County, (3) over 135 product liability/pharmaceutical tort cases with over 2,200 plaintiffs had been filed in Holmes County in the past six years, (4) there was significant publicity including attorney advertisements in the county newspaper regarding lawsuits associated with prescription drugs there, and (5) local hostility toward business. *See id.* at 789-90. In affirming the trial court's denial of Bayer's motion, the Court held there was "no evidence presented to indicate…the extent of the effect any pre-trial publicity might have had on the venire." *Id.* at 790. Without this evidence, "Bayer's fears of prejudice [were] merely conclusory allegations…based on nothing but supposition." *Id.* In the present case, Plaintiff does not even have the nominal level of evidence of the *existence* of impartiality, much less *the extent of the effect* of any impartiality the Court found insufficient in *Bayer*.

*Beech v. Leaf River Forest Prods., Inc.*, 691 So.2d 446 (Miss. 1997) is also instructive on the quantum of evidence required to support a party's motion to change venue under §11-11-51. In *Beech*, the Mississippi Supreme Court considered whether the trial court erred in granting the defendants' motion for change of venue. In affirming that ruling, the Court found -

> The defendant presented sufficient evidence in the form of affidavits, depositions, newspaper articles, videotapes of news stories, and other exhibits to support their petition for change of venue. The evidence [also] showed that of the 8,909 residents of George County eligible for jury duty, 750 were plaintiffs in dioxin cases brought against the defendants in this case. Even more were potential class members in a class action against the same defendants certified in the Circuit Court of Jackson County in October of 1992, *Hubbard v. Leaf River Forest Products, Inc.,* which was vacated in October of 1993, after this trial was finished. One exhibit listed over three hundred news articles printed on the dioxin cases in local newspapers between November of 1989 and February of 1993.

*Id.* In contrast to *Bayer* and the present case, the moving parties did not rely on mere conclusory allegations in their motion to change venue, but, instead, supported their conclusions with significant, tangible evidence.

Exhibit A

The language of Miss. Code Ann. §11-11-51 also reflects the expectation that motions for change of venue be supported by evidence. In relevant part, it states: "[the court] shall hear the parties and *examine the evidence* which either may adduce, and may award a change of venue to some convenient county where an impartial trial may be had…." Miss. Code Ann. §11-11-51 (emphasis added). The statute contemplates that the moving party proffer *evidence* supporting a change of venue, not merely unsupported supposition.

Here, Plaintiff presents no evidence of the local venire's particular susceptibility to any national news coverage of this case,[11] no evidence of the number of Lincoln County residents with alleged connections to this case or the parties in it,[12] no evidence of safety concerns surrounding this case in Lincoln County, and no evidence that Hinds County presents a "substantially lower risk of juror impartiality and concerns for safety."

Plaintiff only asserts that "Lincoln [c]ounty is a small community in which Defendants Brandon and Gregory Case reside" . . . [and], it would be challenging to find jurors who have not been personally affected or influenced by the case or the people involved."[13] However, using this logic, Lincoln County could rarely provide an impartial venire in high profile cases. Furthermore,

---

[11] Even assuming potential Lincoln County jurors were exposed to national media attention, "[p]rominence does not necessarily produce prejudice, and jury impartiality…does not require ignorance." *United States v. Walters*, No. 2:19-CR-51-KS-MTP, 2020 WL 1881352 at *2 (S.D. Miss. Apr. 15, 2020) (citation omitted) (finding that juror exposure to news accounts of the charges against a criminal defendant is not, alone, sufficient to deprive a defendant of due process). *See also Cole v. State*, 118 So.3d 633, 638 (Miss. Ct. App. 2012) ("While it is clear that Cole's case received much pretrial publicity, that alone is not enough to require a change of venue.")

[12] According to the U.S. Census Bureau, as of July 1, 2023, the population of Lincoln County, Mississippi was 34,702. *See* the U.S. Census Bureau website, https://www.census.gov/quickfacts/fact/table/lincolncountymississippi,US /PST045223 (last visited March 25, 2024). Plaintiff asserts that "Lincoln [C]ounty is a small community in which Defendants Brandon and Gregory Case reside [and]…it would be challenging to find jurors who have not been personally affected or influenced by the case or the people involved." *See* Plaintiff's Motion, DE 48, PageID #1, ¶3. But, he does not explain how the Cases' involvement in discrete criminal acts against Plaintiff and their subsequent criminal trial for those acts personally affected any other member of the population.

