IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION No. 5:24CV40-DCB-LGI |
| FEDERAL EXPRESS CORPORATION, | ) |
| Defendant. | ) |

**DEFENDANT FEDERAL EXPRESS CORPORATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION
TO STAY RULE 16(a) INITIAL ORDER DEADLINES**

Defendant Federal Express Corporation ("FedEx") submits this Memorandum of Law in Support of its Unopposed Motion to Stay Rule 16(a) Initial Order Deadlines (DE 2), pending resolution of FedEx's Motion for Judgment on the Pleadings (DE 3).

## INTRODUCTION

Plaintiff D'Monterrio Gibson's ("Plaintiff") sole claim against FedEx is for intentional infliction of emotional distress ("IIED"), arising from his employment with FedEx. On April 18, 2024, the Court entered its Rule 16(a) Initial Order (the "Order"), setting the following case deadlines:

- June 4, 2024 – Telephonic Case Management Conference
- May 14, 2024 – Rule 26(f) Conference
- May 28, 2024 – Deadline for Serving Initial Disclosures
- May 28, 2024 – Deadline to Submit Proposed Case Management Order to Court

- May 28, 2024 – Deadline to Submit Confidential Settlement Memorandum.

FedEx filed its Motion for Judgment on the Pleadings (DE 3) on April 22, 2024, on the basis that Plaintiff's IIED claim should be dismissed because the allegations in the Complaint do not state a claim and because of the exclusivity provision of the Mississippi Workers' Compensation Act ("MWCA"). The Court's ruling on FedEx's motion may be dispositive of all issues in this case, obviating the need for an initial case management conference and any further litigation. Additionally, granting the requested stay pending resolution of FedEx's dispositive motion would promote judicial efficiency, avoid wasting judicial resources, and avoid unnecessary costs to the parties.

For all of these reasons, FedEx's Motion to Stay should be **GRANTED**.

## LAW AND ARGUMENT

A district court has the inherent power to stay proceedings under its authority "to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This inherent power "emanates from the 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Ronaldo Designer Jewelry, Inc. v. Prinzo*, No. 5:14-cv-73(DCB)(MTP), 2015 U.S.Dist.LEXIS 76460, at *3 (S.D. Miss. June 12, 2015).

Where, as here, resolution of a dispositive motion may dispose of the entire case, Mississippi district courts have routinely granted motions to stay. *See, e.g.*, *Pryor v. City of Pontotoc*, No. 3:23-cv-309-MPM-JMV, 2024 U.S. Dist. LEXIS 25900 (N.D. Miss. Feb. 8, 2024) (granting the defendant's motion to stay pending resolution of its motion for judgment on the pleadings, raising "questions of law that, if decided in favor of [the defendant], could terminate

the litigation"); *Vanderlan v. Jackson HMA, LLC*, No. 3:15-cv-767-DPJ-FKB, 2017 U.S.Dist.LEXIS 210726 (S.D. Miss. Dec. 22, 2017) (granting the defendant's motion to stay pending resolution of its motion to dismiss, finding granting same "would potentially prevent a significant, unnecessary expenditure of resources by the parties"); *Willis v. Keen*, No. 4:23-cv-197-DMB-JMV, 2024 U.S.Dist.LEXIS 53676 (N.D. Miss. Mar. 24, 2024) (finding good cause to stay where an affirmative defense raised in the defendants' motion to dismiss could "dispose of this cause in its entirety"); *Anderson v. Amite Cty. Sch. Dist.*, No. 5:19-cv-10-DCB-MTP2019 U.S. Dist.LEXIS 89632 (S.D. Miss. May 29, 2019) (granting the defendant's motion for stay pending ruling on its motion to dismiss, where an immunity defense raised in the motion could be dispositive of the case).

Moreover, Plaintiff will not be prejudiced by a stay. This case was only recently removed to this Court. Other than those set forth in the Court's April 18, 2024 Order, no deadlines have been set in this case. Additionally, no discovery has occurred. The Court's ruling on FedEx's dispositive motion will either result in lifting the stay and re-scheduling the deadlines in the Order or dismissing the case. Staying this case pending the resolution of FedEx's motion balances considerations of judicial efficiency, expenditure of Court resources, and litigation costs for the parties.

## CONCLUSION

For the foregoing reasons, FedEx prays the Court enter an Order granting its motion to stay the deadlines set forth in its April 18, 2024 Order, pending resolution of FedEx's Motion for Judgment on the Pleadings.

           *s/ Michael C. Williams*
           Michael Williams (MS Bar #104537)
           **BRADLEY ARANT BOULT CUMMINGS LLP**
           One Jackson Place

188 East Capitol Street, Suite 1000
Jackson, MS 39201
Tel 601-592-9918
Fax 601-592-1418
mcwilliams@bradley.com

*Attorney for Defendant Federal Express Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, a copy of the foregoing was served on the parties listed below via the Court's ECF System:

Carlos E. Moore
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Tel 662-227-9940
Fax 662-227-9941
cmoore@cochranfirm.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　s/ Michael C. Williams