**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**D'MONTERRIO GIBSON**                                                 **PLAINTIFF**

**V.**                       **CIVIL ACTION NO.: 5:24CV40-DCB-LGI**

**FEDERAL EXPRESS CORPORATION**                               **DEFENDANT**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT FEDERAL EXPRESS CORPORATION'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

      **COMES NOW** D'Monterrio Gibson ("Plaintiff"), by and through his counsel of record, and files this *Response in Opposition to Defendant Federal Express Corporation's Motion for Judgment on the Pleadings*. Plaintiff moves this Honorable Court to deny Federal Express Corporation's ("Defendant FedEx") motion and requests a hearing on said motion and as grounds, therefore, would state as follows:

1. This case arises due to Defendant FedEx's tortuous actions. On January 24, 2022, Plaintiff was acting within the scope of his employment with Defendant FedEx when Brandon Case ("Brandon") and Gregory Case ("Gregory") civilly assaulted and battered Plaintiff. Brandon and Gregory terrorized, shot at, and chased Plaintiff out of the Junior Trial neighborhood of Lincoln County, Mississippi. Despite the assault and battery of Plaintiff, Defendant FedEx demanded Plaintiff to return to work on the same dangerous route the following day.

2. As a result of the subject incident, Plaintiff sustained injuries and damages. On November 20, 2023, Plaintiff filed suit against Defendant FedEx asserting intentional infliction of emotional distress. On April 22, 2024, Defendant FedEx filed its *Motion for Judgment on*

1

*the Pleadings* denying liability. As outlined below, Defendant FedEx is liable for causing Plaintiff extreme distress. As such, Defendant FedEx's motion should be denied.

3. A motion for judgment on the pleadings is considered under Federal Rule of Civil Procedure 12(c) which provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. "To survive a motion to dismiss, a complaint [and other pleadings] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4. Plaintiff's claim of intentional infliction of emotional distress is valid and supported. Additionally, Plaintiff's claim is not preempted by the Mississippi Workers' Compensation Act and falls outside the exclusivity of the Act. Consequently, Defendant FedEx's motion for judgment on the pleadings should be denied.

5. Plaintiff relies on the following to support his response:

    a. *Memorandum in Support of Plaintiff's Response in Opposition to Defendant Federal Express Corporation's Motion for Judgment on the Pleadings*; and

    b. Complaint attached hereto as Exhibit "A".

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendant FedEx's *Motion for Judgment on the Pleadings*. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 2nd day of May 2024.

**D'MONTERRIO GIBSON**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**Carlos Moore Law Group**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**carlos@morebymoore.com**

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

    **This the 2nd day of May 2024.**

                           /s/ Carlos Moore_____
                            Carlos Moore, MSB #100685