IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**D'MONTERRIO GIBSON**                                                                                    **PLAINTIFF**

**V.**                                                                       **CIVIL ACTION NO.: 5:24CV40-DCB-LGI**

**FEDERAL EXPRESS CORPORATION**                                                                **DEFENDANT**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**COMES NOW** D'Monterrio Gibson ("Plaintiff"), by and through his counsel of record, and files this *Memorandum in Support of Plaintiff's Response in Opposition to Defendant Federal Express Corporation's Motion for Judgment on the Pleadings.* Plaintiff moves this Honorable Court to deny Federal Express Corporation's ("Defendant FedEx") motion and requests a hearing on said motion and as grounds, therefore, would state as follows:

**I.     INTRODUCTION**

This case arises due to Defendant FedEx's tortuous actions. On January 24, 2022, Plaintiff was acting within the scope of his employment with Defendant FedEx when Brandon Case ("Brandon") and Gregory Case ("Gregory") civilly assaulted and battered Plaintiff. Brandon and Gregory terrorized, shot at, and chased Plaintiff out of the Junior Trial neighborhood of Lincoln County, Mississippi. Despite the assault and battery of Plaintiff, Defendant FedEx demanded Plaintiff to return to work on the same dangerous route the following day.

As a result of the subject incident, Plaintiff sustained injuries and damages. On November 20, 2023, Plaintiff filed suit against Defendant FedEx asserting intentional infliction of emotional distress. On April 22, 2024, Defendant FedEx filed its *Motion for Judgment on the Pleadings*

1

denying liability. As outlined below, Defendant FedEx is liable for causing Plaintiff extreme distress. As such, Defendant FedEx's motion should be denied.

## II. FACTS[1]

On January 24, 2022, Plaintiff was delivering packages as an employee of Defendant FedEx in the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff arrived at the residential destination, delivered the package, and returned to his work van. When Plaintiff returned to his work van, he noticed a white truck driven by Gregory speeding towards him from behind. Brandon was in the passenger seat of the truck. Gregory began honking his horn. Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Gregory and continued driving.

At this point, Brandon was waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the work van. Plaintiff refused and drove around Brandon and Gregory. Brandon began to fire shots at Plaintiff as Plaintiff was trying to get to safety. Gregory proceeded to chase Plaintiff throughout the Junior Trail neighborhood and near the main interstate/highway. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor with Defendant FedEx to report the incident and requested the police to be contacted. The supervisor preferred to wait until the next day to report the incident to the police, so Plaintiff had to call the police on his own.

Plaintiff visited the Brookhaven Police Department to make a report about the incident and thereafter Plaintiff returned to Defendant FedEx's station. Upon his arrival, an employee of Defendant FedEx began inspecting the van and taking photos. There were many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van.

---

[1] As illustrated in Plaintiff's complaint as Exhibit "A".

On January 25, 2022, Plaintiff returned to work for Defendant FedEx. Plaintiff was provided an official "FedEx" vehicle this time, and he was asked not to speak with any news outlets. Additionally, Plaintiff was assigned the same route as the day before, which included the Junior Trial neighborhood. Plaintiff attempted to complete his work route, but due to experiencing severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working. Plaintiff was still pressured to start his work route. Again, Plaintiff advised that he was uncomfortable working. On January 26, 2022, Plaintiff began medical leave for his severe anxiety and began therapy sessions in February 2022. Plaintiff was off work for two weeks without pay. Defendant FedEx was aware and fully recognized the amount of emotional distress Plaintiff was experiencing.

### III. LEGAL STANDARD

A motion for judgment on the pleadings is considered under Federal Rule of Civil Procedure 12(c) which provides, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. "To survive a motion to dismiss, a complaint [and other pleadings] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). We will "accept all well-pleaded facts as true, **viewing them in the light most favorable**

**to the plaintiff**." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (internal quotation marks, citation, and alteration omitted). Moreover, in considering a motion for judgment on the pleadings under Rule 12(c), the court is generally limited to "the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (internal quotation marks and citation omitted) (considering a Rule 12(b)(6) motion); Fed. R. Civ. P. 12(d) (applying the same standard to consideration of matters outside the pleadings in both the Rule 12(c) and Rule 12(b)(6) contexts). The "pleadings" include the complaint, answer to the complaint, and "if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

## IV.    ARGUMENT AND AUTHORITIES

### a. Plaintiff's claim of intentional infliction of emotional distress is valid and supported.

To prevail on their claim for intentional infliction of emotional distress, the Plaintiff must prove the following:

> [(1)] The defendant acted willfully or wantonly towards the plaintiff by committing certain described actions; [(2)] the defendant's acts are ones "which evoke outrage or revulsion in civilized society"; [(3)] the acts were directed at, or intended to cause harm to, the plaintiff; [(4)] the plaintiff "suffered severe emotional distress as a direct result of the acts of the defendant"; and [(5)] "such resulting emotional distress was foreseeable from the intentional acts of the defendant."

*Rainer v. Wal-Mart Assocs., Inc.*, 119 So. 3d 398, 403-04 (¶19) (Miss. Ct. App. 2013) (quoting *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 906-07 (¶15) (Miss. 2011)); see also *Evans v. Miss. Dep't of Hum. Servs.*, 36 So. 3d 463, 475 (¶50) (Miss. Ct. App. 2010).

