IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 5:24CV40-DCB-LGI |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

DEFENDANT FEDERAL EXPRESS CORPORATION'S
REBUTTAL IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Local Civil Rule 7(b)(4) of the Southern District of Mississippi, Defendant Federal Express Corporation ("FedEx") submits its Rebuttal in support of its Motion for Judgment on the Pleadings.

## INTRODUCTION

Gibson is a former FedEx courier who was employed at its station in Jackson, Mississippi. On January 24, 2022, while attempting to make a delivery in a residential subdivision within his assigned courier route, two individuals pursued and fired multiple shots at him (hereinafter referred to as the "incident"). Although Gibson was not physically injured, he alleges he suffered emotional distress because of the incident. Gibson alleges that FedEx asked him to work his assigned route the day following the incident,[1] and he expressed anxiety about

---

[1] FedEx denies Gibson's allegation that, after the incident, FedEx asked him to perform the part of his courier route in the Junior Trail neighborhood where the incident occurred. FedEx also denies Gibson's allegation that he was not compensated for the weeks he was on voluntary medical leave after the incident. However, for purposes of ruling on FedEx's motion for judgment on the pleadings, only Gibson's allegations are relevant.

doing so, which is the basis of his intentional infliction of emotional distress ("IIED") claim against FedEx.

Because Gibson allegedly suffered emotional distress while performing his courier route in the course and scope of his employment with FedEx, he received workers' compensation benefits in the form of compensation equal to the maximum weekly percentage of his average weekly pay and an additional lump sum amount of $159,900 through settlement of his workers' compensation claim against FedEx.

As a matter of law, Gibson's IIED claim fails for three reasons. First, his Complaint does not allege FedEx engaged in conduct that would satisfy the high threshold of outrageous, extreme, and repulsive behavior that goes beyond all possible bounds of decency and is utterly intolerable in a civilized society. Second, workers' compensation benefits are Gibson's exclusive remedy pursuant to the Mississippi Workers' Compensation Act ("MWCA"). And third, Gibson received these workers' compensation benefits and thus his current IIED claim is barred by the doctrine of accord and satisfaction.

For the reasons set forth herein, FedEx's Motion for Judgment on the Pleadings should be **GRANTED** and Gibson's IIED claim should be dismissed with prejudice.

## LAW AND ARGUMENT

A. *Gibson failed to address certain dispositive defenses in FedEx's memorandum in support of its motion for judgment on the pleadings and, therefore, waived any arguments in opposition to them.*

On pages 5 through 6 of FedEx's memorandum in support of its motion, FedEx asserted the defense of accord and satisfaction by arguing that Gibson has already been compensated for his emotional distress resulting from the incident through his workers' compensation benefits, including the amount he received from his workers' compensation settlement agreement with

FedEx in an amount of $159,900.  *See* DE 4, pg. 5-6.  The fully executed settlement agreement, attached as Exhibit A to FedEx's Answer, reads, in pertinent part, as follows:

> IT IS FURTHER ORDERED that upon payment of the sum of One Hundred and Fifty Nine Thousand and Nine Hundred Dollars ($159,900.00), to Claimant, the ***Employer/Self-Insured shall stand discharged of any other or further liability to Claimant*** or his providers of medical care, ***including***, but not limited to, ***liability for any and all*** accidental injuries or ***occupational injuries*** or diseases, ***whether mental*** or physical, ***heretofore sustained by Claimant while in the employ of the Employer/Self-Insured and of the effects thereof*** and any and all medical or other expenses associated therewith . . . .

Exhibit A attached to FedEx's Answer, DE 1-1, PageID #37. (emphasis added).

Gibson fails to address this defense in response to FedEx's motion for judgment on the pleadings, and his failure operates as a waiver of any opposition to the defense.  *See Fried Alligator Films, LLC v. N.Y. Life Ins. Co.*, No. 4:16-CV-175, 2017 U.S. Dist. LEXIS 160858, *12 (N.D. Miss. Sept. 29, 2017) ("As an initial matter, the failure to raise an argument in response to a motion to dismiss operates as a waiver of such argument.") (*citing Jaso v. The Coca Cola Co.*, 435 Fed. Appx. 346, 358 n. 12 (5th Cir. 2011).  Gibson does not contest that he was compensated for his emotional distress through his prior settlement with FedEx.

