IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 5:24CV40-DCB-LGI |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT FEDERAL EXPRESS CORPORATION'S
RESPONSE TO COURT'S SHOW CAUSE ORDER

Defendant Federal Express Corporation ("FedEx") files the foregoing Response to the Court's October 11, 2024 Show Cause Order [DE 13] as follows.

FedEx relies upon the Mississippi Workers' Compensation Commission's ("MWCC") Order Approving Compromise Settlement and Dismissal with Prejudice to support its accord and satisfaction defense in its Federal Rule of Civil Procedure ("FRCP") 12(c) motion for judgment on the pleadings. Courts can consider the following documents without converting a FRCP 12 motion into one for summary judgment: "[1] items subject to judicial notice, [2] matters of public record, [3] orders, [and] [4] items appearing in the record of the case . . . ." *Accident Ins. Co. v. Kettley Trucking, Inc.*, 2021 U.S. Dist. LEXIS 261303, *7 (S.D. Miss. Sept. 2, 2021).

### A. The Court Can Take Judicial Notice Of The MWCC Order Because It Is A Public Record.

Because the Court can take judicial notice of the MWCC Order, the Court can consider it without converting FedEx's motion into a motion for summary judgment. *See Wilborn v. Holmes Cnty.*, 2023 U.S. Dist. LEXIS 34717, *3 (S.D. Miss. Mar. 2, 2023) ("[T]he Court can consider matters of which it may take judicial notice without converting a motion under Rule 12 into one for summary judgment."); *Blair v. Yum! Brands, Inc.*, 2020 U.S. Dist. LEXIS 157915, *5 (S.D. Miss. Aug. 20, 2020) ("Courts may take judicial notice of matters of public record, including pleadings in prior cases, when resolving a Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment.");[1] *Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011).

The Court may consider judicially noticed facts. *See Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Federal Rule of Evidence 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In this case, neither party disputes the authenticity or accuracy of the MWCC Order, and, as a publicly available record, the Court may take judicial notice of it. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Stiel v. Heritage Numismatic Auctions,*

---

[1] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Buckhalter v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 2023 U.S. Dist. LEXIS 233229, *5 (S.D. Miss. Feb. 3, 2023).

*Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (holding that court may "take judicial notice of the public records in . . . prior state court proceedings.").

Indeed, when ruling on FRCP 12 motions, judges within the United States District Court for the Southern District of Mississippi routinely take judicial notice of MWCC Orders and consider them without converting FRCP 12 motions to motions for summary judgment. *See Buckhalter*, 2023 U.S. Dist. LEXIS at *8 ("The Court may take judicial notice of the MWCC's 2018 Order because it is of public record."); *Accident Ins. Co.*, 2021 U.S. Dist. LEXIS at *17 ("[T]he Court takes [judicial] notice of the . . . June 2, 2020 written [MWCC] opinion.")

### B. The Court May Consider Another Court's Order Without Converting FedEx's Motion Into A Motion For Summary Judgment.

The Court "may take judicial notice of another court's judicial action," meaning the Court can take judicial notice of the MWCC Order. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004).

### C. The Court May Consider The MWCC Order Because It Appears In The Record Of This Case.

The MWCC Order also appears in the record of this case as an exhibit to FedEx's Answer and as an exhibit to FedEx's motion for judgment on the pleadings. [DE 1-1, pg. 37-40, DE 3, pg. 1]. The Fifth Circuit explained that "[a] motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking ***to the substance of the pleadings*** and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (emphasis added). As the title of the rule implies, FRCP

12(c) permits a judgment based on the pleadings alone, and the pleadings include FedEx's Answer and any written instruments attached as exhibits. *See* FRCP 10(c). Accordingly, some circuit courts of appeal contemplate that exhibits attached to defendants' Answers can be considered without converting a FRCP 12 motion into one for summary judgment. *See, e.g., Northern Indiana Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 – 53 (7th Cir. 1998).

## CONCLUSION

For the foregoing reasons, the Court can consider the MWCC Order without converting FedEx's motion for judgment on the pleadings to a motion for summary judgment. Consequently, the Court should grant FedEx's motion and dismiss *with prejudice* Plaintiff's Intentional Inflection of Emotional Distress claim.

*/s/ Terrence O. Reed*
Terrence O. Reed (Admitted PHV)
Brandon D. Pettes (Admitted PHV)
Daniel T. French (Admitted PHV)
3620 Hacks Cross Road, Bldg. B, 2nd Fl.
Memphis, TN 38125
Tel: 901-434-8603
Email: Terrence.reed@fedex.com
          Brandon.pettes@fedex.com
          Daniel.french@fedex.com

Michael Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, MS 39201
Tel 601-592-9918
Fax 601-592-1418
mcwilliams@bradley.com

*Attorneys for Defendant Federal Express Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 18, 2024, a copy of the foregoing was served on the party listed below via the Court's ECF System:

Carlos E. Moore
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Tel 662-227-9940
Fax 662-227-9941
cmoore@cochranfirm.com

*Attorney for Plaintiff*

                                                       /s/ Terrence O. Reed