# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**D'MONTERRIO GIBSON**  **PLAINTIFF**

**v.**  **Civil Action No.: 5:24-cv-00040-DCB-LGI**

**FEDERAL EXPRESS CORPORATION**  **DEFENDANT**

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Plaintiff D'Monterrio Gibson ("Plaintiff"), pursuant to this Court's Order [Doc. 13] requiring Plaintiff to show his position regarding whether in ruling on the Motion for Judgment on the Pleadings, the Court may take judicial notice of and consider the Order Approving Compromise Settlement and Dismissal with Prejudice filed in the Mississippi Workers' Compensation Commission, MWCC No. 2201473-R-5770-C, without converting the motion to one for summary judgment, and he states:

1. Motions for judgment on the pleadings are subject to the same standard of review as a motion under Rule 12(b)(6). *Doe v. Myspace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

2. The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Ironshore Europe DAC v. Schiff Hardin, LLP,* 912 F.3d 759, 763 (5th Cir. 2019).

3. "In deciding a motion to dismiss, the district court may consider matters of public record, such as public court filings. *See Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)." *Riley v. Wells Fargo Bank, N.A.*, No. 17-20080, 2 (5th Cir. Mar. 16, 2018)

4. "While "a court may take judicial notice of a document filed in another court," it may do so only "to establish the fact of such litigation and related filings." *Wooley v. Haynes*

*& Boone, LLP*, 480 Fed.Appx. 327, 328 (5th Cir. 2012). " *Wheeler v. UMB Bank*, 4:23-CV-243-DMB-JMV, 20 n.12 (N.D. Miss. Jul. 30, 2024)

5. It is undisputed that an Order Approving Compromise Settlement and Dismissal with Prejudice was filed in the Mississippi Workers' Compensation Commission, MWCC No. 2201473-R-5770-C. Thus, it is public record but not relevant to the claims before this Court. Plaintiff's claim for intentional infliction of emotional distress falls outside of exclusivity provision of the MWCA.

6. The Mississippi Supreme Court "repeatedly has held that, 'in order for a willful tort to be outside the exclusivity of the [MWCA], the employee's action must be done "with an actual intent to injure the employee." ' " *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (quoting *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988) (quoting Dunn, Mississippi Workmen's Compensation § 22 (3d ed. 1982 & Supp. 1984))). " *Mcalpin ex rel. Mcalpin v. Am. Hardwoods Indus., LLC*, CIVIL ACTION NO. 1:15-cv-00162-GHD-DAS, 6 (N.D. Miss. Mar. 16, 2016).

7. The Mississippi Supreme Court stated in *Bowden*:

    "In sum, for a tort claim against an employer to fall outside the MWCA and survive Rule 12(b)(6) dismissal, a plaintiff must allege that the actions of the employer went beyond negligence, gross negligence, or recklessness. In order to succeed on such a claim, the plaintiff must allege and prove that the employer acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee." *Id.*

8. Defendant was aware and had direct knowledge of the civil assault and battery suffered by the Plaintiff on January 24, 2022, while acting within the scope of his employment with Defendant, as a delivery driver in the Junior Trail neighborhood. Plaintiff was shot at chased through the aforementione neighborhood. Nevertheless,

Defendant sent Plaintiff back to work the following day, on the same dangerous route. [Doc. 2.]

9. Said actions of the Defendant were extreme and outrageous. It is clear that Defendant acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to the Plaintiff.

10. Next, if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

11. Plaintiff further adds that the settlement obtained by the claimant in the Mississippi Workers' Compensation Commission case is a matter outside the pleadings in the instant matter, thereby converting the motion to dismiss to a motion for summary judgment.

12. Therefore, Defendant's request that this Court take judicial notice of the Order Approving Compromise Settlement and Dismissal with Prejudice filed in the Mississippi Workers' Compensation Commission, MWCC No. 2201473-R-5770-C should be denied, along with its' motion for judgment on the pleadings.

Respectfully submitted, this the 21st day of October, 2024.

**D'MONTERRIO GIBSON, Plaintiff**

**By**: _s/ Carlos E. Moore_____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**CARLOS MOORE LAW GROUP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
T: 662.227.9940
F: 662.227.9941
Email: Carlos@morebymoore.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Michael Williams, Esq.
mcwilliams@bradley.com
BRADLEY ARANT BOULT CUMMINGS, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, MS 39201
*Attorney for Defendant Federal Express Corporation*

THIS, the 21st day of October, 2024.

                                        *s/ Carlos E. Moore*
                                        CARLOS E. MOORE, ESQ.