```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


D'MONTERRIO GIBSON                                       PLAINTIFF


v.                        CIVIL ACTION NO. 5:24-cv-00040-DCB-LGI


FEDERAL EXPRESS CORPORATION                              DEFENDANT
```

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Judgment on the Pleadings [ECF No. 3] (the "Motion") that Federal Express Corporation ("Defendant" or "FedEx") filed pursuant to Federal Rule of Civil Procedure 12(c). In its Motion, Defendant asks this Court to dismiss with prejudice Plaintiff D'Monterrio Gibson ("Plaintiff")'s Complaint for intentional infliction of emotional distress. Having reviewed the parties' submissions and studied the relevant legal authority, it is the Court's opinion that, at this time, the Motion should be denied.

**BACKGROUND**

The parties agree that, on January 24, 2022, Plaintiff, a FedEx employee at that time, was delivering packages on his

assigned delivery route when he encountered Brandon and Gregory Case (the "Cases"). [ECF No. 1-1] at 4-5 & 29; [ECF No. 4] at 1. According to Plaintiff, he was driving his work truck in a residential neighborhood when the Cases began chasing him recklessly at a high speed; they were honking their vehicle's horn and attempted to cut him off. [ECF No. 1-1] at 4, ¶¶ 11-13. Plaintiff alleges that one of the Cases waved a firearm and then fired shots at him. Id. at ¶¶ 14-15. Plaintiff further alleges that, once he was in a safe place, he contacted his FedEx supervisor to report the incident. Id. at ¶ 17. Plaintiff asked his supervisor to report the incident to the police, but his supervisor wanted to wait until the next day to file a police report. Id. at ¶¶ 17-18. Not wanting to wait, Plaintiff went to the police department and reported the incident himself in person. Id. at ¶¶ 18-20. Afterward, Plaintiff returned to the FedEx facility where an employee inspected his work vehicle. Id. at ¶¶ 20-21. According to the Complaint, a FedEx employee found bullet holes inside the vehicle and in packages; she also found a bullet fragment in the vehicle. Id. at ¶ 21.

Plaintiff alleges that he returned to work the next day, and Defendant assigned him to the same route. Id. at ¶ 22. While attempting to complete his work route, Plaintiff experienced severe panic and anxiety. Id. at ¶ 23. Two days

2

after the incident with the Cases, "Plaintiff began the medical leave process because of severe anxiety." Id. at ¶ 26.

On November 20, 2023, Plaintiff filed suit against FedEx, the Cases, and Adcamp, Inc., in the Circuit Court of Lincoln County, Mississippi. [ECF No. 1-1] at 3. Plaintiff asserted a state law claim for intentional infliction of emotional distress ("IIED") against FedEx and asserted various other tort claims against the remaining co-defendants. Id. at 5-8. FedEx moved to sever Plaintiff's IIED claim from the remainder of his lawsuit, which the state circuit court granted. Id. at 41; [ECF No. 1-2] at 133. Defendant FedEx then removed the severed case to this Court on the grounds of diversity jurisdiction, 28 U.S.C. § 1332. [ECF No. 1]. By order of the magistrate judge, all discovery and disclosure requirements in this action have been stayed, pending the Court's ruling on the Motion. [ECF No. 9].

After the parties completed briefing the Motion, Plaintiff's lead attorney notified the Court that he was suspended from practicing law in Mississippi for 2025. He further informed the Court that Plaintiff had consented to representation from a substitute lead counsel, and Plaintiff's new counsel recently filed his notice of appearance in this case on behalf of Plaintiff. [ECF No. 17].

3

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure governs a motion for judgment on the pleadings. The standard for addressing a Rule 12(c) motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6). In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. E.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Great Lakes Dredge, 624 F.3d at 210. Put another way: "The issue is not whether the [non-moving party] will ultimately prevail, but whether he is entitled to offer evidence to support his claim.

4

Thus, the court should not dismiss the claim unless the [non-moving party] would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the [non-moving party's pleading]." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)(per curiam)(citations omitted).

## DISCUSSION

Defendant primarily argues that it is entitled to judgment on the pleadings because (i) the allegations in the Complaint do not demonstrate the extreme conduct necessary to sustain an IIED claim; (ii) workers' compensation benefits – which Plaintiff already received - are Plaintiff's exclusive remedy pursuant to the Mississippi Workers' Compensation Act ("MWCA"); and (iii) Plaintiff's claim is barred by the doctrine of accord and satisfaction.  [ECF No. 3]at 1; [ECF No. 12] at 2.

Plaintiff counters that his IIED claim is valid and supported under Mississippi law because Defendant knew all details of the assault and the emotional injury that Plaintiff was experiencing.  [ECF No. 11] at 4-5.  Despite this knowledge, Plaintiff claims that Defendant "acted with actual intent to injure Plaintiff" by sending him out on the same delivery route where he had been assaulted, even though Defendant knew returning to the site of the attack would cause further injury

5

to Plaintiff.  [ECF No. 11] at 5.  Because of the alleged actual intent, Plaintiff asserts that his claim is exempted from the exclusivity of the MWCA.  Id. at 6; see Bowden v. Young, 120 So. 3d 971, 982 (Miss. 2013) ("The only way to bring a tort claim outside the exclusivity of the act is to allege that the employer or coemployee acted with actual intent to injure the injured party.").

