IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


D'MONTERRIO GIBSON                                    PLAINTIFF


v.                        CIVIL ACTION NO. 5:24-cv-00040-DCB-LGI


FEDERAL EXPRESS CORPORATION                            DEFENDANT


**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on the Motion for
Reconsideration and Relief from Order [ECF No. 19] (the
"Motion") that Federal Express Corporation ("Defendant") filed
pursuant to Federal Rules of Civil Procedure 54(b) and 60(a).
In its Motion, Defendant asks the Court to reconsider and
clarify its Memorandum Opinion and Order [ECF No. 18] (the
"Prior Order") that denied a defense motion for judgment on the
pleadings.  Specifically, Defendant contends that the Court
committed an omission and oversight by failing to include in the
Prior Order separate legal analyses and rulings on two of
Defendant's arguments.  Defendant also asks the Court to reverse
its earlier ruling and dismiss Plaintiff D'Monterrio Gibson
("Plaintiff")'s lawsuit.  Having reviewed the parties'

submissions and studied the relevant legal authority, it is the
Court's view that clarification of its earlier ruling may be
helpful to the parties and assist in advancing this litigation
but that the outcome of the Prior Order should remain unchanged.
The Motion is therefore granted in part and denied in part.

<u>**BACKGROUND**</u>

The Complaint alleges that, while employed by Defendant,
Plaintiff was delivering packages on his assigned delivery route
when two men began recklessly chasing him in their vehicle,
terrorizing him, and firing shots at him.  [ECF No. 1-1].  When
Plaintiff returned to the FedEx facility, an employee inspected
his work vehicle and found bullet holes and a bullet fragment in
the vehicle and in packages.  <u>Id.</u> at ¶ 21.  The next day,
Defendant assigned Plaintiff to the same delivery route, and
Plaintiff experienced severe panic and anxiety.  <u>Id.</u> at ¶ 23.
Plaintiff began therapy sessions.  <u>Id.</u> at ¶ 26.  Among other
allegations, Plaintiff claims that Defendant knew the amount of
emotional distress that he was experiencing but nonetheless
intentionally forced Plaintiff to work the same route where he
had been hunted, chased down, and shot at.  <u>Id.</u> at ¶ 27.

Defendant filed a Motion for Judgment on the Pleadings,
[ECF No. 3], which the Court denied.  [ECF No. 18].  Defendant
seeks reconsideration of the Prior Order and reversal of the

Court's denial of Defendant's Motion for Judgment on the Pleadings.  [ECF No. 20] at 6.

## <u>STANDARD OF REVIEW and ANALYSIS</u>

Defendant filed its Motion under Federal Rules of Civil Procedure 54(b) and 60(a), which present different requirements and standards of review.

1. <u>Rule 60(a)</u>.[1]  Defendant calls out the Court for not including separate analyses and rulings in the Prior Order regarding two defense arguments: (i) whether the alleged facts are sufficient to sustain an intentional infliction of emotional distress ("IIED") claim under Mississippi law; and (ii) whether Plaintiff's IIED claim is barred by the doctrine of workers' compensation exclusivity under the Mississippi Workers' Compensation Act ("MWCA").  Defendant interprets the absence to be an "omission and oversight" on the part of the Court, [ECF

_____
[1]Rule 60(a) provides:

**Rule 60. Relief From a Judgment or Order**
**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

No. 19] ¶ 1, which Defendant proposes can be rectified under
Rule 60(a).  The Fifth Circuit has described the requirements
for applying Rule 60(a) as follows:

> In sum, the relevant test for the applicability of
> Rule 60(a) is whether the change affects substantive
> rights of the parties and is therefore beyond the
> scope of Rule 60(a) or is instead a clerical error, a
> copying or computational mistake, which is correctable
> under the Rule. As long as the intentions of the
> parties are clearly defined and all the court need do
> is employ the judicial eraser to obliterate a
> mechanical or mathematical mistake, the modification
> will be allowed. If, on the other hand, cerebration or
> research into the law or planetary excursions into
> facts is required, Rule 60(a) will not be available to
> salvage … blunders. Let it be clearly understood that
> Rule 60(a) is not a perpetual right to apply different
> legal rules or different factual analyses to a case.
> It is only mindless and mechanistic mistakes, minor
> shifting of facts, and no new additional legal
> perambulations which are reachable through Rule 60(a).