[13] *See* Plaintiff's Motion, DE 48, PageID #1, ¶3.

6

Plaintiff's own assertion that the **national** news coverage would affect jury impartiality undermines transferring this case to Hinds County because its residents would likewise have been exposed to the same national media coverage.

Regarding Plaintiff's assertion that Hinds County is "more diverse,"[14] Plaintiff fails to articulate the manner in which Hinds County is more diverse than Lincoln County as it pertains to his intentional infliction of emotional distress (IIED) claim against FedEx.  He also fails to explain how any category of diversity would prevent him from receiving a fair trial in his civil IIED employment action against FedEx.

**B.    Plaintiff's Counsel Created the Media Attention Plaintiff Now Seeks Relief From.**

Plaintiff's argument that he "cannot obtain a fair and impartial trial in Lincoln County" is disingenuous.  Plaintiff's counsel initiated numerous press conferences and media interviews regarding the civil case he initially filed against FedEx, the Case defendants, and other defendants in federal court, as well as the Cases' criminal prosecution.[15]  Plaintiff should be estopped from benefitting from a problem his counsel helped create.  *See, e.g., U.S. v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991) (affirming the district court's denial of the defendant's motion for change of venue premised on allegedly prejudicial pretrial publicity where "[t]he source of much of the

---

[14] *See id.*

[15] *See* Kayode Crown, FedEx Reinstates Pay for Black Driver Who Alleged White Men Chased, Shot at Him, MISS. FREE PRESS (Feb. 11, 2022), https://www.mississippifreepress.org/20765/fedex-reinstates-pay-for-black-driver-who-alleged-white-men-chased-shot-at-him (describing February 10, 2022 press conference hosted by attorney Carlos Moore at his law office); Josiah Bates, *D'Monterrio Gibson Waits for Justice Two Years After White Men Reportedly Shot at Truck He Was Driving*, THE GRIOT (Jan. 24, 2024), https://thegrio.com/2024/01/24/fedex-mississippi-shooting-truck/ (describing August 15, 2023 press conference held by attorney Carlos Moore before jury selection in the criminal case).  Plaintiff's counsel also live-streamed his February 10, 2022 press conference, which is available on YouTube and has in excess of 230,000 views. *See Mississippi FedEx Driver on Shooting & Chasing Incident*, https://youtu.be/3Hd2V8pRe10 (last visited March 25, 2024).  And, Plaintiff's counsel appeared on CNN the day after his press conference to discuss the shooting incident. *See FedEx Driver is on Unpaid Leave After Being Shot at by 2 White Men*, https://youtu.be/44BPd6LF06o (last visited March 25, 2024). This interview has more than 751,000 views on YouTube.

7

**Exhibit A**

publicity…was [the defendant] himself who, both before and after his indictment, engaged in a calculated media campaign to deny any wrongdoing"). Thus, Plaintiff's motion should be denied.

**C.      Plaintiff's Motion is Premature.**

Section 11-11-51 requires that a motion for change of venue be "made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial...."  But, the Mississippi Supreme Court clearly contemplated that motions be brought when ***actual*** evidence arises of alleged prejudice and its effects on the jury pool, not at the outset of a case based on mere supposition.  As Plaintiff notes, "[n]o discovery has been conducted in this case, and this case is very early in the course of litigation."[16]  More importantly, no trial date has been set.  As such, Plaintiff's fear of juror impartiality is speculative and his motion premature. Although a factor to be considered in a change of venue motion is the amount of pre-trial publicity, it would be premature to file such a motion so long before the trial that the effects of the publicity would be "too remote for a determination of resulting prejudice in the community."  *Beech*, 691 So.2d at 449.  The *Bayer* Court, noting that there had been no trial setting, agreed, finding:  "A determination at this point in the proceedings that no unbiased Holmes County jury could ever be seated would be nothing but speculation; thus, the circuit court was correct in denying the motion for change of venue because it was premature."  *Bayer*, 932 So.2d at 790.

Not only is Plaintiff's motion premature and lacking evidence, he fails to even point the Court to the information advising him of prejudice he received after filing this case in Lincoln County, as required by Mississippi Code Ann. §11-11-51.

---

[16] *See* Plaintiff's Motion, DE 48, PageID #2, ₱10.

**Exhibit A**

## <u>CONCLUSION</u>

For the reasons stated herein, FedEx requests the Court enter an Order denying Plaintiff's

motion.