Mississippi's standard for a claim of intentional infliction of emotional distress focuses on the defendant's conduct and not the plaintiff's emotional condition. *Orr v. Morgan*, 230 So. 3d 368, 376 (¶18) (Miss. Ct. App. 2017). Ultimately, the standard for an intentional infliction of emotional distress claim is whether the defendant's behavior is malicious, intentional, willful,

4

wanton, grossly careless, indifferent, or reckless. *Little v. Collier*, 759 So. 2d 454, 457 (¶13) (Miss. Ct. App. 2000) (citing *Morrison v. Means*, 680 So. 2d 803, 806 (Miss. 1996)); *Jones v. City of Hattiesburg*, 228 So. 3d 816, 819 (Miss. App. 2017).

In this matter, Defendant FedEx acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff. Moreover, Defendant FedEx's actions were extreme and outrageous. As aforementioned, Plaintiff was acting within the scope of his employment with Defendant FedEx when he was civilly assaulted and battered by Brandon and Gregory. During his delivery route for Defendant FedEx, Brandon and Gregory terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood.

It is pertinent to note that (1) Plaintiff informed Defendant FedEx of all of the details of the subject incident; (2) Defendant FedEx saw many bullet holes inside the back of Plaintiff's work van and the packages; (3) a bullet fragment was also found in the back of the van; (4) Defendant FedEx told Plaintiff not to speak with any news outlets regarding the subject incident; and (5) Plaintiff informed Defendant FedEx that he was experiencing negative mental and emotional effects due to the subject incident and was uncomfortable being designated the route that included the Junior Trail neighborhood. Despite these factors, the next day, Defendant FedEx assigned Plaintiff to the same route as the day before, which included the Junior Trail neighborhood. Plaintiff attempted to complete his work route, but due to experiencing a severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working. Defendant FedEx still urged and coerced Plaintiff to perform his delivery route.

Essentially, Defendant FedEx knew that Plaintiff was assaulted by Brandon and Gregory in the Junior Trail neighborhood. Plaintiff explicitly advised Defendant FedEx that he experienced

5

negative and debilitating emotional distress as a result of the same. Defendant FedEx intentionally caused and contributed to such by impelling Plaintiff to experience the same horrifying events and Defendant FedEx's actions were extreme and outrageous. As a result of Defendant FedEx's actions, Plaintiff's claim of intentional infliction of emotional distress is valid and supported. As such, Defendant FedEx's motion should be denied.

    b. **Plaintiff's claim of intentional infliction of emotional distress is <u>not</u> preempted by the Mississippi Workers' Compensation Act ("MWCA").**

Mississippi Code Section 71-3-9, in relevant part, provides that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee[.]" Miss. Code Ann. § 71-3-9 (Rev. 2019). "This Court repeatedly has held that, 'in order for a willful tort to be outside the exclusivity of the [MWCA], the employe[r]'s action must be done "with an actual intent to injure the employee."'" *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (alterations in original) (emphasis added) (quoting *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988)). "[A] mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the [MWCA]….Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the [MWCA]." *Id*. (alterations in original) (internal quotation marks omitted) (quoting *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001)).

    In other words,

> [F]or a tort claim against an employer to fall outside the MWCA and survive Rule 12) dismissal, a plaintiff must allege that the actions of the employer went beyond negligence, gross negligence, or recklessness. In order to succeed on such a claim, the plaintiff must allege and prove that the employer acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee.

*Id*. (emphasis added)**.**

As aforementioned, during Plaintiff's delivery route for Defendant FedEx, Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood. It is important to note that (1) Plaintiff informed Defendant FedEx of all of the details of the subject incident; (2) Defendant FedEx saw many bullet holes inside the back of Plaintiff's work van and the packages; (3) a bullet fragment was also found in the back of the van; (4) Defendant FedEx told Plaintiff not to speak with any news outlets regarding the subject incident; and (5) Plaintiff informed Defendant FedEx that he was experiencing negative mental and emotional effects due to the subject incident and was uncomfortable being designated the route that included the Junior Trail neighborhood.

Although Defendant FedEx knew all of the above details of the subject incident; **and** Plaintiff explicitly advised Defendant FedEx, **multiple times**, that he experienced negative and debilitating emotional distress as a result of the incident, Defendant FedEx **still forced** Plaintiff to experience distress and subjected Plaintiff to dangerous conditions by impelling Plaintiff, **multiple times**, to work the same route where the traumatic incident occurred. Moreover, Defendant FedEx attempted to coerce Plaintiff into delaying filing any charges with the BPD, by attempting to force Plaintiff to work the same route where the subject incident occurred, and by demanding more than once that Plaintiff return to work following the subject incident. Additionally, due to the subject incident Plaintiff was unable to work and Defendant FedEx ensured that Plaintiff was off work **without pay**. Defendant FedEx's actions were so egregious, intentional, and extremely harmful to Plaintiff's mental health.

As a result of Defendant FedEx's actions, Plaintiff's claim of intentional infliction of emotional distress is **not** preempted by the Mississippi Workers' Compensation Act. As the facts outlined in the pleadings support the same, Defendant FedEx's motion should be denied.

**CONCLUSION**

Plaintiff's claim of intentional infliction of emotional distress is valid and supported. Additionally, Plaintiff's claim is not preempted by the Mississippi Workers' Compensation Act and falls outside the exclusivity of the Act. Consequently, Defendant FedEx's motion for judgment on the pleadings should be denied.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendant FedEx's *Motion for Judgment on the Pleadings*. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 2nd day of May 2024.

**D'MONTERRIO GIBSON**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**Carlos Moore Law Group**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**carlos@morebymoore.com**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

**This the 2nd day of May 2024.**

/s/ Carlos Moore_____
Carlos Moore, MSB #100685