To the contrary, Gibson repeatedly concedes in his Complaint and Response that he allegedly sustained emotional distress in the course and scope of his employment.  *See* Complaint, DE 1-1, PageID #4-7, ¶ 8, 11, 22, 25; DE 11, PageID # 1, 3, 5.  Because his alleged emotional distress was sustained while in the course and scope of his employment with FedEx, he was fully compensated for all damages pursuant to the MWCA.  *See Fulton v. Baxter Healthcare Corp.*, No. 2:05CV-95, 2005 U.S. Dist. LEXIS 31650, *3 (N.D. Miss. Nov. 21, 2005) ("Because plaintiff's allegations concern an injury suffered while in the course and scope of her employment, her claims are barred by the exclusivity provisions of the Mississippi Workers' Compensation Act.") (citing Miss. Code Ann. § 71-3-9); *Tanks v. Lockheed Martin*

3

*Corp.*, 417 F.3d 456, 465 (5th Cir. 2005) (holding that emotional injuries sustained in the course and scope of employment are compensable under the MWCA, and "[t]his nexus 'requires a showing of minimal causation: only a rational connection between employment and injury is necessary").

Gibson also fails to address FedEx's *Iqbal / Twombly* defense on page 7 of its memo. FedEx argues that Gibson's Complaint does not allege or infer that FedEx actually intended to injure him with full knowledge that he would be injured and with the purpose of the action being to cause injury to him, an element required by the Mississippi Supreme Court to evade the MWCA's exclusive remedy. *See* DE 4, PageID# 7; *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988). Gibson does not direct the Court to allegations in his Complaint of "actual intent," and without this allegation, which Gibson cannot credibly aver under Federal Rule of Civil Procedure 11, his IIED claim is the typical tort action that is barred by the MWCA. *See, e.g., Bailey v. Lockheed Martin Corp.*, 432 F. Supp. 2d 665, 668 (S.D. Miss. 2005) (dismissing IIED claim because of workers' compensation exclusivity).

At most, Gibson infers in his Complaint that FedEx was reckless in asking him to perform his normal, assigned route the day after the incident. However, reckless conduct is insufficient to circumvent the MWCA's exclusivity provision. *See Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001) ("Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the [MWCA].")

Because Gibson has waived any argument to these dispositive defenses, the Court should grant FedEx's motion.

B.   *Gibson makes factual arguments in his Response in opposition to FedEx's motion for judgment on the pleadings that are **not** in his Complaint.*

In an effort to avoid dismissal, Gibson makes factual assertions that are not contained in the Complaint, but a court is generally prohibited from considering such assertions outside the pleadings when deciding a motion for judgment on the pleadings.  *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish,* 456 Fed. Appx. 336, 340-41 (5th Cir. 2011).  For example, on page 7 of his Response in Opposition, Gibson argues –

> Plaintiff explicitly advised Defendant FedEx multiple times that he experienced negative and debilitating emotional distress as a result of the incident, [and] Defendant FedEx still forced Plaintiff to experience distress and subjected Plaintiff to dangerous conditions by impelling Plaintiff, multiple times, to work the same route where the traumatic incident occurred.

DE 11, PageID # 7.

These hyperbolic assertions in Gibson's Response are inconsistent with the allegations in his Complaint.  Plaintiff's Complaint does not allege that he advised anyone at FedEx that he experienced "*debilitating emotional distress as a result of the incident.*"  Plaintiff pleads what he told FedEx in paragraphs 23 and 25 of his Complaint, where he simply avers that "he had to inform Defendant FedEx that he was ***uncomfortable*** working" and he "informed the supervisor that he felt ***uncomfortable*** performing the route."  Complaint, DE 1-1, PageID #7, ¶¶ 23, 25 (emphasis added).  He alleges that he told his supervisor he felt uncomfortable performing his route twice – once before he attempted to complete the route on January 25, 2022 and once afterwards.  But, this is the extent of his allegations regarding what he told FedEx the day after the incident.

In addition, throughout his Response, Gibson uses various misleading synonyms to suggest that FedEx somehow ***forced*** him to perform his normal route against his will the day after the incident.  He uses a variety of inflammatory verbs in his Response like "forced," "impelling," "coerce," "demanding," "pressured" and "urged" to try to elevate FedEx's alleged

5

employment action to the requisite threshold level of outrageousness. *See* DE 11, PageID # 1, 3,5, 6, 7. However, the actual Complaint paints a different picture because it merely avers that "Plaintiff was *assigned* to the same route as the day before . . . [and] Plaintiff was *asked* to start his route . . . ." *See* Complaint, DE 1-1, PageID #6-7, ¶¶ 22, 25 (emphasis added). This is the extent of Gibson's allegations in the Complaint regarding FedEx asking him to perform his normal route after the incident. Despite Gibson's embellished word choice in his Response, the Complaint clearly reflects that he was ***not*** forced to do anything. The Complaint alleges that, after he "*informed the supervisor that he felt uncomfortable performing the route*," he never performed it again. *See* Complaint, DE 1-1, PageID #7, ¶¶ 25 – 27.