In ruling on the Motion, Defendant urges the Court to consider an "Order Approving Compromise Settlement and Dismissal with Prejudice" entered by the Mississippi Workers' Compensation Commission, MWCC No. 2201473-R-5770-C (the "MWCC Order").  [ECF No. 4] at 5 n.2; [ECF No. 12] at 3.  Plaintiff opposes the Court's consideration of the MWCC Order because, among other things, it is not referenced in or attached to the Complaint.  Defendant points out that it attached a copy of the MWCC Order to its answer in the state court proceedings.  [ECF No. 12] at 3.  The Court provided the parties with the opportunity to submit supplemental briefing, supported by controlling case precedent, regarding whether the Court could consider the MWCC Order without converting the Motion to one for summary judgment.  See Show Cause Order, [ECF No. 13].

In the Fifth Circuit, the general rule is that " … a court ruling on a motion to dismiss may rely on only the complaint and

6

its proper attachments." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008); Fed. R. Civ. P. 12(d).  Under United States Supreme Court precedent, a court also may rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); see also Allen v. Hays, 812 F. App'x 185, 189 (5th Cir. 2020) (per curiam).  In limited circumstances, the Fifth Circuit has noted that documents attached to a motion to dismiss may be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003)(explaining that Collins was a limited exception due in part to the fact that the plaintiffs had no objection).

   A district court may take judicial notice of "matters of public record directly relevant to the issue at hand." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011); Norris v. Hearst Trust, 500 F.3d 454, 461 n. 9 (5th Cir.2007).  " … [P]ublic records, by definition, presume public access." Binh Hoa Le v. Exeter Fin. Corp., 990 F.3d 410, 416-17 (5th Cir. 2021).

Oddly enough, no one in this litigation has provided the Court with any information regarding the public's ability to access a true copy of the MWCC Order whether by an electronic link to its publication on the Mississippi Workers' Compensation Commission's website or otherwise.  See Swindol v. Aurora Flight Scis. Corp., 805 F.3d 516, 519 (5th Cir. 2015) (under Federal Rule of Evidence 201(b)(2), court could take judicial notice of records contained on the Mississippi Secretary of State's and the Virginia State Corporation Commission's websites).  The Court only has the parties' unsupported assertions in their briefs, which assume, without discussion, that the MWCC Order is a freely accessible public record.  Polnac v. City of Sulphur Springs, 555 F. Supp. 3d 309, 325 (E.D. Tex. 2021) (other than on argument of the defendants, there was no indication that the body camera footage was a public record entitled to judicial notice); Hooker v. Dallas Indep. Sch. Dist., 2010 WL 4025776, at *4 (N.D. Tex. Sept. 13, 2010)(Public records include letter decisions of government agencies and published reports of administrative bodies if the public has unqualified access to them).  In response to the Court's request for controlling precedent, Defendant cited a Seventh Circuit case for the proposition that exhibits attached to defendants' answers can be considered without converting a Rule 12 motion into one for summary judgment, Northern Indiana Gun & Outdoor Shows v. City

8

of South Bend, 163 F.3d 449, 452-53 (7th Cir. 1998), but Defendant cited no United States Supreme Court or Fifth Circuit precedent for that same proposition.

Considering that the MWCC Order is not mentioned in the Complaint, the Court concludes that the MWCC Order is more central to Defendant's defense of accord and satisfaction than it is to the allegations of the Complaint.  Scanlan, 343 F.3d at 537 (district court erred on Rule 12(b)(6) dismissal in considering report that was much more central to the defendants' defenses than it was to the plaintiffs' claims); Buckhalter v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A., No. 322-CV-00131-KHJ-MTP, 2023 WL 9233807, at *3 (S.D. Miss. Feb. 3, 2023)(motion for judgment on the pleadings converted to one for summary judgment where releases, although referenced in amended complaint, were not central to plaintiff's claim but were central to defendant's defenses).  It is this Court's opinion that, given the defense's introduction of the MWCC Order, the Motion now before the Court is better suited for review under Federal Rule of Civil Procedure 56 than on a motion for judgment on the pleadings.  Murphy v. Inexco Oil Co., 611 F.2d 570, 573 (5th Cir. 1980) ("The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment.  In that event, even if a motion to dismiss has been filed, the court must convert it

9

into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.").

The Court is mindful of the fact that Plaintiff recently substituted lead counsel, through no fault of Plaintiff. It is therefore appropriate that the parties should be afforded a reasonable opportunity to present the materials that are pertinent to a motion for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d). Given the early stage of the litigation in this federal case and the unanticipated substitution of plaintiff's lead counsel, the Court will deny Defendant's Motion for Judgment on the Pleadings and direct that a scheduling order be entered to allow for discovery, as may be necessary, and deadlines for filing motions for summary judgment. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings [ECF No.3] is DENIED; and

IT IS FURTHER ORDERED that a scheduling order shall be entered.

SO ORDERED, this the 10th day of February 2025.

                                      /s/ David Bramlette
                                  UNITED STATES DISTRICT JUDGE