Matter of W. Texas Mktg. Corp., 12 F.3d 497, 504-05 (5th Cir.
1994).  Given that the Motion asks the Court for additional
legal rulings, excursions into the factual allegations, and a
180° reversal of the Court's prior ruling – which would result
in a contested substantive change - the Court declines to expand
the scope of Rule 60 beyond the Fifth Circuit's well-identified
limits.  Id. at 503 ("The scope of Rule 60(a) is, as we have
noted, very limited."); Dura-Wood Treating Co., Division of Roy
O. Martin Lumber Co. v. Century Forest Industries, Inc., 694
F.2d 112, 114 (5th Cir.1982) (Rule 60(a) applies to mistakes
"merely of recitation, of the sort that a clerk or amanuensis

4

might commit, mechanical in nature."). Defendant's request for reconsideration under Rule 60(a) is denied.

   2. <u>Rule 54(b)</u>.[2]  The Motion fares better under the review standard applicable to Rule 54(b), which concerns interlocutory orders.  "'An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to adjudicate the cause on the merits.'"  <u>Freret Marine Supply v. M/V ENCHANTED CAPRI</u>, No. CIV. A. 00-3805, 2001 WL 649764, at *1 (E.D. La. June 11, 2001), <u>aff'd sub nom.</u> <u>Freret Marine Supply v. ENCHANTED CAPRI MV</u>, 37 F. App'x 714 (5th Cir. 2002) (quoting BLACK'S LAW DICTIONARY 815

---

[2]Federal Rule of Civil Procedure 54(b) provides:

**Rule 54. Judgment; Costs**
. . .

**(b) Judgment on Multiple Claims or Involving Multiple Parties.**
When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

(6th ed. 1990)).  The Prior Order is an interlocutory order that the Court may reconsider under Rule 54(b).  Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017).  Under Rule 54(b), a district court is free to reconsider and reverse its decision for any reason the district court deems sufficient, without the need for proof of new evidence or an intervening change in substantive law.  Id.  While the Court will reconsider its Prior Order under the relaxed requirements of Rule 54(b) and will clarify its position on certain defense arguments, none of Defendant's arguments persuade the Court to reach a different conclusion from that of its Prior Order.

The parties are not at odds over the rigorous and well-established requirements under Mississippi law for (i) stating an IIED claim, and (ii) meeting the very high standard for escaping the exclusivity of the MWCA.  First, to recover under an IIED theory and survive Defendant's Rule 12(c) motion, Plaintiff must have alleged conduct "'so outrageous in character, and so extreme in degree'" as to go beyond all possible bounds of decency.  Bowden v. Young, 120 So. 3d 971, 980 (Miss. 2013)(citing Pegues v. Emerson Elec. Co., 913 F. Supp. 976, 982 (N.D.Miss.1996)).  Under Mississippi law, a successful IIED claim must evoke "outrage or revulsion, done intentionally ... even though there has been no physical injury."  Bowden, 120 So. 3d at 980 (quoting Sears, Roebuck &

6

Co. v. Devers*,* 405 So.2d 898, 902 (Miss. 1981), overruled on
other grounds by Adams v. U.S. Homecrafters, Inc., 744 So.2d 736
(Miss. 1999)).  Second, for an intentional tort to be outside
the exclusivity of the MWCA, the employer's action must be done
with an actual intent to injure the employee.  E.g., Blailock v.
O'Bannon*,* 795 So.2d 533, 535 (Miss. 2001); Griffin v. Futorian
Corp., 533 So.2d 461, 464 (Miss. 1988).  Neither grossly
negligent conduct nor willful and malicious acts are enough to
trigger the intentional tort exception to the exclusive remedy
provisions of the MWCA.  Blailock*,* 795 So.2d at 535 (Miss.2001).
Few cases escape the MWCA'S "'powerful grasp'" of exclusivity.
Est. of Gorman by & through Gorman v. State, 307 So. 3d 421, 426
(Miss. 2020) (quoting Bowden, 120 So.3d at 977).  It is no
surprise that Plaintiff believes he has met all requirements,
and Defendant argues ardently that he has not.