Respectfully submitted,

s/ Michael Williams
Michael Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Phone:  601-592-9918
Email:  mcwilliams@bradley.com

Brandon D. Pettes (admitted *pro hac vice*)
Terrence O. Reed (admitted *pro hac vice*)
Daniel T. French (admitted *pro hac vice*)
Federal Express Corporation
3620 Hacks Cross Road
Building B, Second Floor
Memphis, TN 38125
Phone:  (901) 434-8537
Email:  brandon.pettes@fedex.com
Email:  terrence.reed@fedex.com
Email:  danielfrench@fedex.com

*Counsel for Defendant Federal Express Corp.*

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, a copy of the foregoing was served on the parties

listed below via the Court's CM/ECF system:

Carlos E. Moore, Esq.
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
cmoore@cochranfirm.com
*Counsel for Plaintiff*

Don A. McGraw, Esq.
**MONTGOMERY MCGRAW, PLLC**
151 West Peace Street
P.O. Box 1039
Canton, MS 39046
dmcgraw@montgomerymcgraw.com

John P. Martin
**MARTIN LAW, PLLC**
141 West Peace Street
Canton, MS 39046
jmartin@johnpmartinlaw.com
*Counsel for Defendant Adcamp, Inc.*

William Kannan Stubbs
**THE STUBBS LAW FIRM**
1675 Highway 80 East
Flowood, MS 39232
kannan@stubbsms.com
*Counsel for Defendant Gregory Case*

Daniel W. Kitchens
**KITCHENS LAW FIRM, P.A.**
P.O. Box 799
Crystal Springs, MS 39059
dkitchens@kitchenslaw.net
*Counsel for Defendant Brandon Case*

s/ Michael Williams

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                              PLAINTIFF

vs.                                              Civil Action No.: __23-cv-646-LT__

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
and ADCAMP, INC.                                              DEFENDANTS

### DEFENDANT ADCAMP, INC.'S REPLY MEMORANDUM
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Adcamp, Inc. ("Adcamp") files its *Reply Memorandum in Support of Motion for Summary Judgment* (MEC 41/42) (the "Motion") against Plaintiff D'Monterrio Gibson ("Gibson"), showing the Court as follows:

### INTRODUCTION

1.      The Court must grant summary judgment in Adcamp's favor, as Gibson has failed to raise any genuine issues of material fact to survive dismissal. First, Gibson has failed to present any evidence of "physical harm" resulting from use of the Adcamp vehicle, which is an essential element of Gibson's negligent entrustment claim. Second, Gibson has failed to present any evidence that Adcamp had the right to control the vehicle at the time of the incident. Lastly, Gibson has failed to present any evidence that Defendant Gregory Case was working for Adcamp at the time of the incident, requiring dismissal of Gibson's claims. For these and all the reasons set forth below, the Court should enter summary judgment in Adcamp's favor.

### ARGUMENT & AUTHORITIES

**A. Gibson has presented no evidence of "physical harm" resulting from Defendant Gregory Case's use of the vehicle.**

2.      The Court should grant Adcamp's Motion because Gibson has failed to present evidence of "physical harm" resulting from the use of the vehicle, which is an essential element

1

Exhibit A

of Gibson's negligent entrustment claim under Mississippi law.

3.     As set forth in Adcamp's Motion, to prove a claim for negligent entrustment, a
plaintiff must establish evidence of "physical harm":

> One who supplies directly or through a third person a chattel for use of another
> whom the supplier knows or has reason to know to be likely because of his youth,
> inexperience, or otherwise, to use it in a manner involving unreasonable risk of
> **physical harm** to himself and others whom the supplier should expect to share in
> or be endangered by its use, is subject to liability for **physical harm** resulting to
> them.

*Sligh v. First Nat. Bank of Holmes Cty*, 735 So. 2d 963, 969 (Miss. 1999) (citing Restatement

(Second) of Torts § 390) (emphasis added).