More importantly, the Complaint does not allege that Gibson suffered any adverse employment action as a result of him not performing his route. This is because he did not receive any such adverse employment action. *See* Complaint, DE 1-1. In comparison, the plaintiff in *Howard v. Hancock Med. Ctr.* was terminated for refusing to perform a dangerous job, and the court still found she did not have a viable IIED claim. *See Howard v. Hancock Med. Ctr.*, No. 1:05CV334KS-MTP, 2006 U.S. Dist. LEXIS 87405, *23 (S.D. Miss. Dec. 1, 2006); *see also Lamb v. CNG Producing Co.*, No. 93-2302, 1993 U.S. App. LEXIS 39476, *13 – 15 (5th Cir. Nov. 12, 1993) (holding that neither threats of termination nor termination constitute outrageous and extreme conduct to sustain an IIED claim.) Therefore, merely asking Gibson to run his normal courier route, without negative consequences for failing to do so, cannot constitute extreme and outrageous conduct as a matter of law.

Additionally, Gibson argues on page 7 of his Response that FedEx "demand[ed] that he return to work following the incident." DE 11, PageID# 7. Not only is this a bold falsification, it contradicts the allegations in the Complaint. Nowhere in the Complaint is there an allegation

or even a suggestion that FedEx demanded Plaintiff return to work after the incident. All the Complaint alleges is that – "*On January 25th, 2022, Plaintiff returned to work for Defendant FedEx*" and "*The following day, January 26th, 2022, Plaintiff began the medical leave process because of severe anxiety.*" Complaint, DE 1-1, PageID #6-7, ¶ 22, 26.

C.  *Gibson cites no legal authority to support his argument that asking an employee to perform a dangerous job constitutes IIED.*

Gibson's IIED claim is solely based on his allegation that FedEx knowingly asked him to perform a dangerous job. FedEx cited Mississippi state and federal court cases that hold and exemplify that "knowingly ordering the employee to perform a dangerous job" does not, as a matter of law, qualify as outrageous conduct to support an IIED claim. *See* DE 4, PageID # 3 (citing *Franklin Corp. v. Tedford*, 18 So. 3d 215, 221 (Miss 2009) and *Howard v. Hancock Med. Ctr.*). Gibson does not address these cases or cite to a single source of legal authority to contradict them.

D.  *The case law Gibson cites supports FedEx's defense that the allegations in his Complaint fail to state a claim for IIED.*

On page 4 of Gibson's Response, he cites *Orr v. Morgan*, 230 So. 3d 368 (Miss Ct. App. 2017) for the proposition that an IIED claim "focuses on the defendant's conduct and not the plaintiff's emotional condition," with which FedEx agrees. Although Gibson cites *Orr*, its facts and holding support FedEx's defense that Gibson's allegations do not rise to the extraordinarily high threshold level of outrageous conduct to sustain an IIED claim. In *Orr*, the plaintiff's employer / managers filed a criminal charge against her for allegedly stealing the store's iPad. As a result, the employee / plaintiff was criminally charged and arrested, but she was acquitted of the charges because the statement and affidavit the employer filed with the police was nothing more than unfounded suspicion and conjecture. *See id.* at 371. The plaintiff then sued the

employer for malicious prosecution, IIED, and other claims. *See id.* at 371. The Mississippi Court of Appeals found that the circuit court erred in dismissing the malicious prosecution claim, but upheld the dismissal of the IIED claim upon a finding that –

> While the [employer and managers] may have lacked probable cause and, thus, possibly acted with malice in charging [the plaintiff] with petit larceny, the record does not support a finding that their actions would "evoke outrage or revulsion in civilized society."

*Id.* at 376. This is yet another case that exemplifies the extraordinarily high threshold of outrageous conduct necessary to sustain an IIED claim, especially in the employment context, and that Gibson's allegations against FedEx do not come close to reaching that threshold.

## **CONCLUSION**

Based on the foregoing, FedEx moves this Court to enter an Order granting its Motion for judgment on the pleadings to dismiss Gibson's IIED claim *with prejudice* and award FedEx such other and further relief to which it may be entitled.

*s/Michael C. Williams*
Michael C. Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, MS 39201
Phone: 601-948-8000
Fax: 601-948-3000
mcwilliams@bradley.com

*/s/ Terrence O. Reed*
Terrence O. Reed (Admitted PHV)
Brandon D. Pettes (Admitted PHV)
Daniel T. French (Admitted PHV)
3620 Hacks Cross Road, Bldg. B, 2nd Fl.
Memphis, TN 38125
Tel: 901-434-8603
terrence.reed@fedex.com
brandon.pettes@fedex.com
daniel.french@fedex.com

*Attorneys for Defendant Federal Express Corporation*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 7, 2024, a copy of the foregoing was served on the party listed below via the Court's ECF System:

  Carlos E. Moore
  **THE COCHRAN FIRM – MS DELTA**
  306 Branscome Drive
  P.O. Box 1487
  Grenada, MS 38902-1487
  Tel 662-227-9940
  Fax 662-227-9941
  cmoore@cochranfirm.com

  *Attorney for Plaintiff*

                s/ Michael C. Williams