As the Court reiterated in its Prior Order, the standard
for addressing Defendant's Rule 12(c) motion is essentially the
same as that for a motion to dismiss under Rule 12(b)(6).  [ECF
No. 18] at 4.  Such a dismissal is viewed with disfavor, is
rarely granted, and is not to be taken lightly.  E.g., Turner v.
Pleasant, 663 F.3d 770, 775 (5th Cir. 2011), as revised (Dec.
16, 2011); Harrington v. State Farm Fire & Cas. Co.*,* 563 F.3d
141, 147 (5th Cir. 2009).  Dismissal at this early stage of the
litigation is appropriate only if the complaint fails to plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Plaintiff alleges that Defendant knew all details of the assault and the emotional injury that Plaintiff was experiencing.  [ECF No. 1-1] at 7-8; [ECF No. 11] at 4-5. Despite this knowledge, Plaintiff claims that Defendant acted with actual intent to injure Plaintiff by sending him out on the same delivery route where he had been assaulted, even though Defendant knew returning to the site of the "traumatic incident" would cause further injury to Plaintiff.  [ECF No. 1-1] at 6; [ECF No. 11] at 5.  Because of the alleged actual intent, Plaintiff asserts that his claim is exempted from the exclusivity of the MWCA.  [ECF No. 11] at 6.

The paucity of supportive factual allegations in Plaintiff's pleadings has created a close and difficult call on the issue of sufficiency for a Rule 12(c) plausibility determination, which the Court has considered and reconsidered at Defendant's request.  However, "draw[ing] on its judicial experience and common sense", the Court will continue to deny

Defendant's IIED and MWCA arguments at this stage of the litigation.  Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Regarding the defense request that the Court reconsider and reverse its ruling on Defendant's accord and satisfaction argument, this too, for now, is denied.  This argument is wholly dependent on a document titled "Order Approving Compromise Settlement and Dismissal with Prejudice", which was entered by the Mississippi Workers' Compensation Commission, MWCC No. 2201473-R-5770-C (the "MWCC Order").  [ECF No. 4] at 5 n.2; [ECF No. 12] at 3.  The MWCC Order was not attached to or mentioned in the Complaint.  In limited circumstances, the Fifth Circuit has noted that documents attached to a motion to dismiss may be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (explaining that Collins was a limited exception due in part to the fact that the plaintiffs had no objection).  In this case, Plaintiff has objected to consideration of the MWCC Order on the grounds that it raised matters outside the pleadings and was not relevant to the claims before the Court. [ECF No. 15].  The Court gave the parties the opportunity to file supplemental briefs, supported by controlling case precedent, regarding whether the Court should take judicial

notice of the MWCC Order without converting the Rule 12(c) motion to one for summary judgment. [ECF No. 13]. As noted in the Court's Prior Order, Defendant cited a Seventh Circuit case for the proposition that exhibits attached to defendants' answers can be considered without converting a Rule 12 motion into one for summary judgment, Northern Indiana Gun & Outdoor Shows v. City of South Bend, 163 F.3d 449, 452-53 (7th Cir. 1998), but cited no United States Supreme Court or Fifth Circuit precedent for that same proposition. [ECF No. 18] at 8-9. And now, on reconsideration, Defendant has submitted a third-party affidavit or declaration from the MWCC. [ECF No. l9-1]. Under Federal Rule of Civil Procedure 56(c)(4), affidavits and declarations are expressly permitted to support a motion for summary judgment but not so with a motion to dismiss under Rule 12(c). In short, the Court has not changed its view that the defense's introduction of the MWCC Order makes this case better suited for review under Rule 56 than under Rule 12(c) on a motion for judgment on the pleadings. Murphy v. Inexco Oil Co., 611 F.2d 570, 573 (5th Cir. 1980) ("The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all

material made pertinent to a summary judgment motion by
Fed.R.Civ.P. 56.").

**CONCLUSION**

Defendant's Motion for Judgment on the Pleadings, [ECF No.
3], remains denied on all grounds presented.  The Court has
considered all arguments presented by the parties in their
submissions on both the Motion for Judgment on the Pleadings,
[ECF No. 3], and on the Motion for Reconsideration and Relief
from Order, [ECF No. 19].  Any argument not expressly addressed
in this Memorandum Opinion and Order would not change the
outcome.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for
Reconsideration and Relief from Order, [ECF No. 19], is GRANTED
IN PART to the extent that the Court has reviewed and clarified
its Memorandum Opinion and Order, [ECF No. 18], pursuant to
Federal Rule of Civil Procedure 54(b) but DENIED IN PART to the
extent that Defendant requested a review and reversal of the
Court's Memorandum Opinion and Order, [ECF No. 18], under
Federal Rule of Civil Procedure 60(a).

IT IS FURTHER ORDERED that the denial of Defendant's Motion
for Judgment on the Pleadings, [ECF No. 3], as previously
ordered in the Court's Memorandum Opinion and Order, [ECF No.

18], remains unchanged and an appropriate scheduling order shall be entered as was previously ordered.

     SO ORDERED, this the 3rd day of February 2026.


          /s/ David C. Bramlette
         UNITED STATES DISTRICT JUDGE