4.     Gibson has not offered any evidence of physical harm resulting from the use of
the Adcamp vehicle. Failure to provide evidence to support an essential element requires entry
of summary judgment. *See, e.g., Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416
(Miss. 1988) ("when the moving party can show *a complete failure of proof* on an essential
element of the claim or defense, then all other issues become immaterial, and the moving party
is entitled to judgment as a matter of law") (emphasis in original). Without citing to any evidence
(e.g., an affidavit or other competent summary judgment evidence), Gibson makes unfounded
claims that "Adcamp failed to conduct a diligent inquiry into the character and dangerous
propensity of Defendant Gregory[,]" and that Gibson "sustained substantial injuries and
damages[1] as a result of Defendant Adcamp's negligent entrustment of its vehicle to Defendant
Gregory." *See* Gibson's Response, pp. 5-6 (MEC 50). Not only are such claims unsupported by
any competent summary judgment evidence, but they ignore the central basis of Adcamp's
Motion (the lack of evidence of physical harm, which is fatal to Gibson's negligent entrustment
claim). Gibson's claim for negligent entrustment must be dismissed for lack of proof of an

---

[1] Tellingly, Gibson does not even assert that any of these "injuries and damages" were physical in nature.

Exhibit A

essential element, the lack of evidence of "physical harm."

**B. Gibson has presented no evidence that Adcamp had the right to control the vehicle at the time of the incident.**

5.    Gibson has likewise failed to present any evidence that Adcamp had the right to control the vehicle at the time of the incident. In his Response, Gibson turns the applicable standard upside down, arguing that *Defendant Gregory Case* had the right to control the vehicle:

> First, Defendant Adcamp supplied Defendant Gregory with a motor vehicle for Defendant Gregory's use. Thus, **Defendant Gregory had the right to control the vehicle**.

*See* Gibson's Response, pg. 5 (MEC 50) (emphasis in original). However, to survive summary judgment, Gibson must present evidence that *Adcamp*, not Defendant Gregory Case, had the right to control the vehicle at the time of the incident. *See, e.g., Sligh*, 735 So. 2d at 968 (affirming grant of summary judgment to Harreld Chevrolet for lack of "control" of pickup truck involved in automobile accident after sale of the vehicle); *see also Laurel Yamaha, Inc. v. Freeman*, 956 So. 2d 897, 903, 903-904 (Miss. 2007) (reversing trial court for *not* granting summary judgment to Laurel Yamaha, which had no "control" over motorcycle involved in accident); *see also Guardianship of Garvin v. Tupelo Furniture Mkt., Inc.*, 127 So. 3d 197, 198 (Miss. 2013) (affirming grant of summary judgment on negligent entrustment claims after analyzing issue of "control" of vehicle by stepparents, whose vehicle was used by stepchild in accident).

6.    Gibson misstates the applicable legal standard and fails to present any evidence to show that Adcamp—which supplied the vehicle to Defendant Gregory Case—had the right to control the vehicle at the time the incident giving rise to Gibson's claims occurred. As with the lack of evidence of "physical harm," Gibson has not presented any evidence showing that Adcamp had the right to control the vehicle at the time of the incident, requiring summary judgment in Adcamp's favor.

Exhibit A

**C. Gibson has presented no evidence that Defendant Gregory Case was working for Adcamp at the time of the incident.**

7.    Lastly, Gibson has not presented any summary judgment evidence to demonstrate that Defendant Gregory Case was engaged in any employment objective of Adcamp's at the time of the incident giving rise to Gibson's claims. To the extent Gibson plead any theory other than negligent entrustment for vicarious liability against Adcamp arising out of the use of the truck, the undisputed facts show that Defendant Gregory Case was not working for Adcamp at the time of the incident.

8.    In its Motion, Adcamp presented competent summary judgment evidence supporting the fact that Defendant Gregory Case was not working at the time of the incident:

   a.  Adcamp's office is located in Flowood, Mississippi, and Adcamp is engaged in the business of asphalt paving. *See Affidavit of Jason Brewer*, ¶¶ 3-4, **Exhibit "A"** to Motion (MEC 42-1).

   b.  Defendant Gregory Case had driven home to Brookhaven at the time of the incident giving rise to Gibson's claims. *See Affidavit of Jason Brewer*, ¶ 7, **Exhibit "A"** to Motion (MEC 42-1).

   c.  Defendant Gregory Case was not pursuing any employment objective of Adcamp's at the time of the incident that is the subject of this lawsuit. *See Affidavit of Jason Brewer*, ¶ 8, **Exhibit "A"** to Motion (MEC 42-1).

9.    Gibson failed to provide any competent summary judgment evidence to raise a genuine issue of material fact on any of these points. In his Response, Gibson makes vague, unsupported allegations that "Defendant Adcamp is oblivious to Defendant Gregory's actions and intentions while working with Defendant Adcamp as Defendant Adcamp failed to train and supervise Defendant Gregory." *See* Gibson's Response, pp. 6-7 (MEC 50). However, Mississippi law provides that bare assertions are simply not enough to avoid summary judgment. The non-movant may not rest upon allegations or denials in his pleadings." *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996). Gibson provides nothing more than bare assertions, which do

4

Exhibit A

not meet the standard required to avoid summary judgment.

10.    The undisputed material facts demonstrate that Defendant Gregory Case was not

engaged in any business purpose of Adcamp's at the time of the incident giving rise to Gibson's

claims, requiring summary judgment in Adcamp's favor.

<u>**CONCLUSION**</u>

11.    Gibson's Response does not raise any genuine issues of material fact to avoid

dismissal under Mississippi law. For these and all the reasons set forth above, the Court should

grant summary judgment to Adcamp on all of Gibson's claims.

THIS the 8<u>th</u> day of April, 2024.

**ADCAMP, INC.**

By:    *s/ John P. Martin*
       John P. Martin, one of its attorneys

OF COUNSEL:

Don A. McGraw, Jr., MSB #2621
Montgomery McGraw, PLLC
151 West Peace Street
Post Office Box 1039
Canton, MS 39046
Telephone No: 601-859-3616
dmcgraw@montgomerymcgraw.com

John P. Martin, MSB #103898
Martin Law, PLLC
141 West Peace Street
Canton, MS 39046
Telephone No.: 601-667-4746
jmartin@johnpmartinlaw.com
***Attorneys for Defendant Adcamp, Inc.***

Exhibit A

<u>CERTIFICATE OF SERVICE</u>

I, John P. Martin, do hereby certify that I have this day filed the above and foregoing **DEFENDANT ADCAMP, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** via the MEC system which served a true and correct copy in accordance with the Mississippi Rules of Civil Procedure upon the following:

Carlos E. Moore
THE COCHRAN FIRM – MS DELTA
306 Branscome Drive
P.O. Box 1487
cmoore@cochranfirm.com
*Attorney for Plaintiff D'Monterrio Gibson*

Michael Williams
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
mcwilliams@bradley.com
*Attorney for Defendant Federal Express Corporation*

William Kannan Stubbs
THE STUBBS LAW FIRM
1675 Highway 80 E
Flowood, MS 39232
kannan@stubbsms.com
*Attorney for Defendant Gregory Case*

Daniel W. Kitchens
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS 39059
dkitchens@kitchenslaw.net
*Attorney for Defendant Brandon Case*

SO CERTIFIED, this the 8<u>th</u> day of April, 2024.

<div align="right">

*s/ John P. Martin*
John P. Martin

</div>

Exhibit A

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

D'MONTERRIO GIBSON                                                    PLAINTIFF

V.                                                    CAUSE NO. 2023-646-LT-LS

FEDERAL EXPRESS CORPORATION,
BRANDON CASE, GREGORY CASE,
AND ADCAMP, INC.                                                    DEFENDANTS

### ORDER

THIS CAUSE is before the Court on a Motion to Sever, pursuant to Mississippi Rules of Civil Procedure 20, 21, and 42(b), filed by the defendant, Federal Express Corporation (hereinafter FedEx), by and through counsel, in the Circuit Court of Lincoln County, Mississippi. In its motion, FedEx requests that the Court sever it and the plaintiff's intentional infliction of emotional distress claim against it from this cause as the plaintiff misjoined FedEx. A hearing was conducted on Monday, March 25, 2024, at which time FedEx and the plaintiff, Mr. D'Monterrio Gibson, by and through counsel, were allowed to present their arguments before the Court.

Having conducted a hearing, considered the arguments of both parties, and reviewed the pleadings and applicable law, the Court finds that the defendant FedEx's Motion to Sever should be and is hereby GRANTED.

**This order shall be placed in the court file of the above styled case and a stamped "filed" copy of this order shall be forwarded to all parties and attorneys of record.**

SO ORDERED AND ADJUDGED on this the _____ day of _4/11_____ 2024.

CIRCUIT COURT JUDGE

DAVID H. STRONG
Circuit Court Judge
Post Office Drawer 1387
McComb, Mississippi 39649

APR 12 2024

By _____ D.C.

Gibson v. FedEx, et al. 1

Exhibit A

Phone: (601) 684-3400
Facsimile: (601) 684-2700
Mississippi Bar Number: 9664



Gibson v. FedEx, et al. 2

Exhibit A